UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>GRANT TOWNSHIP,<br><br>　　　　　Defendant. | Case No.  14-209 Erie<br><br><br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

COMES NOW Plaintiff Pennsylvania General Energy Company, L.L.C., by and through its undersigned counsel, Babst, Calland, Clements and Zomnir, P.C., and hereby files the following Complaint against Grant Township:

## PARTIES AND JURISDICTION

1.  Plaintiff, Pennsylvania General Energy Company, L.L.C., ("PGE") is, and at all times relevant herein was, a limited liability company organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 120 Market Street, Warren, Pennsylvania 16365.  PGE is, and at all times relevant herein was, authorized to do business in the Commonwealth of Pennsylvania.  At all relevant times herein, PGE was in the business of exploration and development of oil and gas.

2.  Defendant, Grant Township, Indiana County, Pennsylvania ("Grant Township") is, and at all times relevant herein was, a political subdivision organized and existing under the

{B1676810.1}

Pennsylvania Second Class Township Code, 53 P.S. §§ 65101 *et seq.*, with offices at 100 East Run Road, Marion Center, Pennsylvania 15759.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and, as to the state law claims, pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4. PGE also seeks equitable relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this Court because the events and omissions giving rise to PGE's claims occurred and are occurring in the Western District of Pennsylvania.

6. Venue is also proper in this Court because Grant Township is located within the Western District of Pennsylvania.

## FACTUAL BACKGROUND

7. On June 3, 2014, Grant Township adopted an Ordinance that bears a title reading an ordinance "[e]stablishing a Community Bill of Rights for the people of Grant Township, Indiana County, Pennsylvania, which prohibits activities and projects that would violate the Bill of Rights, and which provides from enforcement of the Bill of Rights" (the "Community Bill of Rights Ordinance"). What is believed to be a true and correct copy of the Community Bill of Rights Ordinance, which was advertised in *The Indiana Gazette* on May 24, 2014, together with the May 24, 2014 advertisement, is attached hereto as Exhibit "1".

8. The Community Bill of Rights Ordinance expressly prohibits within Grant Township any corporation or government from "engag[ing] in the depositing of waste from oil and gas extraction" and invalidates any "permit, license, privilege, charter, or other authority issued by any

2

state or federal entity which would violate [this prohibition] or any rights secured by [the Community Bill of Rights Ordinance], the Pennsylvania Constitution, the United States Constitution, or other laws". *See* Exhibit "1" at §§ 3(a) and (b).

9. The Community Bill of Rights Ordinance defines "[c]orporations" as "any corporation, limited partnership, limited liability partnership, business trust, public benefit corporation, business entity, or limited liability company organized under the laws of any state of the United States or under the laws of any County." *See* Exhibit "1" at § 1(a).

10. PGE is a "corporation" as the term is defined in the Community Bill of Rights Ordinance.

11. "Depositing of waste from oil and gas extraction", as defined by the Community Bill of Rights Ordinance, includes, without limitation, the following:

> [T]he depositing, disposal, storage, beneficial use, treatment, recycling, injection, or introduction of materials including, but not limited to, brine, "produced water," "fract [sic] water," tailings, flowback or any other waste or by-product of oil and gas extraction, by any means. The phrase shall also include the issuance of, or application for, any permit that would purport to allow these activities.

*See* Exhibit "1" at 1(b).

12. The Community Bill of Rights Ordinance provides that corporations that violate or seek to violate the Community Bill of Rights Ordinance "shall not be deemed to be 'persons,' nor possess any other legal rights, privileges, powers, or protections which would interfere with the rights or prohibitions enumerated by this Ordinance. 'Rights, privileges, powers, or protections' shall include the power to assert state or federal preemptive laws in an attempt to overturn this Ordinance, and the power to assert that the people of the municipality lack the authority to adopt this Ordinance." *See* Exhibit "1" at § 5(a).

13. The Community Bill of Rights Ordinance also provides that "[a]ll laws adopted by the legislature of the State of Pennsylvania, and rules adopted by any State agency, shall be the law of Grant Township only to the extent that they do not violate the rights or prohibitions of this Ordinance." *See* Exhibit "1" at § 5(b).

14. The Community Bill of Rights Ordinance grants all residents of Grant Township the right to "enforce the rights and prohibitions secured by [the Community Bill of Rights Ordinance]", and the right "to intervene in any legal action involving rights and prohibitions of [the Community Bill of Rights Ordinance]." *See* Exhibit "1" at § 2(f).

15. The Community Bill of Rights Ordinance states that "[a]ny corporation or government that violates any provision of [the Community Bill of Rights Ordinance] shall be guilty of an offense and, upon conviction thereof, *shall* be sentenced to pay the maximum fine allowable under State law for that violation. Each day or portion thereof, and violation of each section of [the Community Bill of Rights Ordinance], shall count as a separate violation." *See* Exhibit "1" at § 4(a). (Emphasis added).

16. The Community Bill of Rights Ordinance provides that "Grant Township, or any resident of the Township, may enforce the rights and prohibitions of [the Community Bill of Rights Ordinance] through an action brought in any court possessing jurisdiction over activities occurring within the Township, in such an action, the Township or the resident shall be entitled to recover all costs of litigation, expert and attorney's fees." *See* Exhibit "1" at § 4(b).

17. The Community Bill of Rights Ordinance further provides that "[a]ny action brought by either a resident of Grant Township or by the Township to enforce or defend the natural rights of ecosystems or natural communities secured by [the Community Bill of Rights Ordinance] *shall* bring that action in the name of the ecosystem or natural communities secured by [the Community

Bill of Rights Ordinance] in a court possessing jurisdiction over activities occurring within the Township. Damages *shall* be measured by the cost of restoring the ecosystem or natural community to its state before the injury, and shall be paid to the Township to be used exclusively for the full and complete restoration of the ecosystem or natural community." *See* Exhibit "1" at § 4(c). (Emphasis added).

18. PGE's exploration and development activities include drilling and operating oil and natural gas wells and managing, *inter alia,* brine and produced fluids generated from operating wells.

19. In 1997, Pennsylvania General Energy Corp., PGE's predecessor in interest, put into production a deep gas well in Grant Township on property known as the Yanity Farm pursuant to Well Permit No. 37-063-31807-00-00 issued by the Pennsylvania Department of Environmental Protection (the "Yanity Well").

20. PGE is in the process of obtaining federal and state environmental permits to convert the Yanity Well from a producing well to an underground injection well.

21. The United States Environmental Protection Agency ("EPA") issues Underground Injection Control ("UIC") program Class II-D permits under the federal Safe Drinking Water Act, 42 U.S.C. §§ 300f *et seq.,* to authorize the injection of brine and produced fluids for disposal. Pennsylvania currently does not have primacy to administer the UIC program and issue UIC permits.

22. On May 2, 2013, PGE submitted an application to EPA for a UIC permit to convert the Yanity Well into a Class II-D brine injection well and to inject produced fluids generated at other PGE oil and gas wells into the Yanity Well.

23. EPA issued the UIC permit to PGE on March 19, 2014. That permit was appealed to the United States Environmental Appeals Board at EAB Dkt. No. UIC 14-63, UIC 14-64, and UIC 14-65. The appeals are currently pending before the Board.

24. Pennsylvania also regulates injection wells and ancillary facilities under the authority of the Pennsylvania Oil and Gas Act, 58 Pa.C.S. §§ 2301 *et seq.*, and other Pennsylvania environmental statutes.

25. On April 16, 2014, PGE applied to the Pennsylvania Department of Environmental Protection ("DEP") to reclassify the Yanity Well from a production well to an injection well.

26. PGE intends to, and will, use the Yanity Well to inject produced fluids from its other oil and gas development operations.

27. As a direct and proximate cause of Grant Township's adoption of the Community Bill of Rights Ordinance, PGE will be precluded from operating the Yanity Well for legally permissible injection purposes and will have to seek more costly alternatives for managing produced fluids.

28. PGE has suffered and will continue to suffer injury and damages if the Community Bill of Rights Ordinance is deemed valid and enforceable.

## COUNT I: 42 U.S.C. § 1983

### Supremacy Clause Violation

29. PGE hereby incorporates Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. The Community Bill of Rights Ordinance purports to divest corporations, such as PGE, of virtually all of their constitutional rights in that it strips corporations of: (1) their status as "persons" under the law; (2) their right to assert state or federal preemptive laws in an attempt to overturn the Community Bill of Rights Ordinance; and (3) their power to assert that Grant

Township lacks the authority to adopt the Community Bill of Rights Ordinance.  *See* Exhibit "1" at § 5(a).

31. The Supremacy Clause of the Sixth Amendment of the United States Constitution establishes that the United States Constitution and federal law generally is "the supreme Law of the Land", taking precedence over state laws, and even state constitutions.  U.S. Const. Art. VI, Cl. 2.

32. Under the United States Constitution, corporations are considered persons for purposes of, among other things, the First and Fourteenth Amendments and the Contracts Clause of the United States Constitution.

33. Consequently, the Community Bill of Rights Ordinance conflicts with the United States Constitution in that it attempts to strip corporations of their status as "persons", divesting corporations of all of their constitutionally protected rights.

34. Accordingly, the Community Bill of Rights Ordinance violates the Supremacy Clause of the United States Constitution and, therefore, is invalid and unenforceable.

## COUNT II: 42 U.S.C. § 1983

### Equal Protection Clause Violation

35. PGE hereby incorporates Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. 14, § 1.

37. The purpose of the Equal Protection Clause is to protect every person within a state's jurisdiction against arbitrary discrimination occasioned by the express terms of a statute or by its improper execution through duly constituted agents.

38. The Equal Protection Clause requires that the laws of the state treat persons in the same manner as others similarly situated.

39. Grant Township is required to act in conformance with the Fourteenth Amendment to the United States Constitution.

40. The Community Bill of Rights Ordinance, without any rational basis, treats corporations and governments seeking to inject waste from oil and gas extractions within Grant Township differently than similarly situated natural persons, in that the Community Bill of Rights Ordinance only applies to corporations, such as PGE, and governments, and not natural persons.

41. Consequently, the Community Bill of Rights Ordinance violates the Equal Protection Clause of the United States Constitution by treating corporations and governments differently than similarly situated natural persons.

42. The United States Supreme Court has found that an equal protection claim can be successfully brought by a "class of one" where the claimant asserts being singled out for disparate treatment by a municipality.

43. The Community Bill of Rights Ordinance was initiated and enacted by Grant Township in direct response to the EPA's issuance of a UIC permit to PGE for the operation of a UIC well in Grant Township.

44. Accordingly, the Community Bill of Rights Ordinance violates the Equal Protection Clause of the United States Constitution.

**COUNT III: 42 U.S.C. § 1983**

**First Amendment Violation**

45. PGE hereby incorporates Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. The First Amendment of the United States Constitution provides that no law shall abridge "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. Amend. 1 and Amend. 14, § 1.

47. The Community Bill of Rights Ordinance purports to divest corporations, such as PGE, of their constitutional right to petition the government for a redress of grievances in that it strips corporations of: (1) their status as "persons" under the law; (2) their right to assert state or federal preemptive laws in an attempt to overturn the Community Bill of Rights Ordinance; and (3) their power to assert that Grant Township lacks the authority to adopt the Community Bill of Rights Ordinance. *See* Exhibit "1" at § 5(a).

48. Thus, the Community Bill of Rights Ordinance is aimed at suppressing PGE's right to make a complaint to, or seek the assistance of, the government for the redress of grievances related to the Community Bill of Rights Ordinance.

49. Accordingly, the Community Bill of Rights Ordinance violates the First Amendment of the United States Constitution.

## COUNT IV: 42 U.S.C. § 1983

### Substantive Due Process Violation

50. PGE hereby incorporates Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. The doctrine of Substantive Due Process under the Fifth and Fourteenth Amendment of the United States Constitution prohibits, among other things, the government from abrogating a person's constitutional rights. U.S. Const. Amend. 5 and Amend. 14, § 1.

52. In enacting the Community Bill of Rights Ordinance, Grant Township intended to deny corporations, such as PGE, their legal and long-standing Constitutional rights, including, but not

limited to, their rights under the First, the Fifth, and the Fourteenth Amendments and the Contract Clause of the United States Constitution.

53. Grant Township's conduct in abrogating PGE's interest in environmental and UIC permits at the Yanity Well is deliberate, arbitrary, irrational, exceeds the limits of governmental authority, amounts to an abuse of official power, and shocks the conscience.

54. Accordingly, in enacting the Community Bill of Rights Ordinance, Grant Township has denied PGE substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## COUNT V: 42 U.S.C. § 1983

### Procedural Due Process Violation

55. PGE hereby incorporates Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. The Due Process Clause of the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law".

57. The prohibition of underground injection of produced fluid within Grant Township as a direct result of the enactment of the Community Bill of Rights Ordinance significantly and materially devalues PGE's legal rights and interests related to and/or held within Grant Township, including PGE's UIC permit.  U.S. Const. Amend. 5 and Amend. 14, § 1.

58. The Community Bill of Rights Ordinance provides for no process or procedure which could be utilized by PGE to challenge the provision of the Community Bill of Rights Ordinance which purports to render invalid any permit that allows underground injection of produced fluid to be conducted within Grant Township and devalues any legal interests related thereto.

59. The fact that the Community Bill of Rights Ordinance purports to prohibit corporations, such as PGE, from petitioning the government for the redress of grievances makes clear that the Community Bill of Rights Ordinance provides for no process or procedure to which PGE could avail itself to address the deprivation of its legal rights and interests caused by the Community Bill of Rights Ordinance.

60. Therefore, the Community Bill of Rights Ordinance deprives PGE of legal rights and interests protected by the Fifth and Fourteenth Amendments of the United States Constitution without providing due process of law.

## COUNT VI: 42 U.S.C. § 1983

### Contract Clause Violation

61. PGE hereby incorporates Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. The Contract Clause of the United States Constitution provides that no state shall "pass any . . . Law impairing the Obligation of Contract . . ." U.S. Const. Art. I, § 10, Cl. 1.

63. The Community Bill of Rights Ordinance bans PGE from engaging in the injection of waste from oil and gas extractions within Grant Township. *See* Exhibit "1" at § 3(a).

64. If PGE is not permitted to engage in said injection activities within Grant Township, it will be unable to realize the benefits of the contract (i.e., lease) it has with the owner of the subsurface estate at great cost to PGE.

65. Accordingly, the Community Bill of Rights Ordinance violates the Contracts Clause of the United States Constitution.

## COUNT VII

### Impermissible Exercise of Police Power under the Second Class Township Code

66. PGE hereby incorporates Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Second Class Townships do not possess broad police powers. Rather, they possess only such powers that have been granted to them by the Pennsylvania General Assembly.

68. Grant Township does not have a zoning ordinance, and the Community Bill of Rights Ordinance does not purport to be a zoning ordinance.

69. Consequently, any authority of Grant Township to regulate UIC wells or injection activities related to oil and gas operations must originate from the Second Class Township Code, 53 P.S. §§ 65101 *et seq.*, (the "Second Class Township Code").

70. The Second Class Township Code does not authorize Grant Township to regulate UIC wells or injection activities related to oil and gas operations, and, therefore, the Community Bill of Rights Ordinance is not within the scope of the powers granted to Grant Township by the General Assembly under the Second Class Township Code.

71. Furthermore, the Community Bill of Rights Ordinance is not within the scope of the powers granted to Grant Township by the Second Class Township Code because the Community Bill of Rights Ordinance attempts to create a cause of action in Grant Township and its residents. *See* Exhibit "1" at §§ 4(b) and (c).

72. Specifically, the Community Bill of Rights Ordinance purports to vest in Grant Township and all of its residents the power to enforce and defend the rights and prohibitions of the Community Bill of Rights Ordinance, including the rights to recover all costs of litigation,

experts, and attorney's fees, regardless of whether Grant Township and/or its residents succeed in such enforcement.  *See* Exhibit "1" at §§ 4(b) and (c).

73. The Second Class Township Code does not authorize Grant Township to create a cause of action in itself or its residents.

74. Accordingly, the Community Bill of Rights Ordinance is an impermissible exercise of Grant Township's legislatively granted authority and is therefore invalid and unenforceable.

## COUNT VIII

### Preemption by the Second Class Township Code

75. PGE hereby incorporates Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Section 1506 of the Second Class Township Code, 53 P.S. § 66506, only allows Grant Township to adopt ordinances, bylaws, rules, and regulations that are "*not inconsistent with or restrained by the Constitution and laws of this Commonwealth* necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government, health and welfare of the township and its citizens, trade, commerce and manufacturers." (Emphasis added).

77. The Second Class Township Code directly regulates, among other things, the remedies that may be utilized to challenge the legality of an ordinance adopted by a Second Class Township.  *See* 53 P.S. § 66601.

78. In relevant part, Section 1601(f) of the Second Class Township Code, 53 P.S. § 66601(f), provides that "[a]ny person aggrieved by the adoption of any ordinance may make complaint as to the legality of the ordinance to the court of common pleas."

79. The Community Bill of Rights Ordinance purports to strip corporations and governments of their right to make complaints to the court of common pleas with respect to the legality of the Community Bill of Rights Ordinance in that it prohibits corporations from asserting: (1) any "state or federal preemptive laws in an attempt to overturn [the Community Bill of Rights Ordinance]"; and (2) a claim that Grant Township and/or its governing body lacks the authority to adopt [the Community Bill of Rights Ordinance]." *See* Exhibit "1" at § 5(a).

80. The Community Bill of Rights Ordinance, by stripping corporations and governments of their right to make complaints to the court of common pleas, is in direct conflict with Section 1601(f) of the Second Class Township Code and, therefore, is preempted.

## COUNT IX

### Preemption by the Pennsylvania Oil and Gas Act

81. PGE hereby incorporates Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82. By prohibiting within Grant Township the injection of produced fluid from oil and gas extractions, Grant Township is impermissibly regulating the development of oil and natural gas, which is exclusively and comprehensively regulated within the Commonwealth by DEP pursuant to the Pennsylvania Oil and Gas Act, 58 Pa.C.S. §§ 2301 *et seq.*, (the "Oil and Gas Act").

83. Section 3302 of the Oil and Gas Act, 58 Pa.C.S. § 3302 provides, in pertinent part, as follows:

> Except with respect to local ordinances adopted pursuant to the MPC and the act of October 4, 1978 (P.L. 851, No. 166), known as the Flood Plain Management Act, all local ordinances purporting to regulate oil and gas operations regulated by Chapter 32 (relating to development) are hereby superseded. No local ordinance adopted pursuant to the MPC or the Flood Plain Management Act shall contain provisions which impose conditions, requirements or limitations on the same features of oil and gas operations regulated by Chapter 32 or that accomplish the same purposes as set forth in Chapter 32.

84. By its terms, Section 3302 preempts local ordinances that attempt to regulate oil and gas development except for ordinances adopted pursuant to the Municipalities Planning Code (the "MPC") or the Flood Plain Management Act (the "FPMA").

85. Even ordinances adopted pursuant to the MPC or the FPMA have significant limitations. An ordinance adopted pursuant to the MPC or the FPMA is preempted if: (1) the ordinance "contain[s] provisions . . . that accomplish the same purposes as set forth in" the Oil and Gas Act; or (2) the ordinance "contain[s] provisions which impose conditions, requirements or limitations on the same features of oil and gas well operations regulated by the [Oil and Gas Act]." 58 Pa.C.S. § 3302.

86. By its terms, the Community Bill of Rights Ordinance was not adopted pursuant to the MPC or the FPMA.

87. Moreover, even if Grant Township adopted the substance of the Community Bill of Rights Ordinance pursuant to the MPC or the FPMA, the purpose of the Community Bill of Rights Ordinance is virtually the same as the purpose set forth in the Oil and Gas Act and the Community Bill of Rights Ordinance imposes conditions, requirements, and limitations on the same features of oil and gas operations regulated by the Oil and Gas Act.

88. The purpose of the Community Bill of Rights Ordinance is to regulate underground injection of produced fluid from oil and gas extractions in a manner that protects the health, safety, and welfare of Grant Township residents. The Oil and Gas Act's purpose is to permit the optimal development of oil and natural gas while protecting the health, safety, and welfare of Pennsylvanians and the environment. *See* 58 Pa.C.S. §3202(1).

89. The Community Bill of Rights Ordinance imposes conditions, requirements, and limitation on the injection, within Grant Township, of waste from oil and gas extractions. The Oil and Gas Act directly regulates wells drilled or altered to provide for such injection.

90. Consequently, the Community Bill of Rights Ordinance is preempted by the Oil and Gas Act.

## COUNT X

### Community Bill of Rights Ordinance is Exclusionary

91. PGE hereby incorporates Paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92. It is a well settled principle of Pennsylvania land use law that a municipality must authorize all legitimate uses somewhere within its boundaries.

93. Section 603(i) of the MPC, 53 P.S. § 10603(i), provides that "zoning ordinances shall provide for the reasonable development of minerals in each municipality."

94. The outright ban on the injection of waste from oil and gas extractions within Grant Township excludes a legally permitted use within Grant Township.

95. Therefore, the Community Bill of Rights Ordinance is invalid as exclusionary.

## COUNT XI

### Preemption by the Pennsylvania Limited Liability Company Law

96. PGE hereby incorporates Paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97. The Pennsylvania Limited Liability Company Law, 15 Pa.C.S. §§ 8901 *et seq.*, (the "LLCL") provides that limited liability companies "have the legal capacity of natural persons to act." 15 Pa.C.S. § 8921.

98. In enacting the LLCL, the Commonwealth of Pennsylvania intended to, and in fact did, preempt municipal regulation of a limited liability company's status as a natural person.

99. The Community Bill of Rights Ordinance purports to strip corporations, such as PGE, of their status as natural persons and declares that corporations do not possess any other legal rights, privileges, power, or protections. *See* Exhibit "1" at § 5(a).

100. The Community Bill of Rights Ordinance has been preempted by the LLCL and is therefore invalid and unenforceable.

## COUNT XII

### Declaratory Judgment; Unconstitutional and Unenforceable Ordinance

101. PGE hereby incorporates Paragraphs 1 through 100 of this Complaint as if fully set forth herein.

102. As set forth above, the Community Bill of Rights Ordinance violates: (1) PGE's constitutional rights under the Supremacy Clause, the Equal Protection Clause, the First and Fourteenth Amendments, and the Contract Clause of the United States Constitution; (2) deprives PGE of substantive and procedural due process; and (3) is unenforceable under and/or preempted by the Pennsylvania Second Class Township Code, the Pennsylvania Oil and Gas Act, the Pennsylvania Limited Liability Company Law, and Pennsylvania decisional law.

103. An actual controversy exists between PGE and Grant Township with respect to whether the Community Bill of Rights Ordinance is constitutional and enforceable.

104. Grant Township asserts that the Community Bill of Rights Ordinance is constitutional, while PGE maintains that the Community Bill of Rights Ordinance infringes on its constitutional and state law rights as set forth above.

105. The Community Bill of Rights Ordinance has created uncertainty regarding PGE's rights with respect to underground injection in Grant Township in which it has a legal interest.

106. Declaratory relief from this Court will terminate the dispute and controversy between PGE and Grant Township with respect to the constitutionality and validity of the Community Bill of Rights Ordinance.

107. A judicial declaration is necessary as to whether the Community Bill of Rights Ordinance: (1) violates the Supremacy Clause, the First and the Fourteenth Amendments, and the Contract Clause of the United States Constitution; (2) deprives PGE of substantive and procedural due process; and (3) is preempted by or is unenforceable under relevant Pennsylvania law.

WHEREFORE, Plaintiff Pennsylvania General Energy Company, L.L.C., respectfully requests a judgment in its favor and against Defendant Grant Township as follows:

    a. Declaring that the Community Bill of Rights Ordinance is unconstitutional under the Supremacy Clause, the First and the Fourteenth Amendments, and the Contract Clause of the United States Constitution;

    b. Declaring that the Community Bill of Rights Ordinance violates PGE's substantive and due process rights;

    c. Declaring that the Community Bill of Rights Ordinance is invalid and unenforceable, and its remedy provisions are preempted by the Second Class Township Code, 53 P.S. §§ 65101 *et seq.*;

    d. Declaring that the Community Bill of Rights Ordinance is preempted by the Pennsylvania Oil and Gas Act, 58 Pa.C.S. §§ 2301 *et seq.*;

e.  Declaring that the Community Bill of Rights Ordinance is exclusionary and therefore unenforceable;

f.  Declaring that the Community Bill of Rights Ordinance is preempted by the Pennsylvania Limited Liability Company Law, 15 Pa.C.S. §§ 8901 *et seq.*;

g.  Issuing an injunction prohibiting Grant Township from enforcing the Community Bill of Rights Ordinance;

h.  Awarding PGE compensatory and consequential damages pursuant to 42 U.S.C. § 1983, including its legal rights taken as a result of the Community Bill of Rights Ordinance;

i.  Awarding PGE all fees and costs incurred in this action, including all reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

j.  Granting such other relief as this Court shall deem just and equitable under the circumstances.

Respectfully submitted,

By: /s/ Kevin J. Garber
Kevin J. Garber, Esquire
Pa. I.D. 51189
Blaine A. Lucas, Esquire
Pa. I.D. 35344
Alyssa E. Golfieri, Esquire
Pa. I.D. 314369

Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA  15222
412-394-5400

*Counsel for Plaintiff, Pennsylvania General Energy Company, L.L.C.*

Dated:  August 8, 2014