**In the United States District Court**
**for the Western District of Pennsylvania**

| | |
|---|---|
| Pennsylvania General Energy Company, L.L.C., ) | |
| ) | |
| Plaintiff,  ) | Case No. <u>1:14-CV-209</u> |
| ) | |
| v.  ) | **ANSWER, AFFIRMATIVE DEFENSES,** |
| ) | **COUNTERCLAIM** |
| Grant Township,  ) | |
| ) | **JURY DEMAND** |
| Defendant.  ) | |
| _____) | |

     Defendant Grant Township, by and through its undersigned counsel, hereby answers the

First Amended Complaint as follows, asserts the following affirmative defenses, and brings the

following counterclaim to the underlying action:

**<u>Parties and Jurisdiction (sic)</u>**

     1.    Defendant lacks knowledge or information sufficient to form a belief about the

truth of the facts alleged in paragraph 1 of the Complaint and so denies the allegations and

demands proof. To the extent paragraph 1 makes assertions of law, Defendant reserves the right

to make contrary or other arguments of law at the appropriate time.

     2.    Admitted.

**<u>Jurisdiction and Venue</u>**

     3.    Denied, and defendant reserves the right to make contrary or other arguments of

law at the appropriate time.

     4.    Defendant admits the assertions of fact in paragraph 4, but denies that the court

has jurisdiction over the case, and reserves the right to make contrary or other arguments of law

at the appropriate time.

5.      If the court has jurisdiction over the case, then defendant admits paragraph 5.

6.      If the court has jurisdiction over the case, then defendant admits paragraph 6.

**Factual Background**

7.      Admitted.

8.      Whether or not paragraph 8 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 8 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

9.      Whether or not paragraph 9 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 9 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

10.     Admitted.

11.     Whether or not paragraph 11 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 11 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

12.     Whether or not paragraph 12 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 12 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

13.     Whether or not paragraph 13 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law,

and therefore the paragraph is denied. To the extent paragraph 13 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

14.     Whether or not paragraph 14 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 14 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

15.     Whether or not paragraph 15 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 15 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

16.     Whether or not paragraph 16 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 16 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

17.     Whether or not paragraph 17 of the Complaint contains an accurate quotation, the text of the Ordinance is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied. To the extent paragraph 17 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 18 of the Complaint and so denies the allegations and demands proof.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 19 of the Complaint and so denies the allegations and demands proof.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 20 of the Complaint and so denies the allegations and demands proof.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 21 of the Complaint and so denies the allegations and demands proof. To the extent paragraph 21 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 22 of the Complaint and so denies the allegations and demands proof.

23.     Admitted.

24.     Admitted that the Commonwealth regulates injection wells and ancillary facilities under the authority of the Oil and Gas Act, but denied to the extent that this paragraph asserts exclusive jurisdiction by the Commonwealth of Pennsylvania over all regulation or control of injection wells and ancillary facilities within the Commonwealth.

25.     Admitted.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 26 of the Complaint and so denies the allegations and demands proof.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 27 of the Complaint and so denies the allegations and demands proof.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 28 of the Complaint and so denies the allegations and demands proof.

29.     Paragraph 29 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 30 of the Complaint and so denies the allegations and demands proof. To the extent paragraph 30 makes arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.


**Count 1, 42 U.S.C. § 1983, Supremacy Clause**

31.     Defendant repeats and incorporates all of its responses above herein.

32.     Paragraph 32 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

33.     Paragraph 33 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

34.     Paragraph 34 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

35.     Paragraph 35 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

36.     Paragraph 36 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count II, 42 U.S.C. § 1983, Equal Protection Clause**

37.     Defendant repeats and incorporates all of its responses above herein.

38.     Admitted.

39.     Paragraph 39 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

40.     Paragraph 40 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

41.     Paragraph 41 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

42.     Paragraph 42 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

43.     Paragraph 43 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

44.     Paragraph 44 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

45.     Denied. The ordinance contains the purpose for which it was enacted.

46.     Paragraph 46 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count III, 42 U.S.C. § 1983, First Amendment**

47.     Defendant repeats and incorporates all of its responses above herein.

48.     Admitted, except for the citation to the Fourteenth Amendment.

49.     Paragraph 49 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

50.     Paragraph 50 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

51.     Paragraph 51 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count IV, 42 U.S.C. § 1983, Substantive Due Process**

52.     Defendant repeats and incorporates all of its responses above herein.

53.     Paragraph 53 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

54.     Paragraph 54 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

55.     Paragraph 55 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

56.     Paragraph 56 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count V, 42 U.S.C. § 1983, Procedural Due Process**

57.     Defendant repeats and incorporates all of its responses above herein.

58.     Admitted as a reference to the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

59.     Paragraph 59 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

60.     Paragraph 60 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

61.     Paragraph 61 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

62.     Paragraph 62 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count VI, 42 U.S.C. § 1983, Contract Clause**

63.     Defendant repeats and incorporates all of its responses above herein.

64.     Admitted, with the caveat that the referenced clause refers to "Contracts" plural.

65.     Admitted.

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 66 of the Complaint and so denies the allegations and demands proof. To the extent paragraph 66 of the Complaint contains arguments of law, it therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

67.     Paragraph 67 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count VII, Exercise of Police Power under the Second Class Township Code**

68.     Defendant repeats and incorporates all of its responses above herein.

69.     Paragraph 69 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

70.     Paragraph 70 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

71.     Paragraph 71 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

72.     Paragraph 72 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

73.     Paragraph 73 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

74.     Paragraph 74 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

75.      Paragraph 75 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

76.      Paragraph 76 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count VIII, Preemption by the Second Class Township Code**

77.      Defendant repeats and incorporates all of its responses above herein.

78.      Paragraph 78 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

79.      Paragraph 79 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

80.      Whether or not paragraph 80 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

81.      Paragraph 81 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

82.      Paragraph 82 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count IX, Preemption by the Pennsylvania Oil and Gas Act**

83.     Defendant repeats and incorporates all of its responses above herein.

84.     Paragraph 84 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

85.     Whether or not paragraph 85 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

86.     Paragraph 86 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

87.     Paragraph 87 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

88.     The text of the Ordinance, which delineates the authority pursuant to which it was adopted, constitutes the best evidence of the content of the law and the authority pursuant to which it was adopted. To the extent paragraph 88 asserts a legal conclusion, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

89.     Denied. The ordinance contains the purpose for which it was enacted. To the extent paragraph 89 of the Complaint contains arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

90.     Denied. The ordinance contains the purpose for which it was enacted. To the extent paragraph 90 of the Complaint contains arguments of law, defendant reserves the right to make contrary or other arguments of law at the appropriate time.

91.     Paragraph 91 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

92.     Paragraph 92 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count X, Community Bill of Rights Ordinance as Exclusionary**

93.     Defendant repeats and incorporates all of its responses above herein.

94.     Paragraph 94 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

95.     Whether or not paragraph 95 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

96.     Paragraph 96 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

97.     Paragraph 97 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count XI, Preemption by the Pennsylvania Limited Liability Company Law**

98.     Defendant repeats and incorporates all of its responses above herein.

99.     Whether or not paragraph 99 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

100.     Paragraph 100 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

101.     Paragraph 101 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

102.     Paragraph 102 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count XII, Sunshine Act Violation**

103.     Defendant repeats and incorporates all of its responses above herein.

104.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 104 of the Complaint and so denies the allegations and demands proof.

105.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 105 of the Complaint and so denies the allegations and demands proof.

106.    Paragraph 106 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

107.    Admitted.

108.    Whether or not paragraph 108 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

109.    Whether or not paragraph 109 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

110.    Whether or not paragraph 110 of the Complaint contains an accurate quotation, the text of the law is self-evident, and constitutes the best evidence of the content of the law, and therefore the paragraph is denied.

111.    Paragraph 111 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

112.    Paragraph 112 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

113.    Paragraph 113 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

**Count XIII, Declaratory Judgment**

114.   Defendant repeats and incorporates all of its responses above herein.

115.   Paragraph 115 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

116.   Paragraph 116 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

117.   Admitted.

118.   Paragraph 118 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

119.   Paragraph 119 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

120.   Paragraph 120 of the Complaint contains arguments of law, and therefore is denied, and defendant reserves the right to make contrary or other arguments of law at the appropriate time.

## AFFIRMATIVE DEFENSES

**For its affirmative defenses, Grant Township alleges as follows:**

1.   First – Lack of Subject Matter Jurisdiction

The court lacks subject matter jurisdiction over the case.

2.      Second – Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

3.      Third - Lack of Capacity to Sue

Plaintiff PGE, as a corporation, violating or seeking to violate the Ordinance, lacks

capacity to sue as a "person" and does not possess any other legal rights, privileges, powers, or

protections which could interfere with the rights or prohibitions enumerated in the Ordinance.

All of Plaintiff's causes of action are barred on the grounds that Plaintiff may not bring an action,

or obtain the relief requested, based on constitutional rights or provisions, or on state or federal

preemption, or on state law that conflicts with the Ordinance.

4.      Fourth - Lack of Ripeness

All of Plaintiff's causes of action are barred on the grounds that they are premature and

not ripe for adjudication.  Under Section 7 of the Ordinance, community meetings focused on

changes to local governance that would secure the right of the people to local self-government

are a prerequisite to the use of the courts to attempt to overturn the Ordinance.

5.      Fifth - Violation of Fundamental and Unalienable Rights

Plaintiff is not entitled to the relief requested on the ground that it would violate the

fundamental and unalienable rights of the citizens and residents of Grant Township.

6.      Sixth - Duty to Mitigate Damages

To the extent Plaintiff is able to prove its claims, although all such claims are expressly

denied, it has a duty to mitigate any damages to which it might be entitled, but has failed to do

so.

7.      Seventh - No Right to Relief

Plaintiff has failed to state facts sufficient to constitute grounds for costs of suit, for reasonable attorneys' fees, or for any other relief.

7.      Eighth – No Right to Relief – Environmental Rights Amendment

Grant Township adopted the challenged Ordinance pursuant to its duties as a municipal trustee under Article I, §27 of the Pennsylvania Constitution.

8.      Ninth - Reservation of Right

Grant Township reserves the right, upon completion of its discovery and investigation or otherwise, to assert such additional defenses as may be appropriate.

WHEREFORE, Defendant Grant Township respectfully prays for the following relief:

1.      That all relief requested in the Complaint be denied with prejudice.

2.      That Plaintiff take nothing by its action.

3.      That Judgment be entered in Defendant's favor.

4.      That Defendant be awarded all costs of suit, including reasonable attorneys' fees; and

5.      Such further and other relief as the Court deems just and proper.

## COUNTERCLAIM
## Grant Township's Counterclaim Against
## Pennsylvania General Energy Company, LLC

COMES NOW, Defendant Grant Township, by and through its undersigned counsel, and hereby files the following Counterclaim against Pennsylvania General Energy Company, LLC ("PGE"):

**I.   Parties**

1.      Grant Township, Indiana County, Pennsylvania ("Grant Township") is a political subdivision of the Commonwealth of Pennsylvania.

2.      Grant Township represents the people of the Township.

3.      The people of Grant Township possess a federal, state, and locally-secured constitutional right of local, community self-government.

4.      The people of Grant Township's right of local, community self-government is guaranteed by the American Declaration of Independence, the Pennsylvania Constitution, the federal constitutional framework, and the Grant Township Community Bill of Rights Ordinance, adopted on June 3, 2014 (hereinafter "Community Bill of Rights Ordinance").

5.      The people of Grant Township asserted their right of local, community self-government to adopt the Community Bill of Rights Ordinance.

6.      Pennsylvania General Energy Company, LLC ("PGE") is engaging in, or seeks to engage in, the depositing of waste from oil and gas extraction into Grant Township.

7.      PGE has violated, and continues to violate, the people of Grant Township's right of local, community self-government by seeking to invalidate and nullify the Community Bill of Rights Ordinance.

**II.  Jurisdiction and Venue**

8.      This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, and pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367.

9.     Grant Township also seeks equitable relief and a declaratory judgment within this counterclaim pursuant to 28 U.S.C. §2201 and §2202.

10.    Venue is proper for this counterclaim because the events giving rise to a cause of action for this counterclaim occurred within the jurisdiction of the Western District of Pennsylvania and Grant Township is located within the Western District of Pennsylvania.

## III. Factual Background

### Community Bill of Rights Ordinance

11.    On June 3, 2014, the people of Grant Township and the Grant Township Board of Supervisors adopted a Community Bill of Rights Ordinance that recognizes and secures certain civil, political, and environmental rights for the citizens and residents of Grant Township.

12.    That Community Bill of Rights recognizes the right of the people of Grant Township to local self-government, to clean air, water, and soil, to a sustainable energy future, and to scenic preservation, among other rights secured by the Ordinance.

13.    That Community Bill of Rights prohibits activities that would violate those rights, including a prohibition on corporations engaging in the "depositing of waste from oil and gas extraction." Exh. 1 to Amended Complaint at §3(a).

14.    The people of Grant Township specifically recognized that the "depositing of waste from oil and gas extraction violates the rights of Grant Township residents, including our right to make decisions about what happens to the places where we live." Exh. 1 to Amended Complaint at ¶ 2.

20

**PGE's Challenge to the Community Bill of Rights Ordinance**

15.     On August 12, 2014, PGE filed a twelve Count action against Grant Township,

seeking to nullify the Community Bill of Rights Ordinance.

16.     On September 16, 2014, PGE filed an Amended Complaint which included

thirteen Counts against Grant Township.

17.     PGE's Amended Complaint pursues three general categories of Counts – the first

category asserts that the Community Bill of Rights Ordinance violates certain

corporate "rights" and powers; the second category asserts that the Ordinance

exceeds state-authorized municipal authority; and the third category asserts that

the Ordinance violates state preemptive law.

18.     In the first category of claims, Counts I, II, III, IV, V, VI, and X allege that the

Grant Township Community Bill of Rights Ordinance violates PGE, LLC's

constitutional "rights."

19.     Through those Counts in their Amended Complaint, PGE claims that it possesses

the same constitutional rights as natural persons, and that its constitutional

"rights" have been violated by the adoption of the Community Bill of Rights

Ordinance.

20.     In the second category of claims, Count VII of the Amended Complaint asserts

that Grant Township's actions in adopting the Community Bill of Rights

Ordinance exceeded its state-authorized municipal authority and therefore, that

the Ordinance is invalid.

21.   In the third category of claims, Counts VIII, IX, and XI of the Amended Complaint assert allegations that Grant Township's Community Bill of Rights Ordinance is preempted by state law, and therefore, that the Ordinance is invalid.

22.   Count XIII of the Amended Complaint seeks a Declaratory Judgment nullifying the Grant Township Community Bill of Rights Ordinance on the basis of the three general categories of claims alleged in its Amended Complaint.

**<u>The Right of Local, Community Self-Government</u>**

23.   The right of local, community self-government is an inherent, fundamental, and inalienable right held by each individual person that resides within Grant Township, and is held collectively by the residents of Grant Township.

24.   The right of local, community self-government is a right that has been recognized as having a value essential to the individual liberties in our society, and it is deeply rooted in our nation's history and tradition.

25.   The right of local, community self-government is secured by the American Declaration of Independence, which recognizes four principles of law essential to American governments: first, that people possess certain fundamental civil and political rights; second, that governments are created to secure those rights; third, that governments owe their existence to, and derive their power exclusively from, the community of people which creates and empowers them; and fourth, that if government becomes destructive of those ends, the people have a right and a duty to alter or abolish that system of government and replace it with one which both recognizes self-governing authority and which protects their civil and political rights.

26.     The right of local, community self-government is secured by the United States
        Constitution, which both incorporates the principles of the Declaration of
        Independence and secures the right of local, community self-government through
        the Ninth Amendment.

27.     The right of local, community self-government is secured by Article I, Sections 2
        and 25 of the Declaration of Rights of the Pennsylvania Constitution, and by the
        history of the right of local, community self-government within the
        Commonwealth and the Nation.

28.     The right of local, community self-government is secured by Section 2(a) and
        other provisions of the Community Bill of Rights Ordinance.

29.     The right of local, community self-government includes:

        a.   The right to a system of government within the local community that is
             controlled by a majority of that community's citizens.

        b.   The right to a system of government within the local community that secures
             and protects the civil rights of every person in the community.

        c.   The right to alter or abolish any system of local government that either fails to
             incorporate majority governance or that fails to secure and protect the civil
             and political rights of citizens and residents of the community.

30.     Through their adoption of the Community Bill of Rights Ordinance, the people of
        Grant Township recognized that their current municipal system of governance had
        failed those standards, and they acted – pursuant to their right of local, community
        self-government - to change their system of local government.

31.     The people's authority to wield their right of local, community self-government is separate and distinct from the authority held by municipal corporations to enact local laws.

32.     The people's right of local, community self-government is not limited by the authority granted to Grant Township under the Second Class Township Code, 53 P.S. §65101 *et seq.*, or by any other grant of authority (or lack of grant of authority) to Grant Township by the State, nor is it preempted by state or federal law.

33.     Because the right of local, community self-government is a fundamental, unalienable right that is constitutionally protected, either state actors or private actors may be liable for violating it.

### COUNTERCLAIM COUNT ONE:
*Violation of the People of Grant Township's Right of*
*Local, Community-Self Government*
**(Seeking Declaratory and Injunctive Relief, and Relief Pursuant to**
**42 U.S.C. §1983 and §1988)**

34.     Grant Township incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 33 of the Counterclaim.

35.     Through its underlying action, Plaintiff PGE seeks to invalidate the Community Bill of Rights Ordinance and thus violate the people of Grant Township's right of local, community self-government.

36.     That right of local, community self-government includes the right of the people of Grant Township to alter or abolish their form of municipal government, if they deem that their system of municipal government fails to incorporate majority self-governance or if it fails to protect their civil and political rights.

37.     The people of Grant Township, through their passage of the Community Bill of
Rights Ordinance, have made that determination and have altered their system of
municipal governance so that it recognizes self-governance and protects the civil
and political rights of the people of the Township.

38.     The people of Grant Township's new municipal system of governance recognizes
and secures the right of the people of Grant Township to local, community self-
government.

39.     To vindicate that right, the new municipal system of governance (through the
Community Bill of Rights Ordinance) does not recognize certain constitutional
"rights" asserted by corporations seeking to engage in activities prohibited by the
Community Bill of Rights Ordinance, does not recognize certain types of state
and federal preemption that would interfere with the Ordinance's prohibitions,
and does not recognize certain state authority which would otherwise constrict the
exercise of the right of local, community self-government.

40.     The Community Bill of Rights Ordinance, and the people of Grant Township
through their adoption of the Ordinance, have recognized those doctrines and the
application of those doctrines to this Ordinance, as incompatible with their right
of local, community self-government.

41.     Corporations and other business entities are incapable of possessing
constitutionally-based rights because they are property, not persons.

42.     The doctrine of corporate "rights" violates the right of the people of Grant
Township to local, community self-government and violates the provisions of the

25

Community Bill of Rights Ordinance, and is therefore, illegal and unconstitutional.

43.   PGE is attempting to violate the people of Grant Township's right of local community self-government by claiming that the Community Bill of Rights Ordinance is invalid because it violates the corporation's constitutionally-derived "rights".

44.   The doctrine of state preemption, when exercised to constrict the assertion of local, community self-government to expand people's rights, is unconstitutional and a violation of the provisions of the Community Bill of Rights Ordinance.

45.   PGE is attempting to violate the people of Grant Township's right of local community self-government by claiming that the Community Bill of Rights Ordinance is invalid because it violates state preemptive law dealing with the depositing of waste from oil and gas extraction.

46.   Provisions within the Pennsylvania Oil and Gas Act that purport to preempt municipal communities from halting the disposal of oil and gas waste within their communities violate the right of the people of Grant Township to local, community self-government, and are unconstitutional.

47.   Requiring prior state legislative authorization before a community can enact local laws pursuant to the right of local, community self-government is unconstitutional, and violates the Community Bill of Rights Ordinance.

48.   PGE is attempting to violate the people of Grant Township's right of local community self-government by claiming that the Community Bill of Rights

Ordinance is invalid because municipal lawmaking must be specifically, legislatively authorized by state government.

49. PGE, as a private actor, may be held liable for violating the people of Grant Township's unalienable right of local, community self-government.

50. Alternatively, PGE, as a state actor, may be held liable for violating the people of Grant Township's right of local, community self-government.

51. PGE, through its board of directors, when it acts to violate the right of the people of Grant Township to local, community self-government, is acting "under color of state law" within the meaning of 42 U.S.C. §1983.

52. PGE, through its board of directors, is acting under color of a State statute – the Pennsylvania Oil and Gas Act - to deprive the people of Grant Township of their fundamental constitutional rights as secured by federal, state, and local law.

53. PGE, through its board of directors, is "acting under color of state law" because it seeks to assert governmentally-bestowed corporate "rights" against the people of Grant Township to nullify the people's exercise of their right of local, community self-government.

54. PGE is also acting under color of state law because it is a corporation chartered by the state and seeks to assert powers given to it by government to nullify the people's exercise of their right of local, community self-government.

55. An actual controversy exists between PGE and the people of Grant Township with respect to whether the Community Bill of Rights Ordinance is constitutional and enforceable.

56.     Grant Township asserts that the Community Bill of Rights is constitutional, while PGE asserts that it is not.

57.     An actual controversy exists between PGE and the people of Grant Township with respect to whether the provisions within the Pennsylvania Oil and Gas Act - that purport to preempt municipal communities from banning oil and gas extraction within their communities - are unconstitutional insofar as they violate the right of the people of Grant Township to local, community self-government.

58.     Grant Township asserts that the provisions within the Pennsylvania Oil and Gas Act that purport to preempt municipal communities from banning oil and gas extraction within their communities are unconstitutional, while PGE attempts to invalidate the Community Bill of Rights Ordinance on these grounds.

59.     An actual controversy exists between PGE and the people of Grant Township with respect to whether PGE as a corporation that is depositing, or is seeking to deposit, waste from oil and gas extraction, has constitutional rights.

60.     Grant Township asserts that PGE is not a "person," and that as a corporation violating or seeking to violate the Community Bill of Rights Ordinance does not possess "legal rights, privileges, powers or protections which would interfere with the rights or prohibitions enumerated" within the Ordinance, while PGE challenges the Ordinance as violating its constitutional rights.

61.     PGE's challenge to the Community Bill of Rights has created uncertainty regarding the people of Grant Township's right to prevent the depositing of waste from oil and gas extraction within their community.

62.     Declaratory relief will resolve these disputes and controversies between the

people of Grant Township and PGE.

63.     A judicial declaration is necessary as to whether: (1) the Community Bill of

Rights Ordinance is a valid law enacted pursuant to the people's right of local,

community self-government; (2) PGE may assert the constitutional rights of

"persons" or other corporate constitutional "rights" in an attempt to overturn the

Community Bill of Rights Ordinance; (3) PGE may assert state preemption, or

lack of authorization for municipal lawmaking, in an attempt to overturn the

Community Bill of Rights Ordinance; and (4) certain preemptive provisions of the

Pennsylvania Oil and Gas Act are unconstitutional as a violation of the right of

local, community self-government.

## **RELIEF REQUESTED**

*WHEREFORE*, Grant Township respectfully requests the following relief:

(1)  a declaration that the Ordinance is a constitutional and valid assertion of the

right of the people of Grant Township to local, community self-government;

(2)  a declaration that certain preemptive provisions of the Pennsylvania Oil and

Gas Act are unconstitutional and invalid;

(3)  a declaration that PGE is liable to Grant Township for seeking to violate the

secured right of local, community self-government;

(4)  a declaration that PGE is not a "person" and does not possess any other legal

rights privileges, powers or protections - or the power to assert federal or state

preemptive or conflicting laws - which would interfere with the rights or prohibitions

enumerated by the Ordinance;

(5)  a declaration, as provided by Section 5(b) of the Ordinance, that: All laws adopted by the legislature of the State of Pennsylvania, and rules adopted by any State agency, shall be the law of Grant Township only to the extent that they do not violate the rights or prohibitions of the Ordinance;

(6)  preliminary and permanent injunctive relief enjoining PGE from violating the right of the people of Grant Township to local, community self-government;

(7) fees and costs incurred in this action, including all reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and any other relief that this Court deems just and equitable under the circumstances.


Respectfully submitted this **13**[th] Day of **_October_**, 2014.


By: /s Thomas Alan Linzey

Thomas Alan Linzey, Esq.
Pa. I.D. 76069
Community Environmental Legal Defense Fund
P.O. Box 360
Mercersburg, Pennsylvania 17236
(717) 977-6823(v)
*Counsel for Defendant Grant Township*


Dated: October 13, 2014

30