IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C.<br><br>　　　　　　Plaintiff,<br>vs.<br>GRANT TOWNSHIP,<br><br>　　　　　　Defendant. | Case No.  1:14-cv-209<br><br>Judge J. Frederick Motz |

## MOTION FOR EXPEDITED DISCOVERY AND INJUNCTION HEARING DATE

Plaintiff, Pennsylvania General Energy Company, LLC ("PGE"), files this Motion for Expedited Discovery and Injunction Hearing Date as follows:

1.　PGE filed its Amended Complaint on September 16, 2014, in which PGE asks the Court to declare an ordinance that Defendant Grant Township enacted and titled "Community Bill of Rights Ordinance" unconstitutional under the United States Constitution and improper under state law principles.

2.　By way of summary, Grant Township's so-called Community Bill of Rights Ordinance strips PGE and other corporate entities of their status as a "person" under the United States Constitution and divests PGE and others of their fundamental constitutional rights under the First and Fourteenth Amendments and the Supremacy Clause. The Ordinance also violates numerous well-established principles of the Commonwealth of Pennsylvania. The Community Bill of Rights Ordinance was passed in direct response to PGE's receipt of a permit to operate an underground

injection control well in Grant Township. PGE seeks from this Court the protection of its constitutional rights.

3. It is well established that the deprivation of constitutional rights creates irreparable harm as a matter of law and allows an aggrieved party to seek injunctive relief with no additional showing of irreparable harm. *Elrod v. Burns*, 472 U.S. 347, 373 (1976); *Swartzwelder v. McNeilly*, 297 F.3d 228, 241 (3d Cir. 2002) (the deprivation of First Amendment rights unquestionably constitutes irreparable harm); *Beattie v. Line Mountain Sch. Dist.*, 992 F.Supp.2d 384, 396 (M.D.Pa. 2014) (the "[d]eprivation of a constitutional right alone constitutes irreparable harm as a matter of law, and no further showing of irreparable harm is necessary"); *Buck v. Stankovic*, 485 F.Supp.2d 576 (M.D.Pa. 2007) ("[t]he violation of a fundamental constitutional right constitutes irreparable injury" and "it is always in the public interest to prevent the violation of a party's constitutional rights").

4. As a result of the irreparable harm being caused by Grant Township through its deprivation of PGE's constitutional rights, on October 10, 2014, PGE filed with this Court a Motion for Preliminary Injunction and Expedited Hearing ("Injunction Motion"), associated Affidavit of James Ashbaugh, P.E., and Brief in Support. In its Injunction Motion, PGE seeks to enjoin Grant Township from enforcing the Community Bill of Rights Ordinance.

5. In support of the Injunction Motion, PGE seeks to engage in limited, expedited discovery. PGE requires this limited discovery in order to be able to present the Court with the pertinent facts at the injunction hearing.

6. PGE requests the following expedited discovery schedule:

a. Parties to exchange written discovery requests by October 31, 2014;

b. Parties to respond to written discovery by November 12, 2014; and

  c. Depositions to be concluded by November 21, 2014.

  7. PGE believes that the discovery topics will be limited and that the parties can complete the necessary discovery by November 21, 2014.

  8. After the conclusion of the expedited discovery, PGE requests that the Court hold an injunction hearing. PGE requests that the Court schedule the injunction for as soon as is convenient for the Court on or after December 8, 2014.

  9. PGE believes that the injunction hearing can be heard in one (1) day.

  10. Because PGE's constitutional rights have been unlawfully and intentionally targeted and violated, PGE respectfully asks the Court to order the requested expedited discovery and to schedule an injunction hearing.

         Respectfully submitted,

      By: /s/ *James V. Corbelli*
        Kevin J. Garber, Esquire
        Pa. I.D. 51189
        James V. Corbelli, Esquire
        Pa. I.D. #56671

        Babst, Calland, Clements & Zomnir, P.C.
        Two Gateway Center, 6th Floor
        Pittsburgh, PA  15222
        412-394-5400

        *Counsel for Plaintiff, Pennsylvania General Energy Company, L.L.C.*

Dated:  October 22, 2014

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of the foregoing Motion for Expedited Discovery and Injunction Hearing Date this 22nd day of October, 2014 using the Court's CM/ECF system, which will automatically serve a copy upon the following:

Thomas Alan Linzey, Esq.
P.O. Box 360
Mercersburg, PA 17236
*Counsel for Defendant Grant Township*

/s/ *James V. Corbelli*