# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GENERAL ENERGY )
COMPANY, LLC, )
    **Plaintiff** )
                                  )    **C.A.No. 14-209ERIE**

**vs.** )
                                    )

**GRANT TOWNSHIP,** )    **Magistrate Judge Baxter**
    **Defendant.** )

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]


      Plaintiff Pennsylvania General Energy Company, LLC, ("PGE") filed this action

challenging the constitutionality, validity and enforceability of an ordinance adopted by Grant

Township that established a so-called Community Bill of Rights. Plaintiff seeks injunctive and

declaratory relief, as well as damages, against Defendant Grant Township on the grounds that the

Ordinance purports to strip Plaintiff of its constitutional rights. Additionally, Plaintiff contends

the Ordinance is in direct conflict with a number of Pennsylvania statutes and is therefore

preempted. Defendant Grant Township has filed a counterclaim alleging that by challenging the

Ordinance, PGE is violating the inalienable rights of the people of its Township to "local

community self government." Presently before this Court are the cross motions for judgment on

the pleadings, which have been fully briefed.

---

[1] This civil action was originally assigned to District Judge Frederick J. Motz and then assigned
to District Judge Arthur J. Schwab for settlement purposes. Thereafter, in accordance with the
provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States
Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

Plaintiff PGE is a Pennsylvania limited liability company with offices in Warren, Pennsylvania. ECF No. 5, Amended Complaint, ¶ 1. PGE is in the business of exploration and development of oil and gas. Id. PGE's exploration and development activities include drilling and operating oil and natural gas wells and managing brine and produced fluids generated from operating wells. Id. at ¶ 18. The operation of oil and gas wells unavoidably requires engaging in the activity of "disposing of waste from oil and gas extraction" since any producing hydrocarbon well produces oil and gas materials, such as production brine, which must be stored at the well site temporarily until they are removed by the well operator. Id. at ¶ 28.

In 1997, Pennsylvania General Energy Corp., PGE's predecessor in interest, put into production a deep gas well in Grant Township on property known as the Yanity Farm pursuant to Well Permit No. 37-063-31807-00-00 (hereinafter referred to as the "Yanity Well") issued by the Pennsylvania Department of Environmental Protection. Id. at ¶ 19. PGE currently has tanks located on the Yanity Well site used for the storage of oil and gas materials. Id. at ¶ 20. PGE intends to use the Yanity Well to inject produced fluids from its other oil and gas development operations. Id. at ¶ 26. PGE operates seven other currently producing conventional hydrocarbon wells in Grant Township, all of which have appropriate active DEP permits. Id. at ¶ 27.

Defendant Grant Township, a Second Class Township located in Indiana County, Pennsylvania (Id. at ¶ 2), adopted an Ordinance on June 3, 2014, that bears a title reading an ordinance "establishing a Community Bill of Rights for the people of Grant Township, Indiana County, Pennsylvania, which prohibits activities and projects that would violate the Bill of Rights and which provides for enforcement of the Bill of Rights" (hereinafter, the "Community Bill of Rights Ordinance" or "Ordinance"). Id. at ¶ 7. The Ordinance lays out the framers' beliefs that corporations should not have more rights than the people of its community and that the

2

people have the right to regulate all activities pursuant to a right of local self government. ECF No. 5-1, page 1.[2] The Ordinance also enumerates "legal" rights of the people, including self government, a clean and sustainable environment and a right of enforcement, among others. ECF No. 5-1, page 2. Specific prohibitions under the Ordinance, including prohibiting the right to challenge it in the courts, are enumerated in the remaining sections of the Ordinance. ECF No. 5-1.

## Standard of Review for Judgment on the Pleadings pursuant to Federal Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only when the movant "'clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Minnesota Lawyers Mut. Ins. Co. v. Ahrens, 432 Fed. App'x 143, 147 (3d Cir. 2011) quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).

"The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." Zion v. Nassan, 283 F.R.D. 247, 254 (W.D. Pa. 2012). Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6), (h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is filed, whereas a Rule 12(c) motion can be made "[a]fter the pleadings are closed." A court presented with a motion for judgment on

---

[2] The entirety of the Ordinance is also attached to this Memorandum Opinion.

the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings. Perelman v. Perelman, 919 F.Supp.2d 512, 521 (E.D. Pa. 2013). See also 2 James Wm. Moore et al., Moore's Federal Practice–Civil ¶ 12.38 (2010); Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196–97 (3d Cir.1993) (court should consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if plaintiff's claims are based on such documents). Therefore, a review of the standard for a motion to dismiss is in order here.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above

4

the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

## Defendant's Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings on its single counterclaim, which alleges that by bringing this lawsuit challenging the constitutionality, validity and enforceability of the Ordinance, PGE is violating the rights of the **people** of Grant Township to local community self-government as secured by the American Declaration of Independence, the Pennsylvania

5

Constitution, the federal constitutional framework, and the Community Bill of Rights Ordinance

itself. ECF No. 10 (emphasis added). Grant Township also alleges in this counterclaim that

corporations are incapable of possessing constitutionally based rights because they are property,

not persons; the doctrine of corporate rights violates the rights of the **people** of Grant Township

to local community self-governance and violates provisions of the Community Bill of Rights

Ordinance and is unconstitutional; and the doctrine of state preemption, when exercised to

constrict the assertion of local community self government to expand **people's** rights, is

unconstitutional. Id. at ¶ ¶ 41-42, 44 (emphasis added). As relief, Defendant seeks declaratory

and injunctive relief, and fees. Id. at pages 29-30.

In its motion for judgment on the pleadings as to this counterclaim, Defendant

summarizes its position:

> The right of local community self government is a fundamental individual
> political right – exercised collectively – of people to govern the local communities
> in which they reside. The right includes three component rights – first, the right to
> a system of government within the local community that is controlled by a
> majority of its citizens; second, the right to a system of government within the
> local community that secures and protects the civil and political rights of every
> person in the community; and third, the right to alter or abolish the system of local
> government if it infringes those component rights.
>
> The right of local community self government is inherent and inalienable. It
> derives necessarily from the fundamental principle that *all* political power is
> inherent in the people, is exercised by them for their benefit, and is subject to their
> control. The right is secured by the Pennsylvania Constitution, the American
> Declaration of Independence, state constitutional bills of rights, and the United
> States Constitution. Because the right is inherent and inalienable, no government
> can define, diminish, or otherwise control it.

ECF No. 53, page 4 (italics in original).

According to Defendant, the alleged right of local community self-government includes

the right of the people to change their system of government if it has been rendered incapable of

protecting their civil and political rights. Defendant explains that after "… recognizing the

6

existence of [certain] constraints on their own municipal government, the people of Grant Township decided to change their system of government" and the people "did so through the adoption of the Ordinance, which envisions a new system of local governance free of those constraints." ECF No. 59, pages 1-2. Defendant further describes:

> The authority for the people of Grant Township to create that new system is rooted in their constitutional right to local community self government. Grounded in natural law, as well as the federal and state constitution, the right is most clearly described in the Pennsylvania Constitution when it recognizes that all political power 'is inherent in the people' who have an 'inalienable and indefeasible right to alter … their government … as they may think proper." Driscoll v. Corbett, 69 A.3d 197, 207-08 (Pa. 2013) (quoting PA. Const. Art. I, § 2). The people of Grant Township have exercised that power by creating a local bill of rights, by prohibiting activities that would violate that bill of rights, and by protecting their bill of rights from competing corporate legal doctrines.

Id.

Defendant claims the right to local community self government is deeply rooted in our nation's history and tradition. ECF No. 53, page 9. In support of its alleged right to local community self government, Defendant undertakes a lengthy examination of historical documents such as the Mayflower Compact, the Exeter Compact of 1639, the Articles of Confederation for the United Colonies of 1643, and the Declaration of Independence, and analyzes historical events leading up to the American Revolution, such as the Second Continental Congress, the British Parliament's enactment of the Currency Acts in 1764, the Stamp Act Riots in 1765, and the Boston Tea Party.

Defendant seeks judgment upholding its Ordinance based solely upon these historical events. Defendant provides no precedential statute or constitutional provision authorizing its action other than its assertion that Plaintiff has no rights – from contracting to do business in Grant Township to bringing a lawsuit to complain about an ordinance -- because it is not a person. This view is contrary to over one hundred years of Supreme Court precedent that

7

establishes that corporations are considered "persons" under the United States Constitution.[3] In a

remarkably similar case in this district, District Judge Donetta Ambrose held:

> "Indeed, even if a District Court felt that the principal rationale underlying
> Supreme Court decisions were no longer valid, a district court is nevertheless
> bound to follow that precedent. See United States v. Extreme Assocs., Inc., 431
> F.3d 150, 155 (3d Cir. 2005) (reversing decision of district court based on district
> court's failure to follow Supreme Court precedent) cert. denied, 547 U.S. 1143
> (2006)."

Pennsylvania Ridge Coal LLC v. Blaine Township, C.A. No. 08-1452P, ECF No. 30 (April 8,

2009). More recently, a federal district court in New Mexico examined a local ordinance in the

face of several constitutional challenges and held:

> "they urge the Court to ignore Supreme Court precedent […] It is well established
> however, that corporations have constitutional rights, even if they are property.
> Supreme Court precedent well established these principles, and, as a United States
> District Court, this Court is bound to follow them. The Defendants' argument that
> corporations should not be granted constitutional rights, or that corporate rights
> should be subservient to people's rights, are arguments that are best made before the
> Supreme Court – the only court that can overrule Supreme Court precedent – rather
> than a district court."

Swepi, LP v. Mora County, New Mexico, 81 F.Supp.3d 1075, 1171-72 (D.N.M. Jan. 19, 2015)

(some internal citations omitted).

---

[3] See Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 342 (2010) (listing cases) ("[T]he
Court has recognized that First Amendment protection extends to corporations."); Metro. Life
Ins. Co. v. Ward, 470 U.S. 869, 881 n.9 (1985) ("It is well established that a corporation is a
'person' within the meanings of the Fourteenth Amendment."); Minneapolis & St. Louis Ry. Co.
v. Beckwith, 129 U.S. 26, 28 (1889) (applying Due Process Clause of the Fourteenth
Amendment) ("Corporations can invoke the benefits of provisions of the constitution and laws
which guaranty to persons the enjoyment of property, or afford to them the means for its
protection, or prohibit legislation affecting it."); First Nat'l Bank of Boston v. Bellotti, 435 U.S.
765 (1978) (holding corporations entitled to First Amendment protections); Trustees of
Dartmouth College v. Woodward, 17 U.S. 518 (1819) (applying Contract Clause to
corporations).

Defendant has provided no legal precedent to the contrary. Without a legal basis for its actions, as opposed to historical documents and events, this Court cannot provide the relief Grant Township seeks. Defendant's motion for judgment on the pleadings will be denied.

## Plaintiff's Motion for Judgment on the Pleadings

As laid out in the Amended Complaint, Plaintiff raises thirteen separate causes of action. Plaintiff claims the Ordinance, as a whole, violates the Supremacy Clause, the Equal Protection Clause, the Petition Clause of the First Amendment, the Contract Clause, and both the substantive and procedural components of the Due Process Clause of the United States Constitution. Plaintiff also claims the entire Ordinance is preempted by Pennsylvania's Second Class Township Code, the Oil and Gas Act, the Limited Liability Companies law, and the Sunshine Act and violates state law as an impermissible exercise of police power and because it is exclusionary. As relief, Plaintiff seeks declaratory judgments that the entire Community Bill of Rights Ordinance is unconstitutional, violates state law and is preempted. It also seeks injunctive relief against Grant Township, enjoining its enforcement of the full Ordinance. Finally, Plaintiff seeks compensatory and consequential damages, fees and costs.[4]

---

[4] Plaintiff moves for partial judgment on the pleadings. Plaintiff argues for judgment on its federal claims that the Ordinance violates the Supremacy Clause (Count I), the Equal Protection Clause of the Fourteenth Amendment (Count II), and the Petition Clause of the First Amendment (Count III). Plaintiff moves for judgment on its state law claims that the Ordinance is preempted by Pennsylvania's Limited Liability Companies Law (Count XI), Pennsylvania's Oil and Gas Act (Count IX), Pennsylvania's Second Class Township Code (Count VIII), that the Ordinance is exclusionary (Count X) in violation of state law and that the Township exceeded its legislative authority in enacting the Ordinance (Count VII). Plaintiff also moves for judgment on its Declaratory Judgment claim (Count XIII). Plaintiff does not move for judgment as to its substantive due process claim (Count IV), procedural due process claim (Count V), Contract Clause claim (Count VI) or Sunshine Act claim (Count XII).

9

In its motion for judgment, Plaintiff asks the Court to invalidate the entire Ordinance as a matter of law. See ECF No. 50-1, Proposed Order. Yet, when an analysis was made of Plaintiff's motion and arguments side-by-side with a copy of the Ordinance, the whole of the Ordinance was never attacked. Instead, the language of certain sections of the Ordinance was challenged repeatedly as invalid and unenforceable; however, much of the Ordinance was never mentioned or analyzed at all. A movant for judgment on the pleadings cannot skip analyzing all of the provisions of an ordinance it seeks to invalidate as a whole.

Moreover, the Court is not an advocate. It will not review those portions of an ordinance not challenged by Plaintiff in its own motion and arguments. The Court did not undertake to analyze the sections of the Ordinance that were not part of Plaintiff's motion. Likewise, the Court did not transfer the ruling on the validity or invalidity of the analyzed provisions to cover the whole of the Ordinance. The rulings made are explained below the same way they were analyzed: first, the precise provision of the Community Bill of Rights Ordinance at issue is listed, with its full text; second, each of Plaintiff's legal theories challenging that exact provision is laid out; and third, the legal analysis as to the legality, enforceability and constitutionality (if necessary) of that provision is made.

Before proceeding through the challenged provisions of the Ordinance and each of Plaintiff's attacks upon them, one additional issue must be addressed. Where a party raises both statutory and constitutional arguments in support of a judgment, a federal court should first consider whether the plaintiff is entitled to full relief under a statute, and if so, should refrain from reaching the constitutional issue. See Spector Motor Service v. McLaughlin, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ...

10

unless such adjudication is unavoidable."). Only if a plaintiff is not entitled to statutory relief, then the constitutional claims are unavoidable and the federal court must address their merits. See Department of Commerce v. U.S. House of Representatives, 525 U.S. 316, 343 (1999) (concluding that the Census Act prohibited use of statistical sampling in calculating the population for purposes of apportionment, and "because we so conclude, we find it unnecessary to reach the constitutional question presented."); Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (constitutional questions should not be decided unless "absolutely necessary to a decision of the case"). Accordingly, this Court will conduct all the statutory analyses before proceeding, if necessary, to any constitutional analysis.

**Section 3 – Statements of Law – Prohibitions Necessary to Secure the Bill of Rights**

   **(a) It shall be unlawful within Grant Township for any corporation or government to engage in the depositing of waste from oil and gas extraction.**

   **(b) No permit, license, privilege, charter, or other authority issued by any state or federal entity which would violate the prohibitions of this Ordinance or any rights secured by this Ordinance, the Pennsylvania Constitution, the United States Constitution, or other laws, shall be deemed valid within Grant Township.**

Plaintiff challenges Section 3 as:

> 1) unenforceable as it is preempted by Pennsylvania's Oil and Gas Act;

> 2) unenforceable because Grant Township exceeded the scope of its legislative authority under Pennsylvania's Second Class Township Code in enacting the Ordinance; and

> 3) unenforceable as it is exclusionary in violation of state law.

11

## *The Preemption Challenge to Section 3*

The preemption doctrine establishes a priority between potentially conflicting laws enacted by various levels of government. Huntley & Huntley v. Borough Counsel of Borough of Oakmont, 964 A.2d 855, 862-63 (Pa. 2009).[5] This doctrine provides that local legislation cannot permit what a state statute forbids or prohibit what state enactments allow. Id. citing Liverpool Township v. Stephens, 900 A.2d 1030 (Pa. Cmmw. Ct. 2006). At issue here is conflict preemption which is "where the local enactment irreconcilably conflicts with or stands as an obstacle to the execution of the full purposes of the statute." Hoffman Mining Co. v. Zoning Hearing Board of Adams Township, 32 A.3d 587, 593-94 (Pa. 2011) (internal citations omitted). In such a case, the court must conduct "an analysis of whether preemption is implied in or implicit from the text of the whole statute, which may or may not include an express preemption clause." Id.

In the Amended Complaint, Plaintiff claims that the Ordinance is preempted by the Pennsylvania Oil and Gas Act which exclusively and comprehensively regulates the development of oil and gas within this Commonwealth. Plaintiff alleges that by the statute's terms, 55 Pa.C.S. § 3302 of the Oil and Gas Act expressly "supersedes" all local ordinances "purporting to regulate oil and gas operations" related to development unless those ordinances are adopted pursuant to the Flood Plain Management Act or the Municipalities Planning Code. ECF No. 5, Count IX, ¶ ¶ 83-92. This preemption analysis need not be undertaken as the statute to which Plaintiff directly links its preemption challenge (55 Pa.C.S. § 3302) was held to be

---

[5] While conflict preemption, at issue herein, has traditionally been articulated to prohibit state laws from standing in the way of Congress's objectives, it applies with equal force to municipal laws whose operation might otherwise conflict with the objectives of the state legislature. Huntley, 964 A.2d at 220 n.6.

unconstitutional by the Pennsylvania Commonwealth Court in <u>Robinson Township v. Commonwealth</u>, 96 A.3d 1104 (Pa.Cmmw. Ct. 2014) after the Pennsylvania Supreme Court held 55 Pa.C.S. §§ 3303 and 3304 unconstitutional in <u>Robinson Township, Washington County v. Commonwealth</u>, 83 A.3d 901 (Pa. 2013). Accordingly, this statutory provision of Pennsylvania's Oil and Gas Act cannot preempt Section 3 (or any other provision) of the Community Bill of Rights Ordinance. Plaintiff's motion for judgment on the pleadings will be denied as to Count IX of the Amended Complaint.

## *The Scope of Authority Challenge to Section 3*

Next, Plaintiff alleges that Grant Township exceeded the scope of its authority in violation of state law when it enacted the Ordinance prohibiting the depositing of waste materials from oil and gas extraction (at Section 3(a)) and declaring that no permits or licenses awarded by state or federal authorities will be deemed valid (at Section 3(b)). ECF No. 5, Count VII, ¶ ¶ 68-76. Plaintiff alleges that as a Second Class Township, Grant Township possesses only those powers granted to it by the Pennsylvania General Assembly. Plaintiff alleges that because Grant Township does not have a zoning ordinance, any authority to regulate UIC wells or injection of oil and gas materials must originate from the Second Class Township Code and the Code does not authorize Grant Township to take such action. Id. In its motion for judgment on the pleadings, Plaintiff argues that Sections 3(a) and (b) are beyond the scope of the powers granted to townships under the Code and, as such, the Ordinance is an impermissible exercise of Grant Township's legislative authority and is therefore invalid and unenforceable.[6]

---

[6] While Defendant argues that it is the people of Grant Township who enacted the Ordinance in conjunction with the municipal entity of Grant Township, Defendant cites no authority for such a proposition. Defendant argues that because the "people" of Grant Township enacted the

13

"A municipality is a creature of the state and thus necessarily subordinate to its creator, and can exercise only such power as may be granted to it by the legislature." Twp. of Lyndhurst, New Jersey v. Priceline.com, 657 F.3d 148, 156 (3d Cir. 2011). Consequently, municipal corporations "possess only such powers of government as are *expressly* granted to [them] and as are necessary to carry the same into effect." Appeal of Gagliardi, 163 A.2d 418, 419 (Pa. 1960) (emphasis added). See also City of Philadelphia v. Schweiker, 858 A.2d 75, 84 (Pa. 2004).

There is no state authority expressly granting a municipal government or its people the authority to regulate the depositing of waste from oil and gas wells or to invalidate permits granted by the state or federal government. Any provision enacted without underlying legislative authority is invalid and unenforceable. Grant Township exceeded its legislative authority under Pennsylvania's Second Class Township Code by enacting Sections 3(a) and (b) of the Community Bill of Rights Ordinance, and accordingly, these Sections are invalid and unenforceable.

---

Community Bill of Rights Ordinance, rather than Grant Township itself, the Second Class Township Code is irrelevant to the power of the people to enact legislation. Defendant contends:

> "The people's right of local community self government is not limited by the powers granted to municipal corporations. The limited power of municipal corporations is based on a legal doctrine known as Dillon's Rule, which declares that *municipal corporations* derive their powers and rights wholly from state government. Dillon's Rule thus applies only to the specific relationship between *municipal corporations* and the State. In this case, Dillon's Rule is inapplicable because the people of Grant Township adopted the Ordinance directly, in tandem with the Grant Township municipal corporation. The Ordinance provides: 'We the People of Grant Township hereby adopt this Community Bill of Rights Ordinance.' This Ordinance also specifically established that the 'use of the municipal corporation 'Grant Township' by the people for the making and enforcement of this law shall not be deemed, by any authority, to eliminate, limit, or reduce [the people's] sovereign right [to local self government].'"

ECF No. 59, page 12 (internal citations omitted). As there is no legal basis for this argument, it is rejected here.

14

*The Exclusionary Challenge to Section 3*

Plaintiff also alleges that the Ordinance is exclusionary in violation of Pennsylvania law that requires that a municipality authorize all legitimate uses somewhere within its boundaries. Plaintiff argues that the Ordinance's outright ban on the injection and storage of oil and gas materials within Grant Township (at Section 3(a) of the Ordinance) excludes legally permitted uses within Grant Township. ECF No. 5, Count X, ¶ ¶ 93-97. Defendant has not contested Plaintiff's argument that the Ordinance is exclusionary in violation of state law.

Pennsylvania law requires that a municipality authorize all legitimate uses somewhere within its boundaries. Beaver Gasoline Co. v. Osborne Borough, 285 A.2d 501, 503-04 (Pa. 1971) ("The constitutionality of a zoning ordinance which totally prohibits legitimate uses or fails to provide for such uses anywhere within the municipality should be regarded with particular circumspection."). Although an ordinance is presumed valid, the presumption disappears when an ordinance is *de jure* exclusionary. Id. at 504-05; Tri-County Landfill v. Pine Twp. Zoning Hearing Bd., 83 A.3d 488, 518 (Pa. Cmmw. Ct. 2014). A *de jure* exclusion exists where an ordinance, on its face, completely or effectively bans a legitimate use. Tri-County Landfill, 83 A.3d at 518. Upon a showing that an ordinance is *de jure* exclusionary, the burden shifts to the municipality to show that the "exclusionary regulation bears a substantial relationship to the public health, safety, morality, or welfare." Twp. of Exeter v. Zoning Hearing Bd., 962 A.2d 653, 661 (Pa. 2009).

Here, Section 3(a) of the Ordinance proclaims that "it shall be unlawful within Grant Township ... to engage in the depositing of waste from oil and gas extraction." ECF No. 5-1, page 2. Although Defendant wishes it were not so, the development of oil and gas (which

15

necessarily includes the management of waste materials generated at a well site) is a legitimate

business activity and land use within Pennsylvania. See generally Oil & Gas Act, 58 Pa.C.S.

3301.

Because Section 3(a) of the Ordinance, on its face, completely bans a legitimate use, the

Ordinance is *de jure* exclusionary. As Defendant has not opposed Plaintiff's motion in this

regard, judgment will be granted in favor of Plaintiff on Count X.


### Section 4 – Enforcement

(a) **Any corporation or government that violates any provision of
this Ordinance shall be guilty of an offense and, upon conviction
thereof, shall be sentenced to pay the maximum fine allowable
under State law for that violation. Each day or portion thereof,
and violation of each section of this Ordinance, shall count as a
separate violation.**

(b) **Grant Township, or any resident of the Township, may enforce
the rights and prohibitions of this Ordinance through an action
brought in any court possessing jurisdiction over activities occurring
within the Township, in such an action, the Township or the resident
shall be entitled to recover all costs of litigation, expert and attorney's
fees.**

(c) **Any action brought by either a resident of Grant Township or by
the Township to enforce or defend the natural rights of ecosystems
or natural communities secured by this Ordinance shall bring that
action in the name of the ecosystem or natural communities secured
by this Ordinance shall bring that action in the name of the ecosystem
or natural community in a court possession [sic] jurisdiction over
activities occurring within the Township. Damages shall be measured
by the cost of restoring the ecosystem or natural community to its
state before the injury, and shall be paid to the Township to be used
exclusively for the full and complete restoration of the ecosystem
or natural community.**

Plaintiff challenges Section 4(b) and (c) as unenforceable because Grant Township

exceeded the scope of its legislative authority under the Pennsylvania Second Class Township Code by enacting the Ordinance.

## *The Scope of Authority Challenge to Section 4*

Plaintiff alleges that Grant Township exceeded the scope of its legislative authority in violation of state law when it enacted Section 4 of the Ordinance. Plaintiff alleges that Section 4(b) and (c) purport to vest in Grant Township and all of its residents the power to enforce and defend the rights and prohibitions of the Community Bill of Rights Ordinance, including the rights to recover all costs of litigation, experts, and attorney's fees, regardless of whether Grant Township and/or its residents succeed in such enforcement. Plaintiff alleges that Sections 4(b) and (c) of the Ordinance are not within the scope of the powers granted to Grant Township by the Code because the Ordinance attempts to create a legal cause of action in Grant Township and its residents. Plaintiff alleges that as a Second Class Township, Grant Township possesses only those powers granted to it by the Pennsylvania General Assembly and the statute does not authorize Grant Township to create any cause of action in itself or its residents. ECF No. 5, Count VII, ¶ ¶ 68-76. In its motion for judgment on the pleadings, Plaintiff argues that Sections 4(b) and (c) of the Ordinance are an impermissible exercise of legislative authority and are therefore invalid and unenforceable.

Because local governments only possess the power "expressly granted" to them by state government (Appeal of Gagliardi, 163 A.2d at 419) and because there is no authority for Grant Township to create a cause of action for its residents to enforce an ordinance written on their behalf, Section 4(b) and (c) were enacted beyond the scope of Grant Township's legislative authority. Accordingly, these Sections are invalid and unenforceable.

17

**Section 5 – Enforcement – Corporate Powers**

(a) **Corporations that violate this Ordinance, or that seek to violate this Ordinance, shall not be deemed to be a "person," nor possess any other legal rights, privileges, powers, or protections which would interfere with the rights or prohibitions enumerated by this Ordinance. "Rights, privileges, powers, or protections" shall include the power to assert state or federal preemptive laws in an attempt to overturn this Ordinance, and the power to assert that the people of the municipality lack the authority to adopt this Ordinance.**

(b) **All laws adopted by the legislature of the State of Pennsylvania, and rules adopted by any State agency, shall be the law of Grant Township only to the extent that the [sic] do not violate the rights or prohibitions of this Ordinance.**

Plaintiff challenges Section 5 as:

> 1) unenforceable as it is preempted by Pennsylvania's Limited Liability Companies Law;
>
> 2) unenforceable as it is preempted by the Second Class Township Code;
>
> 3) violative of the Supremacy Clause of the U.S. Constitution;
>
> 4) violative of the Equal Protection Clause; and
>
> 5) violative of the Petition Clause of the First Amendment.

*The Preemption Challenge to Section 5(a)*

*Pennsylvania's Limited Liability Companies Law*

Plaintiff alleges that the Ordinance, which purports to divest corporations of their rights

as "persons" is preempted by the Pennsylvania Limited Liability Companies Law. Plaintiff

alleges that by enacting the statute, the Commonwealth of Pennsylvania intended to preempt

18

municipal regulation of a company's status as a natural person. Plaintiff alleges that Section 5(a) purports to strip companies of their status as natural persons. ECF No. 5, Count XI, ¶¶ 98-102.[7]

Pennsylvania's 15 Pa.C.S. § 8921(a) provides that LLCs "shall have the legal capacity of natural persons to act," while Section 5(a) of the Ordinance purports to divest corporations of their rights as "persons." The language of the two sections is precisely opposite of the other. There is a direct conflict between these two provisions. Because it irreconcilably conflicts with the Limited Liability Companies Law, Section 5(a) of the Community Bill of Rights Ordinance cannot stand. See Western Pa. Restaurant Ass'n v. City of Pittsburgh, 77 A.2d 616, 620 (Pa. 1951) ("It is of course self-evident that a municipal ordinance cannot be sustained to the extent that it is contradictory to, or inconsistent with, a state statute."). Accordingly, Section 5(a) is unenforceable as preempted by state law.

*The Preemption Challenge to Sections 5(a) and (b)*

*Second Class Township Code*

Next, Plaintiff alleges that Sections 5(a) and (b) of the Ordinance are preempted by the Second Class Township Code at 53 P.S. § 66506 which allows township supervisors to adopt ordinances that are "not inconsistent with or restrained by the ... laws of this Commonwealth." ECF No. 5, Count VIII, ¶ 78, quoting 53 P.S. § 66506. Plaintiff alleges that the Second Class Township Code regulates the remedies that may be utilized to challenge the legality of an ordinance, providing that "any person aggrieved by the adoption of any ordinance may make

---

[7] In opposition to the motion for judgment, Defendant makes the same argument as it has made to each of Plaintiff's preemption claims: the doctrine of preemption should be ignored because the source of the Ordinance is not municipal corporate power, but the alleged natural and inherent right of local community self government. The Court has already rejected this unsupported notion.

19

complaint as to the legality of the ordinance to the court of common pleas." Id. at ¶ ¶ 79-80, citing 53 P.S. § 66601(f). Plaintiff alleges that by purporting to strip violators of the Ordinance of their right to make complaints to the court of common pleas, Sections 5(a) and (b) of the Ordinance are in direct conflict with 53 P.S. § 66601(f) of the Second Class Township Code. Id. at ¶ 82.

Pennsylvania's 53 P.S. § 66601(f) provides that those aggrieved by the adoption of any local ordinance may challenge the legality of the ordinance to the court of common pleas. Here the language of the Second Class Township Code is clear in its intent to provide legal recourse in the courts of common pleas to those aggrieved by a local ordinance. Meanwhile, Section 5(a) of the Community Bill of Rights Ordinance provides that violators of the Ordinance will not "possess any other legal rights" including "the power to assert state or federal preemptive laws in an attempt to overturn this Ordinance." By attempting to eliminate legal recourse to the court of common pleas, Section 5(a) of the Ordinance is in direct conflict with the Second Class Township Code and is therefore preempted.

Section 5(b) of the Community Bill of Rights Ordinance provides that the rights and prohibitions within the Ordinance shall trump "laws adopted by the legislature of the state of Pennsylvania, and rules adopted by any State agency" in situations where there is a conflict between state and local law. The can be no doubt that here the state statute at § 66506 and the local provision are diametrically opposed to each other. In such a situation, the state law preempts the local Ordinance. Therefore, Section 5(b) of the Ordinance cannot stand as it is preempted by the state law.

20

*The Federal Constitutional Challenges to Section 5(a)*

Plaintiff moves for judgment on the pleadings on its Supremacy Clause, Equal Protection Clause, and Petition Clause challenges to the constitutionality of Section 5(a) of the Community Bill of Rights Ordinance. However, because Section 5(a) of the Ordinance is preempted by both Pennsylvania's Limited Liability Companies Act and the Second Class Township Code, this Court need not undertake an analysis as to whether Section 5(a) also violates the Supremacy Clause, the Equal Protection Clause or the First Amendment. See Spector Motor, 323 U.S. at 105.

### Conclusion

For the reasons stated in this Memorandum Opinion, Defendant's motion for judgment on the pleadings will be denied.

Plaintiff's motion for judgment on the pleadings will be granted in part and denied in part. Plaintiff's motion will be denied on the basis of preemption under the Oil & Gas Act. Judgment will be granted in favor of Plaintiff in the following regards:

- Because Sections 3(a) and (b) of the Community Bill of Rights Ordinance were enacted without legal authority in violation of the Second Class Township Code, these sections are invalid;

- Because Sections 3(a) and (b) of the Community Bill of Rights Ordinance are exclusionary in violation of Pennsylvania law, they are invalid;

- Because Sections 4(b) and (c) of the Community Bill of Rights Ordinance were enacted without legislative authority in violation of the Second Class Township Code, these Sections are invalid;

21

- Because Section 5(a) of the Community Bill of Rights Ordinance is preempted by the Limited Liability Companies Law, this Section is invalid; and

- Because Sections 5(a) and (b) of the Community Bill of Rights Ordinance are preempted by the Second Class Township Code, they are invalid.

Based on the foregoing, Grant Township will be enjoined from enforcing Sections 3(a) and (b), Sections 4(b) and (c), and Sections 5(a) and (b) of the Community Bill of Rights Ordinance.

An appropriate order will be entered.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 14, 2015