IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GENERAL ENERGY )
COMPANY, LLC, )
    Plaintiff )
)    C.A.No. 14-209ERIE
vs. )
)
GRANT TOWNSHIP, )    Magistrate Judge Baxter
    Defendant. )

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

    Plaintiff Pennsylvania General Energy Company, LLC, ("PGE") filed this action challenging the constitutionality, validity and enforceability of an ordinance adopted by Grant Township that established a so-called Community Bill of Rights, which prohibits Plaintiff's ability to operate in Grant Township. Plaintiff seeks relief against Defendant Grant Township on the grounds that the Ordinance purports to strip Plaintiff of its federal constitutional rights. Additionally, Plaintiff contends that the Ordinance is in direct conflict with a number of Pennsylvania statutes and is therefore preempted. Defendant Grant Township has filed a counterclaim alleging that by challenging the Ordinance, PGE is violating the inalienable rights of the people of its Townships to "local community self government." Two motions to intervene in the dispute are currently before the Court.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

First, a Pennsylvania nonprofit trade association representing individuals and corporations involved in the oil and gas industry in the Commonwealth moved to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure to challenge the Defendant's Ordinance. ECF No. 16. Pennsylvania Independent Oil & Gas Association ("PIOGA") has at least five member oil and gas well operators in Grant Township affected by the terms of the Community Bill of Rights Ordinance. This motion is opposed by Defendant Grant Township. ECF No. 32.

Second, two proposed intervenors, East Run Hellbenders Society, Inc. ("Hellbenders") and the Little Mahoning Watershed, filed a single motion to intervene seeking to defend the Ordinance pursuant to Fed.R.Civ.P. Rule 24(a), and, alternatively, Fed.R.Civ.P. 24(b). ECF No. 37. Hellbenders is a self-described advocacy group organized in April of 2014 "in response to PGE's planned injection well and residents' desire to exercise their right of local community self government to protect their health, safety, welfare, and natural environment." ECF No. 38, page 5. Hellbenders was the primary advocate for the Community Bill of Rights Ordinance. Id. at page 7; ECF No. 37-3, ¶ 29; ECF No. 37-4, ¶ 23; and ECF No. 37-5, ¶¶ 15, 21. The Little Mahoning Watershed "is an ecosystem that encompasses certain aquatic and terrestrial ecosystems associated with Little Mahoning Creek," including the tributaries East Run Creek and Mill Run Creek, and the ground water systems below Grant Township. ECF No. 37, ¶¶ 7, 8. Plaintiff opposes the intervention of Hellbenders and the Little Mahoning Watershed. ECF No. 45.

The facts of this case are well set out in the Memorandum Opinions filed this date determining motions to dismiss and for judgment on the pleadings and will not be repeated here. Neither motion to intervene was untimely filed so to be a burden to the other side. Instead, the

2

arguments against intervention focus mainly on the appropriateness and necessity of each of the proposed intervenors. In addition, with the Little Mahoning Watershed, an issue of standing is also raised.

## Rule 24 of the Federal Rules of Civil Procedure

Rule 24 provides for intervention as a matter of right and permissive intervention. Fed.R.Civ.P. 24(a) and (b). To qualify for intervention as a matter of right, four requirements must be met: 1) the application must be timely, 2) the applicant must have sufficient interest in the lawsuit, 3) the interest must be affected or impaired by the disposition of the lawsuit, and 4) the interest must not be adequately represented by an existing party. Fed.R.Civ.P. 24(a)(2); United States v. Territory of the Virgin Islands, 748 F.3d 514, 519 (3d Cir. 2014). In contrast, permissive intervention relies upon the discretion of the Court when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). Important considerations for the Court in making this determination are whether intervention would prejudice a party by delay or otherwise, and whether intervention is necessary to protect rights that are not identical to an existing party. Virgin Islands, 748 F.3d at 524.

## PIOGA's Motion to Intervene

PIOGA moves for permissive intervention under Fed.R.Civ.P. 24(b). ECF No. 16, ¶ 9. As its motion was filed early in the case, such that Defendant is not prejudiced by the timing of the proposed intervention, the pivotal inquiry for the Court is whether PIOGA has particular interests that are not protected by Plaintiff. PIOGA agrees that the claims brought in the action by Plaintiff describe its issues as well – mainly, that its members may continue exploring and

3

developing oil and natural gas business, including managing brine and produced fluids generated from operating gas wells, in Grant Township. ECF No. 16, ¶ 5. Despite this, PIOGA argues that as an industry trade association its concerns and interests extend beyond Plaintiff's to the industry as a whole. In this regard, PIOGA represents businesses that operate under different contracts or leases from Plaintiff's in Grant Township. In addition, PIOGA claims that the events as they play out in this case will affect members' businesses across the Commonwealth and beyond. ECF No. 42.

Defendant makes two main arguments in opposition to PIOGA's intervention: 1) there are no common claims as the Ordinance does not affect "temporary" storage of oil and gas waste materials at the members' well sites and no PIOGA member is in violation of the Ordinance currently; and 2) Plaintiff adequately represents PIOGA's interests without intervention.

As to the first argument – that there are no common claims – Defendant is off the mark. In fact, Defendant's arguments are similar to those it regularly makes in filings and oral argument attempting to limit this action in terms of whether or not Plaintiff is able to dispose of its oil and gas waste at the Yanity Well site. On the contrary, despite the fact that this case **may** affect Plaintiff's operations in that regard, the claims of the Amended Complaint are much more far-reaching than Defendant's description of them. This is discussed more fully in the Memorandum Opinion on Defendant's motion to dismiss based on standing, to which the parties are referred. See ECF No. 111; ECF No. 113.

In its Amended Complaint, Plaintiff charges that the Ordinance violates its federal constitutional rights and is pre-empted by state law, among other things. These claims are also PIOGA's members' claims, not only those with lease contracts in Grant Township, but also those members who may face this type of local legislation in other places within the Commonwealth.

4

For example, the claims in the Amended Complaint that the Ordinance violates Plaintiff's rights under the First Amendment, the Contract Clause and the Due Process Clause of the United States Constitution and is preempted by several state laws are the precise claims that PIOGA's members have with the Ordinance. For its part, Defendant's argument that the Ordinance does not affect "temporary" storage of wastes – whether or not that is borne out by the language of the Ordinance itself – is irrelevant to whether the Ordinance forbids access to the courts to challenge its terms or whether the Ordinance purports to void existing lease contracts, for example. These are some of the common issues between Plaintiff and PIOGA's members and these are the claims in the Amended Complaint.

Importantly for the inquiry here, there are some differences. The members of PIOGA have separate business relationships, operations and contracts in Grant Township from those of Plaintiff, which makes Plaintiff's representation of them insufficient for challenging the Ordinance without intervention. PIOGA also raises a claim under the Pennsylvania Constitution that is not made by PGE. See ECF No. 16-1, Proposed Intervenor Complaint, Count VII. These details are the essence of the considerations a court must make in exercising its broad discretion whether to permit intervention under Rule 24(b). Because the interests of PIOGA's members are directly affected by the outcome of this litigation and because those interests are not identical to Plaintiff's, permissive intervention is appropriate. This Court will not file PIOGA's Intervenor Complaint, however, which is attached as Exhibit 1 to its motion [ECF No. 16-1], without providing it sufficient time to amend in conjunction with the rulings made today.

5

### Hellbenders and Little Mahoning Watershed's Motion to Intervene

Hellbenders and the Little Mahoning Watershed move together to intervene to support Defendant Grant Township in its pursuit of protecting the health, safety, welfare and natural environment of its community through legislation such as the Ordinance in this case. ECF No. 38. Although Hellbenders and the Little Mahoning Watershed seek to intervene in support of Grant Township's answer and affirmative defense, they do not seek to intervene in Grant Township's assertion of a counterclaim. See ECF No. 37-2, Proposed Intervenor Answer.

These Intervenor Applicants move for intervention both as of right and, alternatively, by permission. As to their motion seeking to intervene as of right, the analysis follows the four elements listed in Rule 24(a)(2), without the broad discretion afforded by Rule 24(b). The first three elements – timeliness, sufficient interest and interests affected by the lawsuit – are well-alleged by the Intervenor Applicants and not contested by Plaintiff, so no analysis is required here. The fourth element – the adequacy of Defendant's representation – is where the Court will base its determination.

It is vital to discuss at the outset that a presumption arises that there is an adequacy of representation when the party in the action representing the interests of the intervenor applicant is the government. Thus, if this presumption is not rebutted, the motion fails. Virgin Islands, 748 F.3d at 520. In this regard, "a potential intervenor can only overcome the presumption and thereby intervene by making a 'compelling showing ... to demonstrate why [the government's] representation is not adequate.'" Id. quoting Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir.1995).

Intervenor Applicants did not acknowledge this presumption in their moving papers and instead argued that their showing in this regard need only be minimal. ECF No. 38, page 16. The

6

crux of their argument is: "Allowing Hellbenders and the Little Mahoning Watershed to intervene in these circumstances advances a 'major premise of intervention – the protection of third parties affected by pending litigation.'" Id. at page 1, quoting Kleissler v. U.S. Forest Service, 157 F.3d 964, 971 (3d Cir. 1998).

Plaintiff opposed the motion on several grounds, but as to this point, insisted that clear and convincing evidence must be presented to rebut the presumption of adequacy of representation by Defendant. Relying heavily on the Virgin Islands case, as well as other Third Circuit precedent, Plaintiff argued that Hellbenders and the Little Mahoning Watershed share the same interests and goals as Defendant Grant Township. Moreover, Plaintiff argued that the Intervenor Applicants provided no evidence, let alone clear and convincing evidence, to rebut the presumption that Defendant did not represent their interests by vigorously defending the Ordinance. ECF No. 45.

In reply, reliance is made on the Kleissler case, which permitted a lighter standard to rebut the presumption in cases where "an agency's views are necessarily colored by its view of the public welfare rather than the more parochial view of a proposed intervenor whose interest is personal to it." Kleissler, 157 F.3d at 972 (citations omitted). Because the Third Circuit discussed at length in the Virgin Island case the distinction between the use of the clear and convincing standard and the relaxed standard for rebutting the presumption, instruction is sought there.

The Third Circuit agreed with the ruling in the Keissler case that the relaxed standard is only appropriate where a conflict exists "between the intervenors' direct economic interests and the government's shifting public policy interests." Virgin Islands, 748 F.3d at 521. In Keissler, the government agency was re-thinking its policy regarding timber removal contracts to reflect more conservation concerns. Entities who relied on the revenue generated by the contracts,

7

including school districts, sought to intervene in the litigation determining the validity of those contracts. In such a case, the strictly monetary interests of the intervenors could conflict with the governmental interest of balancing revenue with new conservation policies.

No such conflict existed in the Virgin Islands case where an inmate sought to intervene in a civil rights action brought by the United States government to improve prison conditions. In that case, the intervenor applicant quoted directly from the government's pleadings in his own filings and received the same benefit from the government's efforts to improve the conditions there. The Court held that clear and convincing evidence was required in such a situation where the "'personal' and 'parochial' views of the proposed intervenor align with the constitutional interests of the particular government agency." Virgin Islands, 157 F.3d at 524 (citations omitted). In short, when the benefits are the same to the government-party and the intervenor, clear and convincing evidence is needed to rebut the presumption.

That is precisely the case here. The benefits from successfully defending the Ordinance are spelled out in the Ordinance itself. These are the precise results -- health, safety, welfare and natural environment protection – sought by the Intervenor Applicants to the benefit of the area encompassed by the Little Mahoning Watershed. In addition, the rights of the residents of Grant Township are enumerated in the Ordinance, such that the defense of the Ordinance in this action necessarily defends the proposed Intervenor Hellbenders' members as well. The mission of the incorporated organization aligns exactly to the terms of the Ordinance being defended by Grant Township, as well it should since Hellbenders advocated for the adoption of the Community Bill of Rights Ordinance.

As to the issue of whether the Little Mahoning Watershed, an ecosystem, has standing under the law, no determination need be made here. Clear and convincing evidence has not been

8

produced to show that Defendant's vigorous defense of the Ordinance, the terms of which protect the Watershed in all of its locations, do not line up precisely.

Finally, and alternatively, these Intervenor Applicants suggest that if they do not qualify for intervention as of right, the Court should grant them permissive intervention. Because the discretionary decision for permissive intervention relies heavily on the adequacy of representation of the proposed intervenors' interests, permissive intervention is also inappropriate for the reasons discussed above. Neither Hellbenders nor the Little Mahoning Watershed is appropriately intervened here.

An appropriate order will issue.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 14, 2015