UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No.: 1:14-cv-209 Magistrate Judge Susan Paradise Baxter **MOTION FOR SUMMARY JUDGMENT ON GRANT TOWNSHIP'S COUNTERCLAIM - RIGHT OF LOCAL, COMMUNITY SELF- GOVERNMENT** *Electronically Filed* |
| Plaintiff, | | |
| PENNSYLVANIA INDEPENDENT OIL AND GAS ASSOCIATION, | | |
| Plaintiff-Intervenor, | | |
| v. | | |
| GRANT TOWNSHIP, | | |
| Defendant. | | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  *AND NOW*, comes the Defendant Grant Township and files this Motion for Summary Judgment on its Counterclaim, and on the unresolved claims remaining in the original complaint filed in the above-captioned action, for the following reasons:

1

*Background and History*

1. On June 3, 2014, Grant Township adopted a Community Bill of Rights Ordinance [hereinafter "Ordinance"] creating a local bill of rights, banning activities in the Township that would violate those rights, and elevating those rights above competing rights claimed by corporations and other business entities. [ECF Doc. 1-1].

2. On August 12, 2014, Plaintiff Pennsylvania General Energy Company, LLC [hereinafter "PGE"] filed the instant action against Grant Township – seeking to invalidate and nullify Grant's Ordinance - and on September 16, 2014, PGE filed an amended complaint. [ECF Docs. 1, 5].

3. On October 13, 2014, Grant Township filed an Answer to PGE's amended complaint, which included a Counterclaim asserting that PGE's claims, if enforced, would violate the right of the people of Grant Township to local, community self-government, and asking for dismissal of this action. [ECF Doc. 10].

4. That Counterclaim asserted that the people of Grant Township possess a right of local, community self-government which is recognized and secured by their local Ordinance, the Pennsylvania Constitution, and the United States Constitution. [ECF Doc. 10 at 22-29].

5. That Counterclaim asserted that the people of Grant Township possess a federal constitutionally-secured right of local, community self-government through the United States' Constitution's incorporation of the principles of the Declaration of Independence and through the Ninth Amendment to the Constitution. [ECF Doc. 10 at 23].

6. On November 3, 2014, PGE filed an Answer to Grant's Counterclaim. [ECF Doc. 22].

7. On December 15, 2014, PGE and Grant Township filed motions for judgment on the pleadings. [ECF Doc. 50, 52].

8. PGE's motion for judgment on the pleadings sought judgment from this Court on all counts except for Count IV (substantive due process deprivation), Count V (procedural due process deprivation), Count VI (contract clause violation), and Count XII (sunshine act claim). [ECF Doc. 50, Doc. 113 at 9, fn. 4].

9. On October 14, 2015, this Court granted PGE's motion for judgment on the pleadings, in part, overturning certain sections of the Ordinance, including the Ordinance's ban on frack wastewater injection wells. [ECF Doc. 113].

10. On that same date, this Court denied Grant Township's motion for judgment on the pleadings, holding that the people of Grant Township lacked a right of local, community self-government sufficient to defeat PGE's claims. [ECF Doc. 113].

11. In this Court's October 14, 2015 denial of Grant's motion for judgment on the pleadings, this Court stated that Grant had failed to provide any "legal precedent" to support its assertion of the existence of a constitutional right of local, community self-government. [ECF Doc. 113 at 9].

12. In its brief supporting this motion for summary judgment, Grant provides this Court with additional legal precedent for a finding that a constitutional right of local, community self-government exists, and that enforcement of claimed constitutional "rights" by PGE would violate that right of local, community self-government.

*Grant Township's Counterclaim*

13. Grant Township's Counterclaim may be resolved through summary judgment, as there are no issues of material fact to be resolved.[1]

14. In its Counterclaim, Grant Township asserts that PGE's action – which seeks to invalidate and nullify Grant's Ordinance through application of several legal doctrines - violates the federally-secured constitutional right of the people of Grant Township to local, community self-government. [ECF Doc. 10 at 18-30].

15. In its Counterclaim, Grant Township asserts that PGE's requested relief cannot be granted by this Court without violating that federally-secured right. [ECF Doc. 10 at 28].

*The Constitutional Right of Local, Community Self-Government*

16. The right of local, community self-government is an inherent, fundamental, and inalienable right held by each individual person residing within Grant Township, and that right has been asserted collectively by the residents of Grant Township through their passage of Grant's Ordinance. [ECF Doc. 1-1].

17. The right of local, community self-government is secured by the history of this country, the national Declaration of Independence, the United States Constitution, and by Article 1, §2, and Article 1, §25 of the Pennsylvania Constitution.

---

[1] As with all civil and political rights, of course, while the existence of a right can be deemed a question of law, the existence and accrual of such a right (and the effects of the right on certain legal powers) could also be deemed to be a question of fact by this Court, resolution of which would be appropriate through trial and inappropriate through summary relief.

18. The preamble and Ninth Amendment to the United States Constitution protects the federally-secured right of local, community self-government, and the Fifth and Fourteenth Amendments to the United States Constitution protect the federally-secured right of local, community self-government as part of their protection of due process and liberty interests for all citizens of the United States.

19. The right of local, community self-government is a liberty "so rooted in the traditions and conscience of our people as to be ranked as fundamental," and thus, is a liberty protected by the Fifth and Fourteenth Amendments to the United States Constitution. *United Public Workers v. Mitchell*, 330 U.S. 75, 94-95 (1947).

20. The right of local, community self-government is "of such a character that it cannot be denied without violating those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.'" *Powell v. Alabama*, 287 U.S. 45, 57 (1932).

21. The right of local, community self-government has been recognized and enforced by the Pennsylvania Supreme Court. *See, e.g.*, *Commonwealth v. McElwee*, 327 Pa. 148, 193 A.628 (Pa. 1937).

22. The right of local, community self-government has been recognized and enforced by other courts in the United States. *See, e.g., People v. Hurlbut*, 24 Mich. 44 (1871) (declaring that "our constitution cannot be understood or carried out at all, except on the theory of local self-government").

23. The right of local, community self-government is secured by §2(a) of the Ordinance. [ECF Doc. 1-1 at §2(a)].

24. The right of local, community self-government includes the right to a system of government legally capable of protecting the civil and political rights of the people within the locality, and a system of government which recognizes the political sovereignty of the people who reside within the locality.

25. The right of local, community self-government includes the right to alter or abolish those systems of government which do not recognize the sovereignty of the people living within the municipality, and those systems of government which have been rendered incapable of protecting the civil and political rights of the people within the municipality.

### *The Ordinance and the Right of Local, Community Self-Government*

26. Through their adoption of the Community Bill of Rights Ordinance, the people of Grant Township have recognized that their current municipal system of governance has failed to meet those standards, and they acted – pursuant to their right of local, community self-government – to change their system of local government. [ECF Doc. 1-1 at ¶¶ 4-7].

27. The Ordinance adopted by the people of the Township establishes a new system of municipal governance in which certain local enactments cannot be nullified by corporate "rights," by certain types of governmental preemption, or by Dillon's Rule. [ECF Doc. 1-1 at §3(b), §5(a), §5(b)].

28. The Ordinance explicitly secures the "right to local self-government" to the people of Grant Township in the text of the Ordinance. [ECF Doc. 1-1 at §2(a)].

*PGE's Violation of the Right of Local, Community Self-Government – Corporate "Rights"*

29. Through its underlying action, Plaintiff PGE seeks to invalidate the Community Bill of Rights Ordinance by asserting the doctrine of corporate "rights."

30. The existence and application of the doctrine of corporate "rights" violates the people of Grant Township's right of local, community self-government because the doctrine elevates corporate "rights" above the right of the people of Grant Township to adopt the Ordinance; and thus, the assertion of corporate "rights" nullifies the ability of the people of Grant Township to change their structure of government.

31. PGE's assertion of corporate "rights" to nullify the Ordinance is explicitly prohibited by provisions of the Ordinance. [ECF Doc. 1-1 at §5(a)].

32. Corporations and other business entities are incapable of possessing constitutionally-based rights because they are property, not persons.

33. The doctrine of corporate "rights" violates the right of the people of Grant Township to local, community self-government and violates the provisions of the Community Bill of Rights Ordinance, and is therefore, illegal and unconstitutional.

*PGE's Liability Under 42 U.S.C. §1983*

34. PGE, as a private actor, may be held liable for violating the people of Grant Township's unalienable right of local, community self-government because the right contains no requirement of state action. [ECF Doc. 1-1 at §2(a)].

35. Alternatively, PGE, as a state actor, may be held liable for violating the people of Grant Township's right of local, community self-government.

36. PGE, through its board of directors, when it acts to violate the right of the people of Grant Township to local, community self-government, is acting "under color of state law" within the meaning of 42 U.S.C. §1983, because PGE is a company chartered by the state, and the board seeks to use powers given to it by government to directly nullify the people's exercise of their right of local, community self-government.

37. A municipal corporation may be considered a "person" for purposes of the application of 42 U.S.C. §1983.

### *Relief Sought*

38. Grant Township respectfully requests the following relief:

    (1) a declaration that corporate constitutional "rights," as asserted by PGE, violate the constitutional right of the people of Grant Township to local, community self-government;

    (2) a declaration that PGE is liable to Grant Township for seeking to violate the secured right of local, community self-government;

    (3) permanent injunctive relief enjoining PGE from violating the right of the people of Grant Township to local, community self-government;

    (4) fees and costs incurred in this action, including all reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and any other relief that this Court deems just and equitable under the circumstances;

    (5) Grant requests oral argument prior to disposition of this motion.

**Respectfully submitted this *8th*  Day of *January*, 2016.**

                                     ***/s Thomas Alan Linzey***
                                     Thomas Alan Linzey, Esq.
                                     Community Environmental Legal Defense Fund
                                     P.O. Box 360
                                     Mercersburg, Pennsylvania 17236
                                     (717) 977-6823 (c)
                                     (717) 498-0054 (v)