**UNITED STATES DISTRICT COURT**
**THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C., | ) ) Civ. No.: 1:14-cv-209 |
| | ) Magistrate Judge |
| Plaintiff, | ) Susan Paradise Baxter |
| | ) |
| PENNSYLVANIA INDEPENDENT OIL AND GAS ASSOCIATION, | ) ) |
| | ) **GRANT TOWNSHIP'S** |
| | ) **CONCISE STATEMENT OF** |
| Plaintiff-Intervenor, | ) **MATERIAL FACTS IN** |
| | ) **SUPPORT OF MOTION FOR** |
| v. | ) **SUMMARY JUDGMENT** |
| | ) |
| GRANT TOWNSHIP, | ) |
| | ) |
| | ) *Electronically Filed* |
| Defendant. | ) |

**GRANT TOWNSHIP'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*AND NOW*, comes the Defendant Grant Township and files this *Concise Statement of Material Facts in Support of its Motion for Summary Judgment*:

1. On June 3, 2014, Grant Township unanimously adopted a Community Bill of Rights Ordinance [hereinafter "Ordinance"] creating a local bill of rights for the people of Grant Township, which banned the permanent deposition of oil and gas waste within the Township. [ECF Doc. 1-1].

1

2. The Ordinance recognized that "the depositing of waste from oil and gas extraction is economically and environmentally unsustainable, in that it damages property values and the natural environment, and places the health of residents at risk, while failing to provide real benefits to the people of this community." *Id*. at ¶1.

3. The Ordinance recognized that "the depositing of waste from oil and gas extraction violates the rights of Grant Township residents, including our right to make decisions about what happens to the places where we live." *Id*. at ¶2.

4. The Ordinance recognized that "private corporations engaged in the depositing of waste from oil and gas extraction are wrongly recognized. . . as having more 'rights' than the people who live in our community, and thus, recognition of corporate "rights" is a denial of the rights of the people of Grant Township." *Id*. at ¶3.

5. The Ordinance recognized that "such denials violate the inherent right of people to local self-government, the guarantees of the Pennsylvania Constitution, and the guarantees of the Declaration of Independence and the United States Constitution." *Id*. at ¶4.

6. The Ordinance contained the following provisions, among others:

    a. A guarantee of the rights of Grant residents to local self-government; clean air, water, and soil; scenic preservation, a sustainable energy future, and to enforcement of the Ordinance. [ECF Doc. 1-1 at §2].

    b. A ban on the permanent deposition of waste from oil and gas extraction within Grant Township as a prohibition necessary to secure the protections afforded by the local bill of rights. [ECF Doc. 1-1 at §3(a)].

    c. As necessary for its enforcement, the Ordinance elevated the local bill of rights over competing powers and "rights" claimed by corporations, other business entities, and other governments. [ECF Doc. 1-1 at §5].

    d. The creation of a new system of municipal governance in which certain local enactments cannot be nullified by corporate "rights," by certain types of governmental preemption, or by Dillon's Rule. [ECF Doc. 1-1 at §3(b), §5(a), §5(b)].

    e. An explicit securing of the "right to local self-government" to the people of Grant Township in the text of the Ordinance. [ECF Doc. 1-1 at §2(a)].

7. On August 12, 2014, Plaintiff Pennsylvania General Energy Company, LLC [hereinafter "PGE"] filed the instant action against Grant Township – seeking to invalidate and nullify the Ordinance in order to create and operate a frack wastewater injection well - and on September 16, 2014, PGE filed an amended complaint. [ECF Docs. 1, 5].

8. PGE intends to inject radioactive materials (barium, radium, and strontium), Toluene, Dichloroethane, Bromofluorobenzene, Dibromofluoromethane, lithium, ammonium hydroxide, hydrazine, isopropanol, and other toxic contaminants and chemical constituents as part of its injection operations in the form of oil and gas wastes, into its proposed frack wastewater injection well located in Grant Township. [ECF Doc. 150 at ¶12].

9. One of the chemical components of one of the bactericides to be injected into the proposed well, polyoxyalkylene, is listed as a "trade secret," with the corresponding Material Safety Data Sheet (MSDS) listing its toxicity as "not available." [ECF Doc. 150 at ¶14].

10. In its complaint and amended complaint, PGE sought to override Grant's ban on the deposition of oil and gas wastes through the enforcement of powers and "corporate rights" claimed by the company, as well as through an assertion of the preemptive powers of other governments. [ECF Docs. 1, 5].

11. On October 13, 2014, Grant Township filed a Counterclaim to PGE's amended complaint, asserting that PGE's claims - if enforced by this Court - would violate the right of the people of Grant Township to local, community self-government, and asked for dismissal of this action. [ECF Doc. 10].

12. On October 14, 2015, this Court granted, in part, PGE's motion for judgment on the pleadings on certain counts; denied Grant's motion for judgment on the pleadings, and invalidated six sections of the Ordinance. [ECF Doc. 113].

13. Grant Township asserts that PGE's action – which seeks to invalidate Grant's Ordinance through application of several legal doctrines which are, in turn, nullified by the Ordinance - violates the local, state, and federally-secured constitutional right of the people of Grant Township to local, community self-government. [ECF Doc. 10 at 18-30].

14. In its Counterclaim, Grant Township asserts that PGE's requested relief cannot be granted by this Court without violating the people's right to local, community self-government. [ECF Doc. 10 at 28].

15. In its Counterclaim, Grant Township asserts that the violation of the people's constitutional right to local, community self-government makes PGE liable to Grant Township for that violation. [ECF Doc. 10 at 28-30].

16. In its Counterclaim, Grant Township asserted the following arguments:

   a. That the right of local, community self-government is an inherent, fundamental, and inalienable right held by each individual person residing within Grant Township, and that the right has been asserted collectively by the residents of Grant Township through their passage of Grant's Ordinance. [ECF Doc. 1-1].

   b. That the right of local, community self-government is secured by the history of this country, the national Declaration of Independence, the United States Constitution, and by Article 1, §2, and Article 1, §25 of the Pennsylvania Constitution. [ECF Doc. 10 at 22].

   c. That the preamble and Ninth Amendment to the United States Constitution protects the federally-secured right of local, community self-government, and the Fifth and Fourteenth Amendments to the United States Constitution protect the federally-secured right of local, community self-government as part of their protection of due process and liberty interests for all citizens of the United States. [ECF Doc. 10 at 23].

   d. That the right of local, community self-government is a liberty "so rooted in the traditions and conscience of our people as to be ranked as fundamental," and thus, is a liberty interest protected by the Fifth and Fourteenth Amendments to the United States Constitution. *United Public Workers v. Mitchell*, 330 U.S. 75, 94-95 (1947). [ECF Doc. 10 at 22].

e. That the right of local, community self-government is "of such a character that it cannot be denied without violating those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.'" *Powell v. Alabama*, 287 U.S. 45, 57 (1932). [ECF Doc. 10 at 22].

f. That PGE's action infringes the right of local, community self-government held by the residents of Grant Township and that given significant governmental involvement in the creation and enabling of PGE, that PGE can be considered to be a state actor and thus, liable under 42 U.S.C. §1983. [ECF Doc. 10 at 24-29].

17. The right of local, community self-government has been recognized and enforced by the Pennsylvania Supreme Court. *See, e.g.*, *Commonwealth v. McElwee*, 327 Pa. 148, 193 A.628 (Pa. 1937).

18. The right of local, community self-government has been recognized and enforced by other courts in the United States. *See, e.g., People v. Hurlbut*, 24 Mich. 44 (1871) (declaring that "our constitution cannot be understood or carried out at all, except on the theory of local self-government").

19. Through its underlying action, Plaintiff PGE seeks to invalidate the Community Bill of Rights Ordinance by asserting the doctrine of corporate "rights." [ECF Doc. 5].

20. PGE's assertion of corporate "rights" to nullify the Ordinance is explicitly prohibited by provisions of the Ordinance. [ECF Doc. 1-1 at §5(a)].

21. As recognized by the Ordinance, the right of local, community self-government contains no requirement of state action. [ECF Doc. 1-1 at §2(a)].

22. A municipal corporation may be considered a "person" for purposes of the application of 42 U.S.C. §1983.

**Respectfully submitted this *8th*  Day of *January*, 2016.**

>*/s Thomas Alan Linzey*
>Thomas Alan Linzey
>Community Environmental Legal Defense Fund
>P.O. Box 360
>Mercersburg, Pennsylvania 17236
>(717) 977-6823 (c)
>(717) 498-0054 (v)