# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GENERAL ENERGY )
COMPANY, LLC, )
    Plaintiff )
)     C.A.No. 14-209ERIE
vs. )
)
GRANT TOWNSHIP, )     Magistrate Judge Baxter
    Defendant. )

## MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

### I.     Relevant Procedural History

Presently before this Court is Defendant's motion for reconsideration pursuant to Rule 60(b)(6), or alternatively Rule 59(e), of the Federal Rules of Civil Procedure. ECF No. 119. Defendant seeks reconsideration of this Court's Memorandum Opinion and Order denying its motion for judgment on the pleadings. ECF No. 113; ECF No. 114.

Plaintiff Pennsylvania General Energy Company, LLC, ("PGE") filed this action challenging the constitutionality, validity and enforceability of an ordinance adopted by Grant Township that established a so-called Community Bill of Rights Ordinance. Defendant Grant Township has filed a counterclaim alleging that by challenging the Ordinance, PGE is violating the inalienable rights of the people of its Township to "local community self-government."

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

The parties filed cross motions for judgment on the pleadings. By Opinion and Order filed October 14, 2015, this Court denied Defendant's motion for judgment on the pleadings and granted in part and denied in part Plaintiff's motion. ECF No. 113; ECF No. 114.

Thereafter, Defendant Grant Township filed the instant motion for reconsideration. ECF No. 119. Plaintiff filed an opposition (ECF No. 129), as did Plaintiff Intervenor PIOGA (ECF No. 130). Grant Township also filed Supplement to its Motion, along with fifty pages of attachments. ECF No. 150. Plaintiff filed Response to Supplement. ECF No. 151.

## II. Standard of Review

Motions for reconsideration are not explicitly recognized by the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). However, a motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule 59(e) or as a motion for relief from judgment under Federal Rule 60(b). Id. See also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (recognizing that a motion for reconsideration is usually the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e)).

"'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly." Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995). Furthermore, Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).

The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999).

Here, Defendant's motion is based on "the need to correct a clear error of law or fact or to prevent a manifest injustice." Defendant's burden is especially heavy in this regard. "[A] mere disagreement with the court does not translate into a clear error of law." Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007).

It follows from the remedial purpose of a motion for reconsideration that the standard of review relates back to the standard applicable in the underlying decision. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Accordingly, when a motion for reconsideration challenges a court's decision to grant or deny judgment on the pleadings, the standard set forth in Federal Rule 12 guides the analysis. So then, it is through the lens of Rule 12 that this Court must address the motion for reconsideration.[2]

---

[2] Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only when the movant "'clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Minnesota Lawyers Mut. Ins. Co. v. Ahrens, 432 Fed. App'x 143, 147 (3d Cir. 2011) quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). "The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." Zion v. Nassan, 283 F.R.D. 247, 254 (W.D. Pa. 2012). Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6), (h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is filed, whereas a Rule 12(c) motion can be made "[a]fter the pleadings are closed." A

## III. Defendant's Motion for Reconsideration

Defendant seeks reconsideration of the decision denying its motion for judgment on the pleadings claiming that the Court erred (1) in failing to expressly rule on whether the people of Grant Township have an inalienable right of local community self-government, and (2) by omitting consideration of the Pennsylvania Constitution's Environmental Rights Amendment as an independent legal basis for the Community Bill of Rights Ordinance. ECF No. 119, pages 1-2.

This Court carefully and painstakingly reviewed all of the voluminous filings before ruling on the cross motions for judgment on the pleadings. Based upon those filings and the record before it, and based upon the principle that a motion for judgment on the pleadings must be viewed in the light most favorable to the non-movant, this Court denied Defendant's motion holding:

> Defendant claims the right to local community self-government is deeply rooted in our nation's history and tradition. In support of its alleged right to local community self-government, Defendant undertakes a lengthy examination of historical documents such as the Mayflower Compact, the Exeter Compact of 1639, the Articles of Confederation for the United Colonies of 1643, and the Declaration of Independence, and analyzes historical events leading up to the American Revolution, such as the Second Continental Congress, the British Parliament's enactment of the Currency Acts in 1764, the Stamp Act Riots in 1765, and the Boston Tea Party.

---

court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings. Perelman v. Perelman, 919 F.Supp.2d 512, 521 (E.D. Pa. 2013). See also 2 James Wm. Moore et al., Moore's Federal Practice–Civil ¶ 12.38 (2010); Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196–97 (3d Cir.1993) (court should consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if plaintiff's claims are based on such documents). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

4

> Defendant seeks judgment upholding its Ordinance based solely upon these historical events. Defendant provides no precedential statute or constitutional provision authorizing its action other than its assertion that Plaintiff has no rights – from contracting to do business in Grant Township to bringing a lawsuit to complain about an ordinance – because it is not a person. This view is contrary to over one hundred years of Supreme Court precedent that established that corporations are considered "persons" under the United States Constitution. […]
>
> Defendant has provided no legal precedent to the contrary. Without a legal basis for its actions, as opposed to historical documents and events, this Court cannot provide the relief Grant Township seeks.[3] Defendant's motion for judgment on the pleadings will be denied.

ECF No. 113 (internal citations omitted), pages 5-8.

Defendant argues that this Court's analysis falls short because it does not specifically address some of the assertions made in Defendant's briefing. In particular, Defendant faults this Court for not specifically examining the claimed right to local community self-government as arising out of: 1) Article 1, § 2 of the Pennsylvania Constitution[4]; 2) the Preamble to the United States Constitution; 3) the Ninth Amendment to the United States Constitution; or 4) Pennsylvania Constitution's Environmental Rights Amendment.

---

[3] The relief requested by Defendant was: a declaration that the Ordinance is a constitutional and valid assertion of the right of the people of Grant Township to local, community self-government; a declaration that certain preemptive provisions of the Pennsylvania Oil and Gas Act are unconstitutional and invalid; a declaration that PGE is liable to Grant Township for seeking to violate the secured right of local, community self-government; a declaration that PGE is not a "person" and does not possess any other legal rights, privileges or protections – or the power to assert federal or state preemptive or conflicting law – which would interfere with the rights or prohibitions enumerated by the Ordinance; a declaration, as provided by § 5(b) of the Ordinance, that: all laws adopted by the legislature of the State of Pennsylvania, and rules adopted by any State agency, shall be the law of Grant Township only to the extent that they do not violate the rights or prohibitions of the Ordinance; preliminary and permanent injunctive relief enjoining PGE from violating the right of the people of Grant Township to local, community self-government; and fees. ECF No. 52, pages 8-9.

[4] Article I, § 2 reads: "All power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety and happiness. For the advancement of these ends they have at all times an inalienable and indefeasible right to alter, reform or abolish their government in such manner as they may think proper."

Grant Township fundamentally misunderstands the standard for judgment on the pleadings. Judgment on the pleadings is only appropriate when the movant "clearly established … that he is entitled to judgment as a matter of law." Ahrens, 432 Fed.App'x at 147. Grant Township failed to meet its burden in this regard. None of Defendant's cited sources provides definitive authority for Defendant's claimed right so as to provide the legal basis for the granting of a motion for judgment on the pleadings. The lack of clear legal precedent in support of Defendant's claimed right to self-government precludes the granting of judgment on the pleadings. Grant Township's motion for reconsideration is nothing more than an attempt to relitigate its motion for judgment on the pleadings, and accordingly, the motion will be denied. See In re Avandia Marketing, Sales Practices & Products Liability Litig., 2011 WL 4945713, at *1 (E.D. Pa. Oct.14, 2011) (reconsideration is not permitted to reargue matters the court already resolved or relitigate points of disagreement between the court and the moving party); Kennedy Indus., Inc. v. Aparo, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006) (a litigant who "fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one."); Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant").

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNSYLVANIA GENERAL ENERGY COMPANY, LLC,** | ) ) | |
| **Plaintiff** | ) ) | **C.A.No. 14-209ERIE** |
| **vs.** | ) ) | |
| **GRANT TOWNSHIP,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

**O R D E R**

AND NOW, this 5th day of February, 2016;

IT IS HEREBY ORDERED that Defendant's motion for reconsideration [ECF No. 119] is denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge