Exhibit A

UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C.<br><br>             Plaintiff,<br>vs.<br><br>GRANT TOWNSHIP,<br><br>             Defendant. | Case No. 1:14-cv-209<br><br>Judge J. Frederick Motz<br><br>*ELECTRONICALLY FILED* |

**COMPLAINT IN INTERVENTION**

Intervenor-Plaintiff Pennsylvania Independent Oil & Gas Association (PIOGA), by and through its undersigned counsel, files the within Complaint in Intervention pursuant to Federal Rule of Civil Procedure 24, and in support thereof, avers as follows:

1. PIOGA is a Pennsylvania nonprofit trade association with its principal place of business at 115 VIP Drive, Suite 210, Northridge Office Plaza II, Wexford, Pennsylvania 15090. PIOGA represents individuals and corporations with interests in Pennsylvania's oil and natural gas industry. PIOGA's members include oil and natural gas producers, drilling contractors, service companies, manufacturers, distributors, professional firms and consultants.

2. Defendant Grant Township, Indiana County, Pennsylvania ("Grant Township") is, and at all times relevant herein was, a political subdivision organized and existing under the Pennsylvania Second Class Township Code, 53 P.S. §§ 65101 *et seq*., with offices at 100 East Run Road, Marion Center, Pennsylvania 15759.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over PIOGA's federal law claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and over its state law claims pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4. PIOGA also seeks equitable relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this Court because the events and omissions giving rise to PIOGA's claims occurred and are occurring in the Western District of Pennsylvania.

6. Venue is also proper in this Court because Grant Township is located within the Western District of Pennsylvania.

**FACTUAL BACKGROUND**

7. On June 3, 2014, Grant Township adopted an Ordinance that bears a title reading an ordinance "[e]stablishing a Community Bill of Rights for the people of Grant Township, Indiana County, Pennsylvania, which prohibits activities and projects that would violate the Bill of Rights, and which provides for enforcement of the Bill of Rights" (the "Community Bill of Rights Ordinance"). The Community Bill of Rights Ordinance also grants to "natural communities" and "ecosystems" in Grant Township rights that the ordinance grants to the people of Grant Township. What is believed to be a true and correct copy of the Community Bill of Rights Ordinance, which was advertised in *The Indiana Gazette* on May 24, 2014, together with the May 24, 2014 advertisement, is attached hereto as Exhibit 1.

8. The Community Bill of Rights Ordinance: (i) is based upon a "right to local-self-government" Grant Township asserts is recognized and secured, and therefore authorized, by article I, Sections 2 and 25 of the Pennsylvania Constriction; and (ii) upon information and

belief, was adopted pursuant to duties that Grant Township asserts are provided to Grant Township by article I, Section 27 of the Pennsylvania Constitution. Pa. Const. art. I, §§ 2, 25, 27.

9. The Community Bill of Rights Ordinance expressly prohibits within Grant Township any corporation or government from "engag[ing] in the depositing of waste from oil and gas extraction" and invalidates any "permit, license, privilege, charter, or other authority issued by any state or federal entity which would violate [this prohibition] or any rights secured by [the Community Bill of Rights Ordinance], the Pennsylvania Constitution, the United States Constitution, or other laws." Exhibit 1 at §§ 3(a) and (b).

10. The Community Bill of Rights Ordinance defines "[c]orporations" as "any corporation, limited partnership, limited liability partnership, business trust, public benefit corporation, business entity, or limited liability company organized under the laws of any state of the United States or under the laws of any County." Exhibit 1 at § 1(a).

11. PIOGA has several members who operate oil and gas well wells in Grant Township, Pennsylvania, including Plaintiff Pennsylvania General Energy Company, L.L.C. (PGE), Kriebel Minerals, Inc., Texas Keystone, Inc., Energy Corporation of America, Penneco Oil Company, Inc. and XTO Energy, Inc.

12. The above-mentioned PIOGA members are "corporations" as the term is defined in the Community Bill of Rights Ordinance.

'13. "Depositing of waste from oil and gas extraction", as defined by the Community Bill of Rights Ordinance, includes, without limitation, the following:

> [T]he depositing, disposal, storage, beneficial use, treatment, recycling, injection, or introduction of materials including, but not limited to, brine, "produced water," "fract [sic] water," tailings, flowback or any other waste or by-product of oil and

>gas extraction, by any means. The phrase shall also include the issuance of, or application for, any permit that would purport to allow these activities.

Exhibit 1 at 1(b). For purposes of this Complaint in Intervention, the phrase "brine, 'produced water,' 'fract [sic] water,' tailings, flowback or any other waste or by-product of oil and gas extraction" will be referred to as "Oil and Gas Materials".

    14. The Community Bill of Rights Ordinance provides that corporations that violate or seek to violate the Community Bill of Rights Ordinance "shall not be deemed to be 'persons,' nor possess any other legal rights, privileges, powers, or protections which would interfere with the rights or prohibitions enumerated by this Ordinance. 'Rights, privileges, powers, or protections' shall include the power to assert state or federal preemptive laws in an attempt to overturn this Ordinance, and the power to assert that the people of the municipality lack the authority to adopt this Ordinance." Exhibit 1 at § 5(a).

    15. The Community Bill of Rights Ordinance also provides that "[a]ll laws adopted by the legislature of the State of Pennsylvania, and rules adopted by any State agency, shall be the law of Grant Township only to the extent that they do not violate the rights or prohibitions of this Ordinance." Exhibit 1 at § 5(b).

    16. The Community Bill of Rights Ordinance grants all residents of Grant Township the right to "enforce the rights and prohibitions secured by [the Community Bill of Rights Ordinance]", and the right "to intervene in any legal action involving rights and prohibitions of [the Community Bill of Rights Ordinance]." Exhibit 1 at § 2(f).

    17. The Community Bill of Rights Ordinance states that "[a]ny corporation or government that violates any provision of [the Community Bill of Rights Ordinance] shall be guilty of an offense and, upon conviction thereof, *shall* be sentenced to pay the maximum fine allowable under State law for that violation. Each day or portion thereof, and violation of each

section of [the Community Bill of Rights Ordinance], shall count as a separate violation." Exhibit 1 at § 4(a). (Emphasis added).

18. The Community Bill of Rights Ordinance provides that "Grant Township, or any resident of the Township, may enforce the rights and prohibitions of [the Community Bill of Rights Ordinance] through an action brought in any court possessing jurisdiction over activities occurring within the Township, in such an action, the Township or the resident shall be entitled to recover all costs of litigation, expert and attorney's fees." Exhibit 1 at § 4(b).

19. The Community Bill of Rights Ordinance further provides that "[a]ny action brought by either a resident of Grant Township or by the Township to enforce or defend the natural rights of ecosystems or natural communities secured by [the Community Bill of Rights Ordinance] *shall* bring that action in the name of the ecosystem or natural communities secured by [the Community Bill of Rights Ordinance] in a court possessing jurisdiction over activities occurring within the Township. Damages *shall* be measured by the cost of restoring the ecosystem or natural community to its state before the injury, and shall be paid to the Township to be used exclusively for the full and complete restoration of the ecosystem or natural community." Exhibit 1 at § 4(c). (Emphasis added).

20. Similar to PGE and as stated above, several of PIOGA's other members are also in the business of exploration and development of oil and natural gas in Grant Township, Pennsylvania, and their exploration and development activities necessarily include, among other things, managing Oil and Gas Materials generated from operating gas wells.

21. PIOGA's members currently producing oil and gas from wells in Grant Township operate with appropriate and active permits.

22. The operation of oil and gas wells unavoidably requires engaging in the activity of "depositing of waste from oil and gas extraction" since any producing oil and gas well will produce Oil and Gas Materials, which must be stored or otherwise managed at the well site temporarily until they are removed or further managed by the operator.

23. Several of PIOGA's members who operate oil and gas wells in Grant Township currently have tanks located on their well sites for the storage of Oil and Gas Materials generated from operating their wells.

24. As a direct and proximate cause of Grant Township's adoption of the Community Bill of Rights Ordinance, unless the relief requested by PIOGA is granted PIOGA's members will be effectively precluded from operating their oil and gas wells and will have to shut in the wells and seek more costly alternatives for managing produced fluids.

25. PIOGA's members have suffered and will continue to suffer injury and damages unless and until the Community Bill of Rights Ordinance is determined invalid and unenforceable.

## COUNT I: 42 U.S.C. § 1983

### Supremacy Clause Violation

26. PIOGA hereby incorporates Paragraphs 1 through 25 above as if fully set forth herein.

27. The allegations set forth in Paragraphs 31 through 36 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

28. The Community Bill of Rights Ordinance violates the Supremacy Clause of the United States Constitution and, therefore, is invalid and unenforceable.

## COUNT II: 42 U.S.C. § 1983

### Equal Protection Clause Violation

29. PIOGA hereby incorporates Paragraphs 1 through 28 above as if fully set forth herein.

30. The allegations set forth in Paragraphs 37 through 46 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

31. The Community Bill of Rights Ordinance, without any rational basis, treats corporations seeking to inject and/or store Oil and Gas Materials within Grant Township differently than similarly situated natural persons, in that the Ordinance applies only to corporations, such as several of PIOGA's members, and not to natural persons.

32. Accordingly, the Community Bill of Rights Ordinance denies PIOGA's corporate members rights guaranteed under the Equal Protection Clause of the United States Constitution and therefore violates the Equal Protection Clause of the United States Constitution.

## COUNT III: 42 U.S.C. § 1983

### First Amendment Violation

33. PIOGA hereby incorporates Paragraphs 1 through 32 above as if fully set forth herein.

34. The allegations set forth in Paragraphs 47 through 51 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

35. The Community Bill of Rights Ordinance is aimed at suppressing the rights of PIOGA's members to make a complaint to, or seek the assistance of, the government for the redress of grievances related to the Community Bill of Rights Ordinance.

36. Accordingly, the Community Bill of Rights Ordinance denies PIOGA's corporate members rights guaranteed under the First Amendment of the United States Constitution and therefore violates the First Amendment of the United States Constitution.

## COUNT IV: 42 U.S.C. § 1983

### Substantive Due Process Violation

37. PIOGA hereby incorporates Paragraphs 1 through 36 above as if fully set forth herein.

38. The allegations set forth in Paragraphs 52 through 56 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

39. In enacting the Community Bill of Rights Ordinance, Grant Township intended to deny corporations, such as several of PIOGA's members, of their legal and long-standing Constitutional rights, including, but not limited to, their rights under the Fifth and Fourteenth Amendments.

40. Accordingly, the Community Bill of Rights Ordinance violates the Fifth and Fourteenth Amendments by denying PIOGA's members substantive due process.

## COUNT V: 42 U.S.C. § 1983

### Procedural Due Process Violation

41. PIOGA hereby incorporates Paragraphs 1 through 40 above as if fully set forth herein.

42. The allegations set forth in Paragraphs 57 through 62 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

43. The Community Bill of Rights Ordinance provides for no process or procedure that could be utilized by PIOGA's members to challenge the provision of the Ordinance which purports to prohibit the underground injection and storage of Oil and Gas Materials.

44. Accordingly, the Community Bill of Rights Ordinance violates the Fifth and Fourteenth Amendments by denying PIOGA's members procedural due process.

## COUNT VI: 42 U.S.C. § 1983

### Contract Clause Violation

45. PIOGA hereby incorporates Paragraphs 1 through 44 above as if fully set forth herein.

46. The allegations set forth in Paragraphs 63 through 67 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

47. If PIOGA's members are not permitted to engage in storage activities within Grant Township, they will be unable to realize the benefits of the contracts (i.e., leases) they have with the owners of subsurface estates.

48. Accordingly, the Community Bill of Rights Ordinance violates the Contracts Clause of the United States Constitution.

## COUNT VII

### Unauthorized by and Contrary to the Pennsylvania Constitution

49. PIOGA hereby incorporates Paragraphs 1 through 48 above as if fully set forth herein.

50. Article 1 of the Pennsylvania Constitution declares the rights of individual citizens, not the rights of local government, and is silent on how local government is changed.

51. The most basic precepts of the governmental structure in the Commonwealth of Pennsylvania are that local governments are creatures of the Legislature, that the authority of the Legislature over their powers is supreme, and that municipal corporations have no inherent powers.

52. Article 1, Section 2 of the Pennsylvania Constitution does not recognize or protect the rights of local governments from encroachment by State government.

53. Article 1, Sections 2 and 25 of the Pennsylvania Constitution do not, individually or together, establish a right of local self-government or mean that local government is superior to Pennsylvania State government.

54. The Community Bill of Rights Ordinance deprives the Pennsylvania State government of its ability to fulfill its duties as a trustee under article 1, Section 27 of the Pennsylvania Constitution.

55. Accordingly, the Community Bill of Rights Ordinance violates the Pennsylvania Constitution because it is not authorized by and is contrary to article I, Sections 2, 25 and 27 of the Pennsylvania Constitution.

## COUNT VIII

**Impermissible Exercise of Police Power under the Second Class Township Code**

56. PIOGA hereby incorporates Paragraphs 1 through 55 above as if fully set forth herein.

57. The allegations set forth in Paragraphs 68 through 76 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

58. Accordingly, the Community Bill of Rights Ordinance is an impermissible exercise of police power under the Second Class Township Code.

## COUNT IX

### Preemption by the Second Class Township Code

59. PIOGA hereby incorporates Paragraphs 1 through 58 above as if fully set forth herein.

60. The allegations set forth in Paragraphs 77 through 82 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

61. Accordingly, the Community Bill of Rights Ordinance is preempted by the Second Class Township Code.

## COUNT X

### Preemption by the Pennsylvania Oil and Gas Act

62. PIOGA hereby incorporates Paragraphs 1 through 61 above as if fully set forth herein.

63. The allegations set forth in Paragraphs 83 through 92 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

64. Accordingly, the Community Bill of Rights Ordinance is preempted by Section 3302 of the Pennsylvania Oil and Gas Act.

## COUNT XI

### Community Bill of Rights Ordinance is Exclusionary

65. PIOGA hereby incorporates Paragraphs 1 through 64 above as if fully set forth herein.

66. The allegations set forth in Paragraphs 93 through 97 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

67. Accordingly, the Community Bill of Rights is invalid because it is exclusionary.

## COUNT XII

### Preemption by the Pennsylvania Limited Liability Company Law

68.    PIOGA hereby incorporates Paragraphs 1 through 67 above as if fully set forth herein.

69.    The allegations set forth in Paragraphs 98 through 102 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

70.    Accordingly, the Community Bill of Rights Ordinance is preempted by the Pennsylvania Limited Liability Company Law.

## COUNT XIII

### Pennsylvania Sunshine Act Violation

71.    PIOGA hereby incorporates Paragraphs 1 through 70 above as if fully set forth herein.

72.    The allegations set forth in Paragraphs 103 through 113 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

73.    Accordingly, the Board of Supervisors of Grant Township violated the Sunshine Act by voting to authorize an official action at a meeting that was not open to the public.

## COUNT XIV

### Declaratory Judgment; Unconstitutional and Unenforceable Ordinance

74.    PIOGA hereby incorporates Paragraphs 1 through 73 above as if fully set forth herein.

75.    The allegations set forth in Paragraphs 114 through 120 of PGE's Amended Complaint in this matter are incorporated by reference as if set forth at length herein.

76. As set forth above, the Community Bill of Rights Ordinance: (i) violates the constitutional rights of PIOGA's members under the United States Constitution Supremacy Clause, the Equal Protection Clause, the First and Fourteenth Amendments, and the Contract Clause; (ii) is not authorized by and is contrary to article I, Sections 2, 25 and 27 of the Pennsylvania Constitution; (iii) deprives PIOGA's members of substantive and procedural due process; and (iv) is unenforceable under and/or preempted by the Pennsylvania Second Class Township Code, the Pennsylvania Oil and Gas Act, the Pennsylvania Limited Liability Company Law, and Pennsylvania decisional law.

779. An actual controversy exists between PIOGA and Grant Township with respect to whether the Community Bill of Rights Ordinance is constitutional and enforceable.

78. Grant Township asserts that the Community Bill of Rights Ordinance is authorized by the United States and Pennsylvania constitutions, while PIOGA maintains that the Community Bill of Rights Ordinance unlawfully infringes on its members' constitutional and state law rights as set forth above.

79. A judicial declaration is necessary as to whether the Community Bill of Rights Ordinance: (i) violates the Supremacy Clause, the First and the Fourteenth Amendments, and the Contract Clause of the United States Constitution; (ii) violates article I, Sections 2, 25 and 27 of the Pennsylvania Constitution; (iii) deprives PIOGA of substantive and procedural due process; and (iv) is not authorized by, preempted by or is unenforceable under relevant Pennsylvania law.

WHEREFORE, Intervenor-Plaintiff PIOGA respectfully requests judgment in its favor and against Defendant Grant Township as follows:

a. Declaring that the Community Bill of Rights Ordinance is unconstitutional under the Supremacy Clause, the First and the Fourteenth Amendments, and the Contract Clause of the United States Constitution;

b. Declaring that the Community Bill of Rights Ordinance violates the Pennsylvania Constitution because it is not authorized by and is contrary to article I, Sections 2, 25 and 27 of the Pennsylvania Constitution;

c. Declaring that the Community Bill of Rights Ordinance violates PIOGA's substantive and due process rights;

d. Declaring that the Community Bill of Rights Ordinance is invalid and unenforceable, and its remedy provisions are preempted by, the Second Class Township Code, 53 P.S. §§ 65101 *et seq.*;

e. Declaring that the Community Bill of Rights Ordinance is preempted by the Pennsylvania Oil and Gas Act, 58 Pa.C.S. §§ 3201-3274;

f. Declaring that the Community Bill of Rights Ordinance is exclusionary and therefore unenforceable;

g. Declaring that the Community Bill of Rights Ordinance is preempted by the Pennsylvania Limited Liability Company Law, 15 Pa.C.S. §§ 8901 *et seq.*;

h. Declaring that the Agreement between Grant Township and the Community Environmental Legal Defense Fund is invalid, null, and void under the Pennsylvania Sunshine Act, 65 Pa.C.S. §§ 701, *et seq.*:

i. Permanently enjoining and restraining Grant Township from violating provisions of the Pennsylvania Sunshine Act, 65 Pa.C.S. §§ 701, *et seq.*:

j. Issuing an injunction prohibiting Grant Township from enforcing the Community Bill of Rights Ordinance;

k. Awarding PIOGA compensatory and consequential damages pursuant to 42 U.S.C. § 1983, including its legal rights taken as a result of the Community Bill of Rights Ordinance;

l. Awarding PIOGA all fees and costs incurred in this action, including all reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

m. Granting such other relief as this Court shall deem just and equitable under the circumstances.

Respectfully submitted,

Dated: _____ __, 2014

/s/ Kevin J. Moody
Kevin J. Moody, Esquire
General Counsel, PIOGA
212 Locust Street, Suite 300
Harrisburg, PA 17101-1510
(717) 234-8525
Fax: (717) 234-8812
kevin@pioga.org
PA 34367

NOTICE
Grant Township, Indiana County, Pennsylvania
Community Bill of Rights Ordinance

ESTABLISHING A COMMUNITY BILL OF RIGHTS FOR THE PEOPLE OF GRANT TOWNSHIP, INDIANA COUNTY, PENNSYLVANIA, WHICH PROHIBITS ACTIVITIES AND PROJECTS THAT WOULD VIOLATE THE BILL OF RIGHTS, AND WHICH PROVIDES FOR ENFORCEMENT OF THE **BILL OF RIGHTS**

Whereas, this community finds that the depositing of waste from oil and gas extraction is economically and environmentally unsustainable, in that it damages property values and the natural environment, and places the health of residents at risk, while failing to provide real benefits to the people of this community; and

Whereas, this community finds that the depositing of waste from oil and gas extraction violates the rights of Grant Township residents, including our right to make decisions about what happens to the places where we live; and

Whereas, private corporations engaged in the depositing of waste from oil and gas extraction are wrongly recognized by the federal and state government as having more "rights" than the people who live in our community, and thus, recognition of corporate "rights" is a denial of the rights of the people of Grant Township; and

Whereas, such denials violate the inherent right of people to local self-government; the guarantees of the Pennsylvania Constitution; and the guarantees of the Declaration of Independence and the United States Constitution; and

Whereas, the 1776 Pennsylvania Constitution recognized the inherent right of Pennsylvanians to local self-government by declaring that "all government ought to be instituted and supported for the security and protection of the community as such;" and

Whereas, that right to local self-government, now recognized and secured by Article 1, Section 2 of the current Pennsylvania Constitution, declares that "all power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety, and happiness;" and

Whereas, this ordinance establishes a Community Bill of Rights to further recognize the right to local self-government in Grant Township, and secures that right by prohibiting those activities that would violate this local bill of rights;

Therefore, We the People of Grant Township hereby adopt this Community Bill of Rights Ordinance.

Section 1 – Definitions
(a) "Corporations," for purposes of this Ordinance, shall include any corporation, limited partnership, limited liability partnership, business trust, public benefit corporation, business entity, or limited liability company organized under the laws of any state of the United States or under the laws of any country.

(b) "Depositing of waste from oil and gas extraction" shall include, but not be limited to the depositing, disposal, storage, beneficial use, treatment, recycling, injection, or introduction of materials including, but not limited to, brine, "produced water," "fract water," tailings, flowback or any other waste or by-product of oil and gas

extraction, by any means.  The phrase shall also include the issuance of, or application for, any permit that would purport to allow these activities.

(c) "Extraction" shall mean the digging or drilling of a well for the purposes of exploring for, developing or producing shale gas, oil, or other hydrocarbons.

Section 2 – Statements of Law – A Community Bill of Rights

(a) Right to Local Self-Government.  All residents of Grant Township possess the right to a form of governance where they live which recognizes that all power is inherent in the people and that all free governments founded on the people's consent.  Use of the municipal corporation "Grant Township" by the people for the making and enforcement of this law shall not be deemed, by any authority, to eliminate, limit, or reduce that sovereign right.

(b) Right to Clean Air, Water and Soil.  All residents of Grant Township, along with natural communities and eco-systems within the Township, possess the right to clean air, water, and soil, which shall include the right to be free from activities which may pose potential risks to clean air, water, and soil within the Township, including the depositing of waste from oil and gas extraction.

(c) Right to Scenic Preservation.  All residents of Grant Township possess a right to the scenic, historic and aesthetic values of the Township, including unspoiled vistas and a rural quality of life.  That right shall include the right of the residents of the Township to be free from activities which threaten scenic, historic, and aesthetic values, including the depositing of waste from oil and gas extraction.

(d) Rights of Natural Communities and Ecosystems.  Natural communities and ecosystems within Grant Township, including but not limited to, rivers, streams, and aquifers, possess the right to exist, flourish, and naturally evolve.

(e) Right to a Sustainable Energy Future.  All residents of Grant Township possess the right to a sustainable energy future, which includes, but is not limited to, the development, production, and use of energy from renewable and sustainable fuel sources, the right to establish local sustainable energy policies to further secure this right, and the right to be free from energy extraction, production, and use that may adversely impact the rights of human or natural communities.  That right shall include the right to be free from activities related to fossil fuel extraction and production, including the depositing of waste from oil and gas extraction.

(f) Right to Enforce.  All residents of Grant Township possess the right to enforce the rights and prohibitions secured by this Ordinance, which shall include the right of Township residents to intervene in any legal action involving rights and prohibitions of this Ordinance.

(g) Rights as Self-Executing.  All rights delineated and secured by this Ordinance are inherent, fundamental, and unalienable, and shall be self-executing and enforceable against both private and public actors.  The rights secured by this Ordinance shall only be enforceable against actions specifically prohibited by this Ordinance.

Section 3 – Statements of Law – Prohibitions Necessary to Secure the Bill of Rights

(a) It shall be unlawful within Grant Township for any corporation or government to engage in the depositing of waste from oil and gas extraction.

(b) No permit, license, privilege, charter, or other authority issued by any state or federal entity which would violate the prohibitions of this Ordinance or any rights secured by this Ordinance, the Pennsylvania Constitution, the United States Constitution, or other laws, shall be deemed valid within Grant Township.

Section 4 – Enforcement

(a) Any **corporation** or **government** that violates any provision of this Ordinance shall be guilty of an offense and, upon conviction thereof, shall be sentenced to pay the maximum fine allowable under State law for that violation.  Each day or portion thereof, and violation of each section of this Ordinance, shall count as a separate violation.

(b) Grant Township, or any resident of the Township, may enforce the rights and prohibitions of this Ordinance through an action brought in any court possessing jurisdiction over activities occurring within the Township, in such an action, the Township or the resident shall be entitled to recover all costs of litigation, expert and attorney's fees.

(c) Any action brought by either a resident of Grant Township or by the Township to enforce or defend the natural rights of ecosystems or natural communities secured by this Ordinance shall bring that action in the name of the ecosystem or natural communities secured by this Ordinance shall bring that action in the name of the ecosystem or natural community in a court possession jurisdiction over activities occurring within the Township.  Damages shall be measured by the cost of restoring the ecosystem or natural community to its state before the injury, and shall be paid to the Township to be used exclusively for the full and complete restoration of the ecosystem or natural community.

Section 5 – Enforcement – Corporate Powers

(a) Corporations that violate this Ordinance, or that seek to violate this Ordinance, shall not be deemed to be "persons," nor possess any other legal rights, privileges, powers, or protections which would interfere with the rights or prohibitions enumerated by

this Ordinance.  "Rights, privileges, powers, or protections" shall include the power to assert state or federal preemptive laws in an attempt to overturn this Ordinance, and the power to assert that the people of the municipality lack the authority to adopt this Ordinance.

(b) All laws adopted by the legislature of the State of Pennsylvania, and rules adopted by any State agency, shall be the law of Grant Township only to the extent that the do not violate the rights or prohibitions of this Ordinance.

Section 6 – Effective Date and Existing Permit Holders
    This Ordinance shall be effective immediately on the date of its enactment, at which point the Ordinance shall apply to any and all actions that would violate this Ordinance, regardless of the date of any applicable local, state, or federal permit.

Section 7 – People's Right to Self-Government
    Use of the courts or the Pennsylvania legislature in attempts to overturn the provisions of this Ordinance shall require community meetings focused on changes to local governance that would secure the right of the people to local self-government.

Section 8 – State and Federal Constitutional Changes
    Through the adoption of this Ordinance, the people of Grant Township call for amendment of the Pennsylvania Constitution and the federal Constitution to recognize a right to local self government free from and or nullification by corporate "rights."

Section 9 – Severability
    The provisions of this Ordinance are severable.  If any court decides that any section, clause, sentence, part, or provision of this Ordinance is illegal, invalid, or unconstitutional, such decision shall not affect, impair, or invalidate any of the remaining sections, parts, or provisions of the Ordinance.

Section 10 – Repealer
    All inconsistent provisions of prior Ordinances adopted by Grant Township are hereby repealed, but only to the extent necessary to remedy the inconsistency.