# UNITED STATES DISTRICT COURT
# THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No.: 1:14-cv-209<br>Magistrate Judge<br>Susan Paradise Baxter<br><br><br><br><br><br>**GRANT'S REPLY**<br>**TO PGE'S OPPOSITION**<br>**TO GRANT'S MOTION FOR**<br>**SUMMARY JUDGMENT**<br><br>*Electronically Filed* |
| Plaintiff, | | |
| PENNSYLVANIA INDEPENDENT OIL AND GAS ASSOCIATION, | | |
| Plaintiff-Intervenor, | | |
| v. | | |
| GRANT TOWNSHIP, | | |
| Defendant. | | |

**GRANT TOWNSHIP'S REPLY TO PENNSYLVANIA GENERAL ENERGY COMPANY L.L.C.'S OPPOSITION TO GRANT TOWNSHIP'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Grant Township, by its undersigned counsel, files this Reply to Plaintiff Pennsylvania General Energy Company L.L.C.'s ("PGE's") *Opposition to Grant Township's Motion for Summary Judgment on its Counterclaim* [ECF Doc. 183].

**INTRODUCTION**

PGE incorrectly asserts that Grant Township's legal theory – that the right of the people of Grant Township to local, community self-government defeats PGE's constitutional claims - is contrary to well-established law. Yet PGE has not cited any precedent or well-established law that rejects or invalidates Grant Township's legal theory.

Against PGE's absence of precedent, Grant Township cites a number of court decisions recognizing the right of local, community self-government. Grant Township asks the Court to follow these decisions by recognizing a constitutionally protected right of local, community self-government that allows communities to increase protections for their own health, safety and welfare. PGE does not cite to any precedential case authority rejecting a right of local, community self-government belonging to the people as articulated by Grant Township in this case.[1]

Grant Township explains that the people asserted, secured, and exercised their right to local, community self-government by passing an Ordinance to protect their air, water, and natural environment. The Court need not completely reject the corporate rights doctrine in deciding whether the people's right of local, community self-government is infringed by PGE's efforts to prevent the people from exercising their right of self-governance. Rather, the issue before the Court is what happens when corporate "rights" are leveraged to interfere with the people's exercise of their right of local, community self-government.

---

[1] Grant Township, of course, recognizes that courts have often limited local municipal power to matters of local concern. That line of cases, however, does not address the legal theory advanced by Grant Township in this case – that the people hold a right of local, community self-government that allows them to increase protections for their health, safety, and welfare, and that of their environment, at the local level.

The general concept of weighing one constitutional right against another is not new. What is new is asking the Court to expressly weigh the rights of the people against the rights of a corporation. In doing so, Grant Township asks the Court to reject PGE's efforts to use corporate constitutional legal doctrines to find a corporate "right" to inject toxic waste into the Township, and instead recognize that the people of Grant have lawfully asserted the right of local, community self-government to protect themselves from such activity.

PGE's insistence that the people's right to govern their local communities in a way that increases protections for themselves and the environment constitutes "anarchy" only illustrates how corporations have come to expect a legal system that favors their interests over the rights of natural persons and the environment.

## ARGUMENT

### I. The People of Grant Township Have the Right of Local, Community Self-Government.

#### A. Local, community self-government is a right of the people, not a power of municipal corporations.

PGE first attacks Grant Township's core argument by misconstruing it. PGE relies on case authority describing the limited power of municipalities to argue that Grant Township did not have the legal authority to pass the Ordinance. [PGE's *Brief in Opp*., ECF Doc. 184 at p. 4]. But Grant Township does not rely on the limited power of municipal corporations.

Grant Township is asserting a right of local, community self-government belonging to the natural persons of Grant Township and exercised collectively by them. PGE dismisses Grant Township's assertion of a right of local, community self-government by stating that Grant Township has not cited any case authority in support. To the contrary, 14 pages of Grant

3

Township's *Brief in Support of Grant's Motion for Summary Judgment* are dedicated to explaining the legal basis for its assertion of this right. [Grant Township's *SJ Brief* at pp. 6-20, ECF Doc. 157 at pp. 6-20].

The case authority cited by Grant Township augments the textual and historical basis for the right of local, community self-government articulated by Grant Township throughout this case. [Grant Township's *Brief in Support of its Motion for Judgment on the Pleadings* at pp. 8-30, ECF Doc. 53 at pp. 8-30]. PGE finds fault with the fact that the cases cited by Grant Township are not clear, binding precedent. But, as this is a case of first impression, Grant Township does not purport to rely on case authority in which the right of local, community self-government has been applied in the exact context presented here. Rather, Grant Township provides the Court with ample legal bases—constitutional, historical, and judicial—for recognizing the right of local, community self-government, and further asks that the Court recognize that PGE has infringed this right by enforcing its corporate constitutional "rights" to inject oil and gas wastes in the Township. The fact that the right of local self-government has rarely been enforced over the past half century has no bearing on its present day enforceability.

## B. PGE acknowledges that courts have recognized the local self-governance doctrine.

Grant Township cites cases in which the courts have recognized the right of local, community self-government. PGE agrees that courts have recognized the right of local, community self-government, but then unsuccessfully attempts to limit the import of these decisions.

Grant Township cites the Pennsylvania Supreme Court case of *Commonwealth v. McElwee*, 327 Pa. 148, 193 A. 628 (Pa. 1937) for the proposition that the Pennsylvania Supreme Court has recognized the right of local, community self-government. [Grant Township *SJ Brief*

4

at p. 9, ECF Doc. 157 at p. 9]. PGE points out that the *McElwee* Court did not recognize a federal constitutional right to local, community self-government. [PGE *Brief in Opp*. at p. 6, ECF Doc. 183 at p. 6]. Grant Township, however, does not cite the *McElwee* case for this proposition. Rather, Grant Township cites the *McElwee* case for its recognition of local "home rule" authority and its acceptance and endorsement of Cooley's theory of constitutional law. [Grant Township *SJ Brief* at p. 9, ECF Doc. 157 at p. 9.]

The local self-governance doctrine recognized by the *McElwee* Court is broader than a right of local self-governance limited to matters of purely local concern. Cooley recognized the right of local, community self-government as a right inuring to *people*, rather than a *power* possessed by municipal corporations. The Pennsylvania Supreme Court's endorsement of the Cooley Doctrine recognizes the same right of local, community self-governance as relied upon by Grant Township in this case.[2] In short, it was a recognition that the people are sovereign at all three levels of government in this country—federal, state, *and* local—which is far different from saying local governments merely have say over local governmental matters, but not over broader issues of health, safety, and welfare.

PGE acknowledges that in the other cases cited by Grant Township, such as *People v. Draper*, 15 N.Y. 532 (1857) and *People v. Hurlbut*, 24 Mich. 44 (Mich. 1871), the courts recognized a right of local, self-government belonging to the people. [PGE *Opposition* at pp. 8-9; ECF Doc. 183 at pp. 8-9]. PGE concedes, for instance, that "[*Hurlburt*] recognizes a principle of local self-government". [*Id*. at p. 9.]

---

[2] Grant Township's brief in support of summary judgment at pages 11-12 quotes Justice Cooley at length. [ECF Doc. 157 at pp. 11-12].

With respect to this case authority, PGE also recognizes that "the rights and limitations of local governments are derived from the respective state constitution." [*Id*.] PGE must also then recognize that where, as here, the Pennsylvania Constitution secures an inalienable right of local, community self-government to the people, then Grant Township, as a local government, has state constitutional authority to exercise that right on behalf of its people.

      C. **PGE fails to explain why its corporate constitutional rights should be allowed to violate the people of Grant Township's right of local, community self-government to protect their clean air, clean water, and natural environment.**

PGE fails to explain why the Court should allow it to assert corporate constitutional rights in violation of the people of Grant Township's right of local, community self-government. PGE instead assumes that it has an absolute right to inject oil and gas wastes into Grant Township. PGE also assumes that it has all "federal constitutional law" on its side.[3]

In an effort to bolster this assumption, PGE points out that "[t]he *Hurlbut* case does not stand for the proposition that local government can contravene federal constitutional law." [PGE *Opposition* at p. 9; ECF Doc. 183 at p. 9]. Grant Township does not cite *Hurlbut* for this proposition. Indeed, Grant Township agrees that none of the cases cited by it stand for the proposition that "local governments have the right to violate the United States Constitution or state law." [PGE *Opposition* at p. 9; ECF Doc. 183 at p. 9].[4]

---

[3] Although PGE does not specify what it means by "federal constitutional law," it appears to refer to the United States Supreme Court's recognition of corporate constitutional rights and resulting limitations on municipal power.

[4] Grant Township is not seeking to violate federal or state law. To the contrary, Grant Township asks the Court to recognize the people's right of local, self-government within a federal and state law framework. Just as state constitutions may increase civil rights, environmental and other protections, local communities also have the right to increase and expand rights-based protections. Federal and state law is a floor, not a ceiling. Local, community bills of rights are subject to similar restraints on state constitutions; they cannot decrease the rights of natural persons or the environment.

Grant Township submits that the right of local, community self-government is inherent, inalienable, and expressly constitutional. In prior filings in this case, Grant Township explained, very carefully, how the American Declaration of Independence articulated the right when it said that all free governments get their authority precisely from the consent of the governed. And how this principle of government is preserved in both the United States Constitution and the Pennsylvania State Constitution. [Grant Township *SJ Brief* at p. 6 n. 3, citing Grant Township's *Brief in Support of Grant's Motion for Judgment on the Pleadings*, ECF Doc. 53 at pp. 25-29; ECF Doc. 157 at p. 6 n.3]. PGE's Opposition brief completely ignores the authority relied upon by Grant Township, which recognizes an inalienable right of local, community self-government rooted in the federal constitution. [*See* Grant Township *SJ Brief* at p. 5 and p. 6 n. 3, citing Grant Township's *Brief in Support of Grant's Motion for Judgment on the Pleadings*, ECF Doc. 53 at pp. 25-29].

Grant Township asks the Court to recognize this right of local, community self-government, and then to weigh the people of Grant Township's exercise of this right against PGE's exercise of its corporate rights.[5] Put another way, once the Court recognizes the right of local, community self-government, it must resolve the conflict between the parties' competing rights.

Courts often balance competing constitutional rights and interests. *See, e.g.*, *Stenger v. Lehigh Valley Hosp. Ctr.*, 530 Pa. 426, 434, 609 A.2d 796, 800 (1992) ("We must bear in mind,

---

[5] In advancing this argument, Grant Township does not concede that PGE, as a company, should possess constitutional rights, but recognizes this as the current state of the law. In an effort to address the negative impacts of the corporate rights doctrine, the Ordinance stripped corporations of their constitutional rights as a penalty for violating it. The Court's October 14, 2015 Memorandum Opinion and Order invalidated this provision of the Ordinance.

however, that the right [to privacy] is not an unqualified one; it must be balanced against weighty competing private and state interests.").[6] Corporate rights are not absolute, and the court is well within its authority to qualify them, particularly when they are in violation of the rights of natural persons. Indeed, courts have also frequently found that corporations enjoy lessor constitutional protections than individuals. *See e.g., United States v. Morton Salt Co.*, 338 U.S. 632, 650-52 (1950) (stating that corporations enjoy lesser privacy protections than individuals); *United States v. White*, 322 U.S. 694, 698 (1944) (declining to extend the Fifth Amendment privilege against self-incrimination to corporations because it was held to be a purely personal right available only to natural persons); *Fleck & Assocs. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (declining to find a corporate right of privacy).

Grant Township submits that this conflict should be resolved in its favor, in favor of the people of Grant Township. The Court may make this determination without violating any binding precedent as there is none. PGE has not, and cannot, explain how corporate constitutional rights derived from judicial interpretation could trump the people's inalienable right to increase civil, political, and environmental rights and protections for their local communities.[7]

---

[6] In *Gannett Co. v. DePasquale*, 443 U.S. 368, 376 (1979), for instance, the lower court weighed the public's constitutional right of access to pretrial criminal proceedings against the defendants' constitutional right to a fair trial.

[7] Indeed, several respected jurists have questioned the validity of the corporate rights doctrine itself, even when not weighed directly against an inherent and fundamental right belonging to the people. *See Connecticut General Life Insurance Co. v. Johnson*, 303 U.S. 77, 85-90 (1938) (Black, J., dissenting) (declaring that "[n]either the history nor the language of the Fourteenth Amendment justifies the belief that corporations are included within its protection"); *Wheeling Steel Corp. v. Glander*, 337 U.S. 562, 576-581 (1949) (Douglas, J., and Black, J., dissenting) (declaring that "I can only conclude that the *Santa Clara* case was wrong and should be overruled"); *See also, Hale v. Henkel*, 201 U.S. 43, 78 (1906) (Harlan, J., concurring) (declaring that "in my opinion, a corporation—an artificial being, invisible, intangible, and existing only in

## II. Grant Township's Counterclaim is independently enforceable against PGE, and through 42 U.S.C. §1983.

Preliminarily, and perhaps most importantly, even if the Court were to conclude that PGE is not a "state actor", as argued by PGE, such a finding is not fatal to Grant Township's Counterclaim. The fundamental and inalienable right of local, community self-government is constitutionally protected, and therefore is not restricted in its reach by the Fourteenth Amendment's state actor requirement. It is, therefore, "assertable against private as well as governmental interference." *Griffin v. Breckenridge*, 403 U.S. 88, 105 (1971) (concluding that the "right of interstate travel is constitutionally protected, does not necessarily rest on the Fourteenth Amendment, and is assertable against private as well as governmental interference.").

Grant Township's Counterclaim also meets the essential elements for a Section 1983 claim. A Section 1983 claim requires the plaintiff to show the deprivation of a federal

---

contemplation of law—cannot claim the immunity given by the 4th Amendment; for it is not a part of the 'people' within the meaning of that Amendment. Nor is it embraced by the word "persons" in the Amendment"); *Bell v. Maryland*, 378 U.S. 226, 263 (1964) (Douglas, J., dissenting) (declaring that "[t]he revolutionary change effected by affirmance in these sit-in cases would be much more damaging to an open and free society than what the Court did when it gave the corporation the sword and shield of the Due Process and Equal Protection Clauses of the Fourteenth Amendment"); *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 822 (1978) (Rehnquist, J., dissenting) (declaring that "[t]his Court decided at an early date, with neither argument nor discussion, that a business corporation is a 'person' entitled to the protection of the Equal Protection Clause of the Fourteenth Amendment"); *Citizens United v. Federal Election Commission*, 558 U.S. 310, 466 (2010) (Stevens, J., concurring in part, dissenting in part) ("corporations have no consciences, no beliefs, no feelings, no thoughts, no desires. . . they are not themselves members of "We the People" by whom and for whom our Constitution was established. . . [today's decision] is thus a rejection of the common sense of the American people, who have recognized a need to prevent corporations from undermining self-government since the founding. . ."); *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751, 2802 (2014) (Ginsburg, J., dissenting) (the "exercise of religion is characteristic of natural persons, not artificial legal entities.").

constitutional right and that the alleged deprivation was committed by a person acting under color of state law. *See Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998).

As set forth above, the first requirement is satisfied because the people of Grant Township have been deprived of their inherent and federally-secured constitutional right of local, community self-government.

The second requirement is also satisfied. PGE's board of directors, using the corporation, acted under color of a State statute – the Pennsylvania Oil and Gas Act – in bringing this lawsuit in an effort to deprive the people of Grant Township of their inherent and federally-secured constitutional right of local, community self-government. PGE disregards the fact that this factual scenario satisfies the express language of Section 1983.

PGE also satisfies the nexus and joint action tests for state action. PGE does little to address Grant Township's arguments in this regard. As fully set forth in Grant Township's brief [ECF Doc. 157 at pp. 21-24], PGE satisfies these tests because of the inseparable connection between PGE's ability to deprive the people of Grant Township of their constitutional right of local, self-government, and the state's action in enabling such behavior. Contrary to PGE's assertion, Grant Township's position would not effectively label every corporation a state actor; only corporations chartered by the state and invoking state law to deprive persons of their constitutional rights.

## CONCLUSION

For the foregoing reasons, Grant Township respectfully requests that the Court grant its *Motion for Summary Judgment on its Counterclaim* [ECF Doc. 157].

Respectfully submitted this *__14th__* day of *__March__*, 2016.

*For Defendant Grant Township:*

**/s/ Thomas Alan Linzey**
Thomas Alan Linzey, Esq. (PA 76069)
Elizabeth M. Dunne, Esq. (HI 9171)
Community Environmental Legal Defense Fund
P.O. Box 360
Mercersburg, Pennsylvania 17236
(717) 498-0054 (v)
(717) 977-6823 (c)
tal@pa.net