NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3770
_____

PENNSYLVANIA GENERAL ENERGY COMPANY, LLC

v.

GRANT TOWNSHIP


*EAST RUN HELLBENDERS SOCIETY INC;
*LITTLE MAHONING WATERSHED,
Appellants

*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 1-14-cv-00209)
District Judge:  Honorable Susan Paradise Baxter

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2016

BEFORE:  AMBRO, NYGAARD, and VAN ANTWERPEN, *Circuit Judges**

(Filed: July 27, 2016)

_____

* The Honorable Franklin S. Van Antwerpen participated in the decision in this case.
Judge Van Antwerpen passed away on July 25, 2016 prior to the filing of the opinion.
This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third
Circuit I.O.P. Chapter 12.

_____

OPINION[*]

_____

NYGAARD, *Circuit Judge.*

This is an appeal from an order of the District Court denying Appellants' application to intervene in the underlying litigation.[1]  For reasons that follow, we will affirm.

I.

Because this opinion lacks precedential value, and since we write solely for the parties, we presume their familiarity with the facts and procedural history of this case. Therefore, we will only set forth background information sufficiently necessary to explicate our analysis.  Grant Township, Pennsylvania (Township), with the support of Appellants Little Mahoning Watershed and East Run Hellbenders Society, Inc. (Appellants),[2] enacted a "Community Bill of Rights ("CBR" or Ordinance) that, among

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have their case adjudicated by a United States Magistrate Judge.

[2] We will refer to the Appellants in the plural throughout this opinion, but we are, at best, *dubitante*, because we are not convinced that the Little Mahoning Watershed is a proper party under Fed. R. Civ. P. 17.  The CBR endows certain rights upon "natural communities and ecosystems" within the Township, including "rivers, streams and aquifers."  App. at 37.  The CBR states that these natural communities and ecosystems "possess the right to exist, flourish, and naturally evolve."  *Id.*  PGE argued to the District Court that a watershed (commonly defined as "a line of hills or mountains from which rivers drain; or a ridge between two rivers, *Watershed*, Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/watershed (last visited June 27, 2016)), is not a proper party to this lawsuit according to Fed.  R. Civ. P. 17(b).  The District Court

2

other things, prohibited Appellee Pennsylvania General Energy Company (PGE) from

conducting business associated with natural gas exploration in that locality.  PGE sued

the Township, the Township counterclaimed, and that litigation continues to this day in

the District Court.  Appellants sought to intervene in that dispute as party defendants as

of right or permissively, but the District Court denied their motion.  They have appealed,

and we will affirm the District Court's ruling.[3]

## II.

We have jurisdiction to review the denial of a motion to intervene pursuant to 28

U.S.C. § 1291.  *See United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1179 (3d Cir.

1994); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 525 (3d Cir. 2014)

(affirming the District Court's denial of a motion for permissive intervention and for

intervention as of right).  We review the denial of a motion to intervene pursuant to

Federal Rule of Civil Procedure 24 for abuse of discretion.  *Harris v. Pernsley*, 820 F.2d

592, 597 (3d Cir. 1987).  "We note, however, that our review of district court decisions

---

did not directly decide this question, concluding instead that the Township adequately
represented any interests the watershed may have, and we have no disagreement with that
approach.  App. at 11.  We do not see, however, how a watershed could be considered a
proper party under Rule 17.  Under that Rule, in order to be a party to a lawsuit, the
purported litigant must have the capacity to sue or be sued.  On this point, the rule speaks
only in terms of individuals, corporations and others permitted by state law to sue or be
sued.  *See* Fed. R. Civ. P. 17(b).  The plain language of Rule 17 does not permit an
ecosystem such as the Little Mahoning Watershed to sue anyone or be sued by anyone,
and for that reason alone we have misgivings with the Watershed being listed as a party
in this litigation.  But, because this particular issue was not pursued on appeal, and given
the nonprecedential nature of this opinion, we make no specific holding on the question.

[3] The Appellants have not challenged the District Court's ruling denying them permissive
intervention on appeal.

denying intervention of right is more stringent than the abuse of discretion review accorded to denials of motions for permissive intervention."  *Id*.  A district court's denial of a motion pursuant to Rule 24(a) may be reversed "if the [district] court 'has applied an improper legal standard or reached a decision that we are confident is incorrect.'"  *Id*. (quoting *United States v. Hooker Chems. & Plastics Corp*., 749 F.2d 968, 992 (2d Cir. 1984)).  We are, however, "more reluctant to intrude into the highly discretionary decision of whether to grant permissive intervention."  *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992).

### III.

We have interpreted Federal Rule of Civil Procedure 24(a) to provide that a non-party has a right to intervene in pending litigation if: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995) (internal quotation marks omitted).  The moving party—the Appellants in this appeal—bears the burden of establishing the right to intervene, and failure to satisfy any one of the four factors justifies denial of the request.  *See, e.g., id.; Alcan Aluminum, Inc.*, 25 F.3d at 1181 n. 9; *Harris*, 820 F.2d at 596.  The District Court determined that the Appellants failed to satisfy the fourth factor—the inadequacy of the Township's representation of their interests—and they challenge that determination on appeal.

4

A.

*The Presumption of Adequate Representation*

There are three ways an intervenor can demonstrate inadequate representation: "(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; and (3) that the representative party is not diligently prosecuting the suit." *Brody,* 957 F.2d at 1123. The Appellants have not alleged that PGE and the Township are colluding in any respect, and do not argue that the Township is failing to act diligently in defending the lawsuit or in prosecuting the Township's counterclaim. They only argue that their interests diverge from the Township's enough to merit their intervention.

Before we turn to the interests they claim are going unrepresented, the Appellants must show us that they can overcome a presumption that the Township's representation is adequate. Where, as here, "one party is a government entity charged by law with representing the interests of the applicant for intervention," we presume the government entity's representation to be adequate. *Virgin Islands*, 748 F.3d at 520 (internal quotation marks omitted). A potential intervenor can only overcome this presumption of adequacy by making a "compelling showing" to the contrary. *Id*. (quoting *Mountain Top Condo*, 72 F.3d at 369.

Appellants argue that the District Court erred by requiring them to make a compelling showing that the Township was not adequately representing their interests. Instead, they believe they should be permitted to rebut this presumption more easily,

5

based on our decision in *Kleissler v. United States Forest Service*, 157 F.3d 964, 972 (3d Cir. 1998).[4]  In *Kleissler*, we acknowledged the presumption that a government entity provides adequate representation "particularly when the concerns of the proposed intervenors, e.g., a 'public interest' group, closely parallel those of the public agency." *Id*. at 972.  We did note that where "an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden [of showing an inadequacy of representation] is comparatively light." *Id*.  Appellants seize on this language to argue that they need not make a compelling showing that the Township's representation is inadequate and, instead, that their burden in overcoming the presumption of adequacy is something much less demanding.  They misread *Kleissler*.  Intervention was proper in that case because of a conflict between the intervenor's direct economic interests and the government's shifting public policy interests.  *See Virgin Islands*, 748 F.3d at 521 (citing *Kleissler*, 157 F.3d at 974).  Here, the Appellants have failed to show any economic interest that is in

---

[4] The Appellants initially argue that the presumption of adequate representation does not apply to the Township because it was not "charged by law" with representing their interests under the CBR.  *See Delaware Valley Citizen's Council for Clean Air v. Comm. of Penna.*, 674 F.2d 970, 973 (3d Cir. 1982) (citing 7A C. Wright & A. Miller, Federal Practice and Procedures § 1909, at 528-29 (1972) ("A party charged by law with representing the interests of the absent party will usually be deemed adequate to represent the absentee.").  Appellant's argument is untenable in light of the language of the CBR.  As enacted by the Township, the ordinance contains a specific enforcement action (Section 4) that authorizes the Township to prosecute and/or defend the CBR in court proceedings. App. at 38.

conflict with the Township's policy objectives in enacting and enforcing the ordinance.[5]
The District Court, therefore, did not err by requiring the Appellants to compellingly
demonstrate the inadequacy of the Township's representation of their interests.

## B.

Nor was the District Court's conclusion that the Appellants had failed to
compelling demonstrate the inadequacy of the Township's representation an error
because the Appellants' interests are closely aligned—if not identical to—those of the
Township.  As we indicated previously, the Appellants have not alleged, much less
shown, that the Township has colluded with PGE or acted with disinterest or inattention
in defending PGE's lawsuit.  Nor do the Appellants claim the Township has been less
than conscientious in the prosecution of a counterclaim against the company.

Fatal to the Appellants' request for intervention is the substantial overlap between
their interests and those of the Township.  This overlapping of interests begins with the
parties' legal representation.  The proposed intervenors have the same legal counsel, from
the same environmental organization, as does the Township.  As another Court of

---

[5] In further support for their contention that the District Court erroneously required them
to submit to a more stringent standard of establishing inadequate representation, the
Appellants point to an unpublished decision of the United States District Court for the
District of New Jersey, *Shipyard Associates, L.P. v. City of Hoboken*, 2014 WL 6685467
(D. N. J., Nov. 26, 2014).  We are not persuaded.  Putting aside the fact that an
unpublished opinion of a court has no precedential authority, we do not find that opinion
persuasive.  In *Shipyard*, the interests of the proposed intervenors and the City of
Hoboken were actually in conflict, unlike here.  Further, the proposed intervenors in
*Shipyard* had submitted evidence that the Hoboken City Council was sharply divided and
may not continue to defend the ordinances at issue.  Here, the Appellants have failed to
submit any evidence demonstrating a possible change in position by the Township on the
CBR.

Appeals has explained, albeit in the context of Rule 19 joinder, any prejudice to Appellants "approaches the vanishing point when the remaining parties are represented by the same counsel . . ." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 134 (2d Cir. 2013) (internal quotation marks omitted).

Next, there is significant overlap between the Township's pleadings and those presumptively filed by the Appellants.  Indeed, the Township's answer, App. at 51-58, is practically identical to the proposed answer filed by the Appellants.  App. at 78-97.  As we held in *Virgin Islands*, this similarity severely undercuts the Appellants' argument that their interests diverge from those of the Township.  *See Virgin Islands*, 748 F.3d at 522.  We also note overlap resulting from Appellant Hellbenders' advocacy on behalf of the CBR.  Tellingly, Hellbenders urged the Township to adopt the CBR and have never opposed any measure by the Township to restrict PGE from operating injection wells in the Township.

The Appellants attempt to establish their different interests with conclusory, nonspecific claims of dissimilarity and divergence.  We are not persuaded.  For example, Appellants argue that the Township cannot adequately represent their interests because it has to balance "competing interests."  However, other than the budgetary constraints faced by any governmental body, the Appellants fail to articulate what competing interests the Township has to factor and how such action would detract from its representation of the Appellants' interest in the underlying lawsuit.  The Appellants also tell us that their "specific and unique" interests diverge from those of the Township, yet they neither articulate these interests nor explain how they differ in degree from those of

8

the Township. And, while they have argued that they have interests personal to them that differ from those of the Township, the Appellants have failed to state those interests. Instead, they point to a section of the CBR recognizing the general right of a community to "a form of governance where they live which recognizes that all power is inherent in the people." App. at 37. We see no personal individual right in this statement that is different from that being currently defended by the Township in the District Court.

Lastly, the Appellants argue that their interests diverge from the Township's because, at some unknown point in the future, its position in support of the CBR may change (they call this "conceivable future divergence"). Appellants' Br. at 30. They provide no evidence, however, in support of this argument, which renders it purely speculative. The Court of Appeals for the District of Columbia Circuit's decision *Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977), does not help their cause. There, two non-governmental entities sought to intervene so they could participate in settlement negotiations between the National Resources Defense Council and the Environmental Protection Agency (EPA), who were discussing the prospect of the EPA initiating rule-making proceedings for the regulation of certain pollutants. *Id*. at 908–09. *Costle* held that the intervenors sought to "participate in upcoming" settlement discussions and that they had interests that were not represented by the named parties. *Id*. at 908. Further, the court in *Costle* concluded that the proposed intervenors did not wish to undo or rewrite the parties' settlement agreement, but instead "sought to participate in its future administration, were it to be approved." *Id*. We do not read these conclusions as an endorsement of the practice of permitting intervention premised solely on some

possible change in position or policy in the future by a named party.  Here, as opposed to

*Costle*, the CBR has the same effect on the Township and the proposed intervenors.  As

PGE points out in their briefing, the CBR provides that "[a]ll residents of Grant

Township, along with natural communities and eco-systems within the Township,

possess the right to clean air, water, and soil, which shall include the right to be free from

activities which may pose potential risks to clean air, water, and soil within the

Township, including the depositing of waste from oil and gas extraction."  App. at 37.

The bottom line here is that the Appellants have failed to show, with specificity, just how

the Township's representation of their interests is inadequate.  Therefore, we see no

abuse of discretion in the District Court's refusal to let them intervene in the underlying

litigation.

## C.

In reviewing the language of the CBR, we identified two sections that could be

interpreted as providing the Appellants—indeed, any resident of Grant Township, for that

matter—with a right to intervene in litigation affecting the Township.  We asked the

parties for supplemental briefing on the relevancy of these sections to the question of

their intervention in the underlying lawsuit.  We will briefly discuss our conclusion that

these provisions are meaningless on the issue of Rule 24 intervention in any federal

forum.

Section 2(f) of the CBR provides as follows:  "All residents of Grant Township

possess the right to enforce the rights and prohibitions secured by this Ordinance, which

shall include the right of Township residents to intervene in any legal action involving

rights and prohibitions of this Ordinance." App. at 37. Similarly, Section 4(b) of the

CBR stipulates that "Grant Township, or any resident of the Township, may enforce the

rights and prohibitions of this Ordinance through an action brought in any court

possessing jurisdiction over activities occurring within the Township. In such an action,

the Township or the resident shall be entitled to recover all costs of litigation, including

without limitation, expert and attorney's fees." App. at 38. The Appellants maintain that

these provisions give them substantive legal rights to intervene as of right in the

underlying lawsuit. We do not agree and have specifically held that "Rule 24(a)(1)

provides that intervention of right exists when a statute of *the United States* confers an

unconditional right to intervene but the rule does not provide for intervention of right

when a state statute confers an unconditional right to intervene. Absent a federal statute

conferring an unconditional right to intervene, a party's right to intervention under Rule

24(a) is subject to the analysis determined by subsection (2)." *Harris*, 946 F.2d at 222

n.10 (emphasis in original); *see also United States v. Union Elec. Co.*, 64 F.3d 1152,

1160 n. 3 (8th Cir. 1995) (citing *Harris*). The CBR is a local ordinance, not a federal

statute. As such, it cannot provide the Appellants—or any other resident of Grant

Township—with a direct right to intervene in federal litigation. We agree with PGE then,

that these provisions of the CBR have no legal effect on the Appellant's rights to direct

intervention in federal court.

IV.

The Appellants' interests in the underlying litigation are nearly identical to those

of the Township. Further, the Appellants have not made a compelling showing that their

interests are not being adequately represented by the Township.  They therefore have not overcome the presumption of adequate representation by the Township, and we will affirm the District Court ruling denying their motion to intervene.