IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GENERAL ENERGY )
COMPANY, LLC, )
    Plaintiff )
     ) C.A.No. 14-209ERIE
vs. )
     )
GRANT TOWNSHIP, ) Magistrate Judge Baxter
    Defendant. )

## MEMORANDUM OPINION

### On PIOGA's Motion for Relief of Judgment

Magistrate Judge Susan Paradise Baxter

Presently pending before this Court is Intervenor Plaintiff Pennsylvania Independent Oil & Gas Association (PIOGA) motion requesting that this Court correct and/or amend the ruling [ECF No. 113] in which it concluded that Section 3302 of Pennsylvania Act 13 of 2012, 58 Pa. C. S. § 3302, cannot preempt any provision of the Community Bill of Rights Ordinance. PIOGA argues that this was a clerical mistake or a mistake arising from oversight or omission and cites two separate provisions of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 59(e), 60(a). Rules 59(e) and 60(a) perform different functions and so this Court will address the arguments separately. Lang v. Houser, 2012 WL 2135575, at *1 (E.D. Pa. June 13, 2012).

*Rule 60 (a)*

The Court finds no basis upon which to grant PIOGA's motion under Rule 60(a). Rule 60(a) permits a court to correct a "clerical mistake or a mistake arising from oversight or omissions whenever one is found in a judgment, order, or other part of the record." Days Inns

1

Worldwide, Inc. v. JPM, Inc., 2015 WL 5474882, at *3 (D.N.J. Sept. 15, 2015).  As the Third Circuit has explained, this rule is "limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'"  Pfizer Inc. v. Uprichard, 422 F.3d 124, 129–30 (3d Cir. 2005) quoting Mack Trucks, Inc. v. Int'l. Union, UAW, 856 F.2d 579, 594 n. 16 (3d Cir. 1988).  In other words, Rule 60(a) allows a court to "correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake."  American Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 145 (1958).

PIOGA claims a substantive, legal error in its motion which takes it out of the scope of Rule 60(a).  It is PIOGA's prerogative to argue with this Court's substantive decision, and the Intervenor Plaintiff does so in this motion, specifically objecting to the Court's interpretation of *Robinson Twp. v. Pennsylvania*, 96 A.3d 1104 (2014).  PIOGA's arguments in this regard have no place in a Rule 60(a) motion.  This Court's October 14, 2015 ruling lacks any clerical error which calls the actual decision into question.  Indeed, the Memorandum Opinion and Order this Court issued accurately reflected the Court's decision, which among other things, denied underlying Plaintiff PGE's motion for a judgment on the pleadings on the basis of preemption under § 3302.

*Rule 59(e)*

Rule 59(e) is "a device [ ] used to allege legal error."  United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).  "'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under [the Rule] … are granted sparingly."  Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) quoting Continental Cas. Co. v.

2

Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). This Rule may only be used to correct manifest errors of law or fact or to present newly discovered evidence. See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). To prevail under this rule, the moving party bears a heavy burden to demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, PIOGA's motion is based on the need to correct a clear error of law or fact. PIOGA's burden is especially heavy in this regard. "[A] mere disagreement with the court does not translate into a clear error of law." Mpala v. Smith, 2007 WL 136750, at *2 (M.D.Pa Jan. 16, 2007). Therefore, in order to be successful, PIOGA must show that "dispositive factual matters or controlling decisions of law were brought to the courts attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). But, under this rule, a party may not re-litigate issues the Court has already decided, nor should parties make additional arguments which should have been made prior to judgment. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that a motion for reconsideration based upon a new, alternate theory was "a classic attempt at a 'second bite at the apple' ").

PIOGA maintains this Court erred in concluding no preemption analysis was necessary because 55 Pa. C. S. § 3302, a provision of Pennsylvania's Oil & Gas Act, was "held to be unconstitutional by the Pennsylvania Commonwealth Court in *Robinson Township v. Commonwealth*, 96 A.2d 1104 (Pa. Cmmw. Ct. 2014) after the Pennsylvania Supreme Court held

3

55 Pa. C. S. § 3303 and 3304 unconstitutional in *Robinson Township, Washington County v. Commonwealth*, 83 A.3d 901 (Pa. 2013)." ECF No. 114 at 2. This conclusion was not an error.

In pertinent part, 58 Pa. C. S. § 3302 provides that

> "[n]o local ordinance adopted pursuant to the MPC or the Flood Plain Management Act shall contain provisions which impose conditions, requirements, or limitations on the same features of oil and gas operations regulated by Chapter 32 or that accomplish the same purposes as set forth in Chapter 32. The Commonwealth, by this section, preempts and supersedes the regulation of oil and gas operations as provided in this chapter."

Id.

Because the challenged Ordinance was not enacted pursuant to the MPC or the Flood Plain Management Act, it is only the last sentence of § 3302 that is relevant herein. And, it is that last sentence that the Commonwealth Court found unconstitutional after the Pennsylvania Supreme Court struck down § § 3303 and 3304, thereby specifically enjoining the application and enforcement of § 3302 insofar as that section related to those provisions. As the Commonwealth Court specifically noted, ". . . a more accurate description is that the final sentence of 58 Pa. C. S. § 3302 is necessarily declared *unconstitutional* . . ." 96 A.3d at 1120 (emphasis added). Moreover, this week the Pennsylvania Supreme Court issued an opinion on the appeal of that Commonwealth Court decision in which the majority eviscerated much of the remaining Oil and Gas Act and opining that the Commonwealth Court had previously struck down the last sentence of § 3302. See Robinson Township v. Commonwealth of Pennsylvania, ___ A.3d. ___, ___, Slip opinion at page 45 (September 28, 2016) ("Our Court's [previous] striking of § 3215(b) and (d) and § 3303 and § 3304, as well as the Commonwealth Court's striking of the last sentence of § 3302…"). The Supreme Court opinion specifically notes that the parties did not appeal the Commonwealth Court's action on § 3302.

4

Therefore, this Court's conclusion that it need not undertake a preemption analysis under the Oil and Gas Act cannot be considered clear legal error and, as such, the motion for a correction or amendment is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PENNSYLVANIA GENERAL ENERGY** )
**COMPANY, LLC,** )
    **Plaintiff** )
                                                )            **C.A.No. 14-209ERIE**
**vs.** )
                                                )
**GRANT TOWNSHIP,** )            **Magistrate Judge Baxter**
    **Defendant.** )

## O R D E R

AND NOW, this 30th day of September, 2016;

IT IS HEREBY ORDERED that Intervenor Plaintiff PIOGA's motion for Relief of Judgment through Correction and Amendment [ECF No. 134] is DENIED.

                                       /s/ Susan Paradise Baxter
                                       SUSAN PARADISE BAXTER
                                       United States Magistrate Judge