# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GENERAL ENERGY )
COMPANY, LLC, )
    Plaintiff )
) C.A.No. 14-209ERIE
vs. )
)
GRANT TOWNSHIP, ) Magistrate Judge Baxter
    Defendant. )

## MEMORANDUM OPINION

### On Grant Township's motion to dismiss PIOGA's Intervenor Complaint

Magistrate Judge Susan Paradise Baxter[1]

Presently pending before this Court is Defendant Grant Township's motion to dismiss PIOGA's Intervenor Complaint. ECF No. 180. Grant Township argues that PIOGA's Intervenor Complaint is moot on almost all counts and seeks the dismissal of PIOGA's Intervenor Complaint in its entirety. ECF No. 180, page 4. Plaintiff-Intervenor PIOGA has filed an Opposition thereto and in the same filing also moved for partial summary judgment[2]. ECF No.

---

[1] This civil action was originally assigned to District Judge Frederick J. Motz and was subsequently assigned to District Judge Arthur J. Schwab. Thereafter, this case was reassigned to the undersigned. In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] PIOGA's request for partial summary judgment, contained within a brief in opposition to a motion to dismiss, is not contemplated by or consistent with either the Local or Federal Rules of Civil Procedure. Accordingly, PIOGA's request for partial summary judgment is dismissed without prejudice.

1

192. Grant Township has filed a Reply brief. ECF No. 194.[3] Defendant's motion is fully briefed and is ripe for disposition by this Court.

**Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme

---

[3] Additionally pending before this Court are cross motions for summary judgment by PGE and Grant Township. ECF No. 154; ECF No. 157.

Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tacinda Corp. v. DaimlerChrysler AG, 197 F. Supp.2d 42, 53 (D.Del. 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The

3

question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

**Relevant Procedural History**

On August 8, 2014, Plaintiff Pennsylvania General Energy Company, LLC, ("PGE"), a private corporation, filed the instant action challenging the constitutionality, validity and enforceability of the Community Bill of Rights Ordinance (hereinafter, the "Community Bill of Rights Ordinance" or "Ordinance") adopted by Defendant Grant Township. The Ordinance prohibits any corporation or government from "engaging in the depositing of waste from oil and gas extraction" and invalidates any "permit, license, privilege, charter, or other authority issued by any state or federal entity which would violate [this prohibition] or any rights secured by [the Ordinance, the Pennsylvania Constitution, the United States Constitution, or other laws." ECF No. 5-1, § 3. Plaintiff sought relief against Defendant Grant Township on the grounds that the Ordinance purported to strip Plaintiff of its federal constitutional rights, and additionally, Plaintiff contended the Ordinance was in direct conflict with a number of Pennsylvania statutes and was therefore preempted.[4]

On October 24, 2014, the Pennsylvania Independent Oil & Gas Association (hereinafter, "PIOGA") filed a motion to intervene, along with a proposed intervenor complaint. ECF No. 97. PIOGA is a Pennsylvania nonprofit trade association representing individuals and corporations

---

[4] Defendant Grant Township filed a counterclaim alleging that by challenging the Ordinance, PGE violated the inalienable rights of the people of its Township to "local community self-government."

4

involved in the oil and gas industry in the Commonwealth, with at least five member oil and gas well operators in Grant Township affected by the terms of the Community Bill of Rights Ordinance.

PIOGA's proposed intervenor complaint mirrors PGE's amended complaint in almost all regards and incorporates by reference specific portions of PGE's amended complaint. Initially, PIOGA raises several federal constitutional challenges based on the: Supremacy Clause (Count I); the Equal Protection Clause (Count II); the First Amendment (Count III); both substantive and procedural due process under the Fifth and Fourteenth Amendments (Count IV and Count V); and the Contracts Clause (Count VI). ECF No. 177.

Next, PIOGA, like PGE, raises numerous claims based on state law. PIOGA alleges that the Community Bill of Rights Ordinance is an impermissible exercise of police power under Second Class Township Code. Id. at Count VIII. Further, PIOGA alleges that the Community Bill of Rights Ordinance is preempted by: the Second Class Township Code (Count IX); § 3302 of the Pennsylvania Oil and Gas Act (Count X); and Pennsylvania's Limited Liability Company Law (Count XII). PIOGA also claims that the Community Bill of Rights Ordinance is exclusionary and therefore invalid under state law. Id. at Count XI. PIOGA raises a claim under Pennsylvania's Sunshine Act, 65 Pa.C.S. § 713, based on action taken by the Board of Supervisors of Grant Township on August 28, 2014. Id. at Count XIII.

Notably, unlike PGE, PIOGA alleges that the Community Bill of Rights Ordinance violates several provisions of the Pennsylvania Constitution. Id. at Count VII. Finally, PIOGA seeks declaratory judgment based on the unconstitutionality and unenforceability of the Ordinance. Id. at Count XIV.

Following the filing of the motion to intervene in October 2014, District Judge Frederick J. Motz, District Judge Arthur J. Schwab, and the undersigned permitted PIOGA to participate in all subsequent proceedings.

On October 14, 2015, this Court granted Plaintiff PGE's motion for judgment on the pleadings thereby invalidating six provisions of the challenged Ordinance[5] and denied a motion to dismiss based on lack of standing. At the same time, this Court granted the motion to intervene by PIOGA. ECF Nos. 113 - 116. In granting PIOGA's motion to intervene, this Court directed PIOGA to file an Intervenor Complaint in accordance with the Court's opinions and orders. ECF No. 115. On October 26, 2015, PIOGA filed an Intervenor Complaint [ECF No. 121] which was materially different from its proposed intervenor complaint. Defendant Grant Township filed a motion to strike PIOGA's pleading, and after briefing by all parties, the motion was granted. ECF No. 173. Instead, this Court directed the Clerk of Court to file the proposed intervenor complaint which had been attached to the motion to intervene. Id. The operative Intervenor Complaint is docketed at ECF No. 177 and was filed by the Clerk on February 5, 2016. By the time the Intervenor Complaint was filed by the Clerk, portions of the Community Bill of Rights Ordinance had been invalidated on state grounds by this Court.[6]

---

[5] This Court held that Sections 3(a) and (b), 4(b) and (c), and 5(a) and (b) of the Community Bill of Rights Ordinance were invalid as they were preempted by various state laws. Grant Township was enjoined from enforcing these sections of the ordinance. ECF No. 114. This Court held that: § § 3(a) and (b) were enacted without legal authority in violation of the Second Class Township Code and were exclusionary in violation of Pennsylvania law; § § 4(b)( and (c) were enacted without legislative authority in violation of the Second Class Township Code; § 5(a) was preempted by the Limited Liability Companies Law; and § § 5(a) and (b) were preempted by the Second Class Township Code. Id.

[6] Additionally, on November 3, 2015, the people of Grant Township repealed the Community Bill of Rights Ordinance by adopting a new Home Rule Charter. ECF No. 180-2.

This Court recognizes that resolution of this case has been long delayed, due in part to the multiple longtime vacancies on the federal bench in this district and the resulting reassignment of this case, no less than three times. In the interests of fairness to the parties, therefore, this Court will construe PIOGA's Intervenor Complaint as it if were filed on October 24, 2014, the date of the filing of the motion to intervene, rather than on February 5, 2016, the date of actual filing by the Clerk. There is no prejudice to Defendant Grant Township in this regard as Grant Township has had notice of PIOGA's interests in this litigation from the date upon which the motion to intervene was filed.

**Defendant Grant Township's Motion to dismiss PIOGA's Intervenor Complaint**

Defendant Grant Township moves to dismiss the majority of the Counts of PIOGA's Intervenor Complaint based upon mootness. Defendant argues that PIOGA's claims are moot because: 1) they challenge an Ordinance that has been repealed and invalidated, and 2) some of the legal claims are based on Grant Township's prior limited authority as a Second Class Township under Pennsylvania law. Neither of these arguments is on point in that this Court construes the filing date of PIOGA's Intervenor Complaint as of October 24, 2014, a date upon which the Ordinance had not yet had been declared invalid and on which Grant Township was organized pursuant to Pennsylvania's Second Class Township Code.

In opposition to the motion to dismiss, PIOGA argues that its claims are not moot:

> As this matter continues based upon the enactment of the Ordinance, PIOGA is entitled to have its constitutional claims against the enactment of the Ordinance heard and adjudicated for at least two reasons: (i) the claims are the same with respect to the Ordinance and Home Rule Charter because both are based upon the same claimed people's right to local self-government that is superior to state and federal laws; and (ii) the claims provide this Court with the opportunity to address the core issue presented by the nationwide 'right to superior local self-government' movement behind the political events in Grant Township, as well as

7

> to make clear and definitive rulings that will help stop the waste of valuable public and judicial resources mistakenly devoted to this legally incorrect manner of establishing the constitutional right to superior local self-government a majority (as of the last election) of the people of Grant are asserting in this lawsuit…"

ECF No. 192, pages 2-3.

These arguments lack merit. First, the Home Rule Charter is not before this Court. If a litigant wishes to challenge the provisions of Grant Township's Home Rule Charter, it must do so through a separate lawsuit. Second, this Court has neither the resources nor the jurisdiction to issue an advisory opinion "to help stop the waste of valuable public and judicial resources" as to the local self-government movement.

That being said, this Court must undertake an analysis of mootness of PIOGA's Intervenor Complaint based on the change of circumstances since its original drafting. Mootness and standing are intertwined, yet are "two distinct justiciability doctrines that limit [the federal court's] jurisdiction to cases and controversies in which a plaintiff has a concrete stake. Standing ensures that each plaintiff has '[t]he requisite personal interest … at the commencement of the litigation,' while mootness ensures that the interest 'continue[s] throughout' the duration of the case." Freedom from Religion Foundation, Inc. v. New Kensington Arnold School District, ___ F.3d ___, ___, 2016 WL 4191499, at *4 (3d Cir. Aug.9, 2016) quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997).[7]

---

[7] Like standing, mootness raises both constitutional and prudential concerns: "Under Article III [of the U.S. Constitution], it is a basic principle … that a justiciable case or controversy remain extant at all stage of review … Prudentially, a court may decline to exercise discretion to grant declaratory and injunctive relief if a controversy is 'so attenuated' that considerations of prudence and comity counsel withholding relief." Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection, ___ F.3d ___, ___, 2016 WL 4174045, at *6 (3d Cir. Aug.8, 2016).

"The central question in a mootness analysis is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection, ___ F.3d ___, ___, 2016 WL 4174045, at *6 (3d Cir. Aug.8, 2016) (internal citation omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." Decker v. Northwest Environmental Defense Center, ___ U.S. ___, ___, 133 S.Ct. 1326 (2016) quoting Knox v. Service Employees Int'l, 567 U.S. ___, ___, 132 S.Ct. 2277, 2287 (2012).

As the Third Circuit recently explained:

> "Mootness 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit.' Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993). … '[A] court will not dismiss a case as moot, even if the nature of the injury changes during the lawsuit, if secondary or collateral injuries survive after resolution of the primary injury.' Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 384 (3d Cir. 2001); Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) ('[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.')."

Freedom from Religion, 2016 WL 4191499, at *4.

So then, as a practical matter, this Court must carefully examine the relief requested in PIOGA's Intervenor Complaint to determine if any relief remains available to PIOGA. In its Intervenor Complaint, PIOGA seeks relief against Grant Township in the following ways:

a) A declaration that the Community Bill of Rights Ordinance is unconstitutional under the Supremacy Clause of the First and the Fourteenth Amendment, and the Contract Clause of the United States Constitution;

b) A declaration that the Community Bill of Rights Ordinance violates the Pennsylvania Constitution because it is not authorized by and is contrary to article I, Sections 2, 25 and 27 of the Pennsylvania Constitution;

c) A declaration that the Community Bill of Rights Ordinance violates PIOGA's substantive and due process rights;

9

d) A declaration that the Community Bill of Rights Ordinance is invalid and unenforceable, and its remedy provisions are preempted by, the Second Class Township Code, 53 P.S. § 65101 et seq;

e) A declaration that the Community Bill of Rights Ordinance is preempted by the Pennsylvania Oil and Gas Act, 58 Pa.C.S. § § 3201-3274;

f) A declaration that the Community Bill of Rights Ordinance is exclusionary and therefore unenforceable;

g) A declaration that the Community Bill of Rights Ordinance is preempted by the Pennsylvania Limited Liability Company Law, 15 Pa.C.S. § 8901;

h) A declaration that the Agreement between Grant Township and the Community Environmental Legal Defense Fund is invalid, null, and void under the Pennsylvania Sunshine Act, 65 Pa. C.S. § 701, et seq;

i) A permanent injunction enjoining and restraining Grant Township from violating provisions of the Pennsylvania Sunshine Act, 65 Pa.C.S. § 701, et seq.;

j) An injunction prohibiting Grant Township from enforcing the Community Bill of Rights Ordinance;

k) The award of compensatory and consequential damages pursuant to 42 U.S.C. §1983, based on the infringement of its legal rights taken as a result of the Community Bill of Rights Ordinance;

l) The award of all fees and costs incurred in this action, including all reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

m) such other relief as this Court shall deem just and equitable under the circumstances.

ECF No. 177.

By virtue of this Court's prior ruling invalidating the six provisions of the Ordinance on state law grounds, PIOGA has achieved some of the declaratory and injunctive relief it sought in its Intervenor Complaint (specifically at subsections (d), (f), (g), and (j)). However, PIOGA's remaining requests for relief (including the nominal damages available for the alleged

infringement of constitutional rights[8], as well as any declaratory or injunctive relief that may be available under state law) remain viable despite this Court's prior rulings and the repeal of the Community Bill of Rights Ordinance.  PIOGA may therefore pursue the remainder of the relief it seeks. See Freedom from Religion, 2016 WL 4191499, at *7 (implying that a request for nominal damages alone suffices to create standing to seek backward-looking relief). Accordingly, PIOGA's remaining requests for relief are not moot and the motion to dismiss will be denied.

      An appropriate Order follows.

---

[8] Actual damages are not an essential element of a § 1983 claim. See Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) Furthermore, the Third Circuit has held that "it is not necessary to allege nominal damages." Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000) quoting Basista v. Weir, 340 F.2d 74, 87 (3d Cir. 1965).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, LLC,<br>    Plaintiff | )<br>)<br>) |
| | )     C.A.No. 14-209ERIE |
| vs. | ) |
| | ) |
| GRANT TOWNSHIP,<br>    Defendant. | )     Magistrate Judge Baxter<br>) |

## **O R D E R**

AND NOW, this 30th day of September, 2016:

IT IS HEREBY ORDERED that Defendant Grant Township's motion to dismiss [ECF No. 180] is DENIED.

IT IS FURTHER ORDERED that Intervenor Plaintiff PIOGA's request for summary judgment is dismissed without prejudice.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge
