IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, LLC,<br>    Plaintiff<br><br>vs.<br><br>GRANT TOWNSHIP,<br>    Defendant. | )<br>)<br>)<br>) C.A.No. 14-209ERIE<br>)<br>)<br>) Magistrate Judge Baxter<br>) |

**MEMORANDUM OPINION**
On Motion to Dismiss

Presently before the Court is a motion filed by intervenor-plaintiff PIOGA, requesting dismissal of a counterclaim filed by defendant Grant Township pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Standard of Review**

Fed.R.Civ.P. 12(b)(6) permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a party's claim must allege facts that "'raise a right to relief above the speculative level.'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint, or in this case, a counterclaim, must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting Twombly, 550 U.S. at 570). A court identifies first those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 556 U.S. at 679. Then, a court assesses the

1

remaining "'nub' of the plaintiff['s] claim—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether the claim states a plausible claim for relief. Id.

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

2

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**Failure to State a § 1983 Claim**

The Township asserts in its counterclaim, by way of 42 U.S.C. § 1983, that PIOGA, the Pennsylvania Independent Oil and Gas Association, violated its purported constitutional right to local community self-government, as set out in the Township's Community Bill of Rights Ordinance. To state a § 1983 claim, a claimant must plead that the other party acted "under the color of state law." Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment." Rendell-Baker v. Kohn, 457 U.S. 830, 838, (1982). Whether PIOGA acted as a state actor or under color of state law "is a threshold issue; there is no liability under § 1983 for those not acting under color of state law." Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

To determine whether PIOGA, a private entity, acted under color of state law, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). The analysis of this question depends on "the peculiar facts or circumstances present." Burton v. Wilmington Parking Auth. 365 U.S. 715, 861-862 (1961).

The Township's counterclaim fails because its factual allegations against PIOGA are not sufficient to establish that PIOGA is a state actor. The allegations of state action are as follows:

> 46. PIOGA, as a private actor, may be held liable for violating the people of Grant Township's unalienable right of local, community self-government.
>
> 47. Alternatively, PIOGA, as a state actor, may be held liable for violating the people of Grant Township's right of local, community self-government. Alternatively, PIOGA, as a state actor, may be held liable for violating the people of Grant Township's right of local, community self-government.
>
> 48. PIOGA, through its board of directors, when it acts to violate the right of the people of Grant Township to local, community self-government, is acting "under color of state law" within the meaning of 42 U.S.C. §1983.
>
> 49. PIOGA, through its board of directors, is acting under color of a State statute –the Pennsylvania Oil and Gas Act – to deprive the people of Grant Township of their fundamental constitutional rights as secured by federal, state, and local law.
>
> 50. PIOGA, through its board of directors, is "acting under color of state law" because it seeks to assert governmentally-bestowed corporate "rights" against the people of Grant Township to nullify the people's exercise of their right of local, community self-government.
>
> 51. PIOGA is also acting under color of state law because it is a corporation chartered by the state and seeks to assert powers given to it by government to nullify the people's exercise of their right of local, community self-government.

ECF No. 232.

None of these allegations are sufficient to transform PIOGA into a state actor. First, despite the bald assertions of ¶47, private entities, like PIOGA, are not state actors, and therefore, they cannot be held liable under § 1983. The Township makes no factual allegations in its counterclaim that PIOGA is anything other than a private entity and simply labeling it as one does not make it so. What allegations the Township does make do not cloak PIOGA with the

mantle of a state actor. For example, the Township asserts that by acting through its board of directors, PIOGA becomes a state actor. This argument is baseless. The Township does not allege what specific actions by PIOGA's board transformed it into a state actor, nor does the Township make any allegations that PIOGA's board is, in reality, an arm of the state. Nominally private entities have been treated as state actors when they are controlled by an "agency of the State", Pennsylvania v. Bd. of Directors of City Trusts of Phila., 353 U.S. 230, 231 (1957) (per curiam), when they have been delegated a public function by the State, cf., e.g., West v. Atkins, 487 U.S. 42, 56 (1988); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 627–628 (1991), when they are "entwined with governmental policies," or when government is "entwined in [their] management or control." Evans v. Newton, 382 U.S. 296, 299 (1966). The Township makes no factual allegation that would put PIOGA into any of these categories.

     Second, the Township alleges that PIOGA is a state actor because it performed some unnamed action under the Pennsylvania Oil and Gas Act. Although no specific statutory reference is cited, the Court assumes the Township means the Pennsylvania Oil and Gas Act, 58 Pa.C.S. §§ 3201-3274. Again, Grant Township's allegation lacks any factual specifics as to how PIOGA performed under the state act, and even if it had done so, private actions that are purported to have been taken in accordance with a state statute, preclude a finding of state action, even when said statute may have been improperly invoked. Lugar v. Edmundson Oil Co., 457 U.S. 922, 940–41 ("private misuse of a state statute does not describe conduct that can be attributed to the State"). And, the Supreme Court has instructed that "[a]ction by a private party pursuant to [a] statute, without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.' " Id. at 938–39 (discussing Flagg Brothers Inc. v. Brooks, 436 U.S. 149 (1978) (emphasis omitted)). So then, if alleged misconduct arises from a violation of a state

5

statute or scheme that is a valid, improper or unlawful invocation/utilization of that statute is not enough to make the private party a state actor. Benn v. Universal Health System, Inc., 371 F.3d 165, 172 (3d Cir.2004) (a private party's invocation of a statute without grounds to do so cannot "be attributed to a state rule or decision."). This principle extends to private parties that defectively or deficiently perform a prerequisite duty or obligation mandated by or under a state statute or scheme. Id. Given this, there is no basis to designate PIOGA a state actor simply because they allegedly committed some action pursuant to the Pennsylvania Oil and Gas Act.

The Township's last two theories of state action also miss the mark. PIOGA is not acting under color of state law because it has somehow exercised some unnamed and undefined "governmentally-bestowed corporate 'rights.'" The Township does not point to what 'governmentally-bestowed' rights PIOGA has exercised nor does it allege exactly how these rights were used detrimentally against the citizens of Grant Township. Such vague assertions do not create state action.[1] Nor does the allegation that PIOGA was chartered by the Commonwealth of Pennsylvania. See Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173, 189 (3d Cir. 2000) (mere fact of incorporation does not transform the entity into a state actor); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168 (3d Cir. 1978) (the fact that construction companies were protected and regulated as "legal entities" of the State was insufficient to bring the conduct of these companies within the purview of § 1983, even if these companies received a

---

[1] To the extent that Grant Township maintains that PIOGA's actions pursuant to the Pennsylvania Oil and Gas Act are state action because they are based on some state regulation, that argument fails as well. It is well settled that a private corporation is not a state actor simply because it is subject to state regulation. Blum v. Yaretsky, 457 U.S. 991, 1004, 1011 (1982) ("[The] mere fact that a business is subject to state regulation does not by itself convert its action into that of the State"); Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974); Rendell-Baker, 457 U.S. at 841 (finding that state regulation, no matter how extensive, does not make an organization's actions state actions); Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173 (3d Cir. 2000) (regulation and licensing of casino activities did not transform casinos into state actors for purposes of § 1983).

portion of their income from projects financed, in whole or in part, by state governmental agencies).

Grant Township has failed to allege facts sufficient to state a § 1983 claim against PIOGA. Therefore, the Court will dismiss the counterclaim.

An appropriate Order follows.