IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GENERAL ENERGY         )
COMPANY, LLC,                       )
          Plaintiff              )
                       )
          v.                      )   CIVIL ACTION NO. 14-209 ERIE
                       )
GRANT TOWNSHIP,                     )
          Defendant              )

### STATUS CONFERENCE

      Proceedings held before the HONORABLE

SUSAN PARADISE BAXTER, U.S. Magistrate Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, March 1, 2018.

- - -

Ronald J. Bench - Official Court Reporter

2

1 | APPEARANCES:

2 |          KEVIN J. GARBER, Esquire, (via Phone),
         appearing on behalf of the Plaintiff,
3 |          Pennsylvania General Energy Company.

4 |          JAMES V. CORBELLI, Esquire, (via Phone),
         appearing on behalf of the Plaintiff,
5 |          Pennsylvania General Energy Company.

6 |          LISA C. McMANUS, Esquire, (via Phone),
         appearing on behalf of the Plaintiff,
7 |          Pennsylvania General Energy Company.

8 |          KEVIN J. MOODY, Esquire, (via Phone),
         appearing on behalf of the Intervenor
9 |          Plaintiff, Pennsylvania Independent Oil
         and Gas Association.
10 |

11 |          ELIZABETH M. DUNNE, Esquire, (via Phone),
         appearing on behalf of the Defendant,
12 |          Grant Township.

13 |          THOMAS A. LINZEY, Esquire, (via Phone),
         appearing on behalf of the Defendant,
14 |          Grant Township.

15 |          KAREN HOFFMANN, Esquire, (via Phone),
         appearing on behalf of the Defendant,
16 |          Grant Township.

17 |          BETHANN R. LLOYD, Esquire, (via Phone),
         appearing on behalf of Movants Elizabeth Dunne
18 |          and Thomas Linzey.

19 |

20 |                    - - -

21 |

22 |

23 |

24 |

25 |

1                    P R O C E E D I N G S

2

3              (Whereupon, the proceedings began at 11:00 a.m.,

4    on Thursday, March 1, 2018, in Judge's Chambers.)

5

6              LAW CLERK:  Good morning, this is Cynthia Sander in

7    Judge Baxter's chambers.

8              MR. CORBELLI:  Good morning, Cynthia.

9              LAW CLERK:  Who do we have on the line?

10             MR. CORBELLI:  This is Jim Corbelli and Kevin Garber

11   is with me as well.  I can name everybody, Cynthia, if that's

12   the easiest.

13             LAW CLERK:  Sure.

14             MR. CORBELLI:  Thomas Linzey, Bethann Lloyd,

15   Elizabeth Dunne, Lisa McManus and Kevin Moody, that's it.

16             LAW CLERK:  Let me run through the names real quick.

17   Corbelli, Garber, Lloyd, Dunne, Linzey, McManus, Moody and

18   Hoffmann, is that right?

19             MR. CORBELLI:  That's right, Cynthia.

20             LAW CLERK:  Thank you.

21             MR. CORBELLI:  Someone else just joined in, who

22   joined the call?

23             MS. HOFFMANN:  This is Karen Hoffmann.

24             LAW CLERK:  Okay.  So, again, I'm just going to run

25   through these names real quick so we make sure the court

4

1   reporter has got everybody.  Corbelli, Garber, Linzey, Lloyd,

2   Dunne, McManus, Moody and Hoffmann, is that right?

3              MR. CORBELLI:  That's correct, Cynthia.

4              LAW CLERK:  Thank you.  I'll get the judge and then

5   we'll get started.

6              THE COURT:  Good morning, everyone.

7              ALL COUNSEL:  Good morning, your Honor.

8              THE COURT:  This is Civil Action 14-209 Erie,

9   Pennsylvania General Energy Company, LLC, versus Grant

10  Township.  In my chambers I have the court reporter and my

11  staff attorney, Cynthia Sander, Esquire.  On the line we have

12  attorneys Corbelli, Garber, Linzey, Lloyd, Dunne, McManus,

13  Moody and Hoffmann; is that correct?

14             MR. CORBELLI:  Yes, your Honor.

15             THE COURT:  All right.  I called this because of,

16  obviously, the joint motion and attached order, which does many

17  things.  It stays some things, it puts things in final order,

18  it vacates a trial.  For the most part I was very happy with

19  the collaboration that produced it.  But I cannot sign the

20  order as is, and so I thought we would go through some of it

21  and talk it over.  And go through my problems with it and see

22  if we can't get them resolved, all right.

23             MR. CORBELLI:  Very good.

24             THE COURT:  First of all, since I'm going in order,

25  I'm looking at the order, the proposed order and I'll go in

1  order.  I was wondering rather than have the either/or in

2  paragraph 1, may I just ask PGE, are you planning on filing a

3  motion for attorney's fees?

4           MR. CORBELLI:  Yes, we are, your Honor.

5           THE COURT:  Okay, we will change that to reflect

6  that.  Let's go to paragraph No. 6.  This is my problem with

7  No. 6.  And I guess I'm speaking to PIOGA at this point,

8  so I guess Mr. Moody --

9           MR. MOODY:  Yes, your Honor.

10          THE COURT:  You're up.  I will not sign an order

11  with those two counts remaining.  I will, however, if you don't

12  withdraw those two counts or withdraw your motion for summary

13  judgment and, therefore, I would ask Grant Township to withdraw

14  the cross-motion.  I will allow briefing on how those two

15  counts, and any injunctive or declaratory relief as a case or

16  controversy.  I do not believe I have jurisdiction to decide

17  those two counts, I believe that they're moot.  Okay.  We can

18  talk about it now, you can argue about it some now.  You may

19  wish to talk to your client.  I don't know how you want to do

20  it, but I do not believe there's a case or controversy.

21  I believe I've decided the petition clause.  That which you

22  complain of has already been replaced and held to be

23  unconstitutional.  There's no injunctive relief to be had --

24  you see my problem?

25          MR. MOODY:  Yes, your Honor.

1          THE COURT:  It's asking for an advisory opinion that

2   I don't have jurisdiction to make.  That's my view on it, I'm

3   willing to listen to your arguments, but that's my view.

4   Go ahead.

5          MR. MOODY:  Well, I'm not prepared to argue that

6   now, I would reserve -- make legal arguments in a filing.

7          THE COURT:  All right.  And you also would have to

8   talk to your client to see if they wish to go down that road.

9   All right.

10          MR. MOODY:  Yes.

11          THE COURT:  Now, let's talk about the cross-motion.

12   Would that be you, Mr. Linzey?

13          MR. LINZEY:  That will be Ms. Dunne this morning.

14          THE COURT:  So, Ms. Dunne, I guess my point would

15   be, you'd have to do the same thing and you'd have to determine

16   whether the cross-motions, if I successfully talk Mr. Moody and

17   his client into withdrawing those and joining them in paragraph

18   7, whether or not you would be willing to talk to your client

19   about continuing on with the cross-motion?

20          MS. DUNNE:  Yes, your Honor, we would be --

21          THE COURT:  Because the cross-motion is somewhat

22   defensive in nature, as I recall?

23          MS. DUNNE:  That's correct, yes.  So that would be

24   fine with us.

25          THE COURT:  All right.  I also have to say that I

1   read it, Mr. Moody, I want you to keep this in mind.

2   The decision on permissive joinder was very close with you

3   guys.  And it was permissive joinder, it wasn't joinder as a

4   right, is my recollection.  So I also looked upon it as -- what

5   were the things that were separate that made the difference

6   that allowed you to intervene.  And are those reflected, beyond

7   my having jurisdiction to decide it, are those reflected in the

8   two counts that you wish to continue on.  All right.  So think

9   about that as well.  So it's not only the jurisdictional thing,

10  if we get passed that, do I revoke permissive joinder, okay.

11             MR. MOODY:  Yes.

12             THE COURT:  And my powers to do that as well.

13             Before I get to the last item on my agenda, well,

14  let me just say I think we need to set up another call where I

15  can get an answer as to what you're going to do.  Or I could

16  say to Mr. Moody and Ms. Dunne, until next Friday I'll give

17  you, whatever that is, eight days.  I'll give you until next

18  Friday to determine how you're going to proceed on those,

19  whether or not you're going to file briefing that addresses my

20  concerns or whether you're going to withdraw those

21  cross-motions, okay.

22             MR. MOODY:  Yes, your Honor.

23             THE COURT:  You can do it by notice.  So let's do it

24  that way rather than making Ms. Dunne wake up early.  Okay.

25             Now, those are my only problems with the order, I'm

1    very happy with all that you've decided.

2            Now, I'm going to an uncomfortable but necessary

3    discussion.  It's an unfortunate thing because I actually do

4    believe very much in a right to petition and the right to

5    complain.  And I don't stand above that at all.

6            But, unfortunately, the U.S. Marshals have gotten

7    involved because it is their charge to protect me and there

8    have been some threats made by slow mail, some by voice

9    messages left on my phone.  And even though it's his right to

10    request it and he will receive my financial disclosures forms

11    for the years requested, that would be Mr. Orzetti from CACHE,

12    the request also prompted a U.S. Marshal intervention, to make

13    sure there was nothing security wise that would go out when

14    those are released.  Because of my sanctions decision, all of

15    these things ensued.  The Facebook and Twitter posts on CELDF

16    or re-tweets by CELDF have included, oh I don't know,

17    borderline threatening comments, the stuff that triggers the

18    U.S. Marshal review.  At the very least has charged that I am

19    bought by corporate America, probably the gas and oil industry

20    in particular, maybe PGE in particular.

21            That puts me in a position, that in particular, puts

22    me in a position of being concerned that I should continue on

23    the case.  And also prompts me to ask whether or not I'm going

24    to be brought to the Third Circuit Judicial Misconduct Board on

25    those charges.

1          I can tell you that the financial disclosure forms
2   will in fact show that for two years prior to this case being
3   filed, my financial planner had some investment in Houston Gas
4   and Oil.  But when I took this case, I divested, at a great
5   loss, those holdings.  And now only in mutual funds so as not
6   to have that problem again.  So if that is going to be what you
7   do, you have every right to do that, if that's what you
8   believe, I will have to recuse.

9          Now, because you have all consented to a magistrate
10  judge's jurisdiction, if I recuse and I choose to do that, or
11  if such a petition is brought to the Misconduct Board, I will
12  have to recuse, it will go to a magistrate judge either in
13  Johnstown or in Pittsburgh because of the consent.  So I want
14  you all to discuss those things.  And when we're off the phone
15  today and let me know, I would just say by phone call to
16  chambers, whether or not you are going to seek my recusal or if
17  you are going to take me to the Judicial Misconduct Board for
18  being I guess bought and paid for by corporate America, then I
19  will recuse.  And I just wanted you to know that it will go to
20  a magistrate judge in this district, that's how it works.

21          So that's all on the record, I didn't go off the
22  record.  Whether or not I feel threatened, the U.S. Marshal
23  things trigger their intervention and I just thought I would
24  tell you that.  All right.  If there's nothing else from any
25  other party -- anything from PGE?

1              MR. CORBELLI:  No, your Honor.

2              THE COURT:  Anything from defendants?

3              MR. MOODY:  No, your Honor.

4              MS. DUNNE:  No, your Honor.

5              THE COURT:  We're adjourned, thank you all.

6

7              (Whereupon, at 11:15 a.m., the proceedings were

8    concluded.)

9

10                              -  -  -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

11

<u>C E R T I F I C A T E</u>

I, Ronald J. Bench, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____
Ronald J. Bench