UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C.<br><br>　　　　　　Plaintiff,<br>vs.<br><br>GRANT TOWNSHIP,<br><br>　　　　　　Defendant. | Case No. 1:14-cv-209<br><br>Magistrate Judge Susan Paradise Baxter<br><br>*Electronically Filed* |

## DECLARATION OF JOHN H. QUIGLEY

I, John H. Quigley, being an adult over the age of 21 years, and competent to make this unsworn Declaration, do hereby make the statements below, which are true and correct to the best of my knowledge and belief, subject to the penalties for unsworn declarations pursuant to Pennsylvania law:

1. My name is John H. Quigley, and I served as the Acting Secretary of the Pennsylvania Department of Environmental Protection ("DEP") from January 2015 until June 2015, and following my confirmation by the Senate of Pennsylvania, as Secretary of DEP from June 2015 until May 2016.

2. As the Acting Secretary/Secretary, I was responsible for overseeing the agency and had final authority over decisions to issue or revoke permits related to oil and gas activities.

3. I am familiar with Pennsylvania General Energy Company, LLC ("PGE") and its request to convert the Marjorie C. Yanity #1025 gas well, located in Grant Township, to an injection/disposal well for frack wastewater.

4. On October 22, 2014, the DEP issued a modification to PGE's Well Permit to allow it to inject and dispose of frack wastewater.

5. In January 2015, the DEP asked PGE to surrender its permit.

6. Because PGE declined to surrender its permit, on March 12, 2015, the DEP revoked it.

7. DEP staff was reviewing the permit prior to its revocation.

8. The DEP asked PGE to surrender its permit because it was considering the effect of a water quality regulation on PGE's permit.

9. PGE was not operating the well as an injection well in January 2015, or at any time prior to March 12, 2015.

10. Because PGE was not operating the well as an injection well, the DEP did not have an urgent need to officially revoke the permit.

11. The DEP had no indication that PGE would attempt to start injecting waste in the well, or that it would have been able to do so, in March 2015 or earlier.

12. Had PGE attempted to start injecting waste in the well prior to March 12, 2015, DEP would have immediately revoked the permit, and requested that PGE cease operations, pending completion of the review described in number 8 above.

I sign this Declaration subject to the penalties for unsworn verifications pursuant to Pennsylvania law.

Dated: April 17, 2018

_____
John H. Quigley

2