IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNSYLVANIA GENERAL ENERGY COMPANY, LLC,** | ) | C.A.No. 1:14-cv-209 |
| Plaintiff | ) | |
| | ) | |
| | ) | **Re: Motion for Attorney's Fees** |
| vs. | ) | **ECF No. 320** |
| | ) | |
| | ) | |
| **GRANT TOWNSHIP,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter[1]

Pending before this Court is PGE's motion for attorney's fees and costs. ECF No. 320. In support of its motion, PGE submitted detailed billing records for over $600,000, but to avoid bankrupting Grant Township, PGE expressed a willingness to accept $102,979.18[2]. In opposition to the motion for fees, Grant Township argues: (1) PGE is not a prevailing party; (2) any award of fees would be unreasonable; (3) any award of fees would be unjust; and (4) the specific amount of fees requested is unreasonable. ECF No. 328.

---

[1] This civil action was originally assigned to District Judge Frederick J. Motz and then assigned to District Judge Arthur J. Schwab for settlement purposes. Later, in accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to the full jurisdiction of a Magistrate Judge and this case was then assigned to the undersigned. On September 14, 2018, the undersigned was elevated to the position of United States District Judge and this case remained assigned to her.

[2] This number includes $100,00.00 in attorney's fees and $2,979.18 in costs and online research fees.

1

**Relevant Procedural History**[3]

Plaintiff PGE, a corporation, filed this suit challenging the constitutionality, validity, and enforceability of the Community Bill of Rights Ordinance ("Ordinance") adopted by Grant Township. Plaintiff sought relief to enforce its federal constitutional rights through § 1983.[4] Plaintiff also alleged that the Ordinance was preempted by Pennsylvania state statutes. ECF No. 5. As relief, PGE sought injunctive relief and declaratory judgment, as well as compensatory and consequential damages. Grant Township filed a counterclaim against PGE for violation of the rights of the people of the Township to "local community self-government" as secured by the American Declaration of Independence, the Pennsylvania Constitution, the federal constitutional framework, and the Ordinance itself. ECF No. 10.

Cross-motions for judgment on the pleadings were resolved as to certain of the parties' claims by the partial granting of PGE's motion. The Court declared six operative provisions of the challenged Ordinance invalid, as each was preempted by state law, and the Township was enjoined from enforcing each of these six provisions. Grant Township's motion seeking judgment on its counterclaim was denied. ECF No. 172.

Next, motions for summary judgment were filed. PGE sought summary judgment on its federal constitutional claims and in its favor on Grant Township's counterclaim. Grant Township moved for summary judgment, again asserting that PGE violated the rights of the people of Grant Township to "local community self-government."

Grant Township's motion was denied and PGE's motion for summary judgment

---

[3] Because the Court writes for the parties who are well-acquainted with the protracted and complex nature of this case, only the procedural history relevant to resolving the present motion is related here.

[4] In Citizens United v. Federal Election Comm'n, 558 U.S. 310, 342 (2010), the Supreme Court announced that First Amendment protections extended to corporations.

was granted in part and denied in part. Important to the discussion here, summary judgment was entered in favor of PGE on Grant Township's counterclaim, as well as its own challenges under the Equal Protection Clause, the Petition Clause, and the substantive component of the Due Process Clause. Summary judgment was denied on PGE's procedural due process and Contract Clause challenges because of PGE's failure to submit sufficient evidence to support summary judgment, and the Supremacy Clause claim was dismissed because that Clause is not privately enforceable. ECF No. 241.

Before trial commenced, PGE and Grant Township settled[5] and filed a Joint Stipulation agreeing that PGE would dismiss with prejudice its procedural due process claim, the Contract Clause claim, and the Pennsylvania Sunshine Act claim, as well as its request for compensatory and consequential damages, in exchange for accepting $1.00 from Grant Township on the constitutional claims on which the Court had previously entered summary judgment in PGE's favor. ECF No. 319.

**Analysis**

*Prevailing party*

42 U.S.C. § 1988 provides for the award of a "reasonable attorney's fee as part of the costs" to the prevailing party in a § 1983 action. 42 U.S.C. § 1988(b). Despite Grant Township's arguments to the contrary,[6] PGE is the prevailing party in this litigation.

---

[5] Trial on damages on the Equal Protection, Petition Clause and substantive due process challenges and trial on liability on the other constitutional claims were both avoided by the settlement.

[6] Grant Township posits that because PGE is a corporation and because § 1988 was intended to advance the civil rights movement, PGE should not be considered a prevailing party under § 1988. Grant Township has cited no legal authority in support of its position in either regard. The

3

A party prevails within the meaning of § 1988 "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Lefemine v. Wideman, 568 U.S. 1, 4-5 (2012) quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). The prevailing party inquiry does not turn on the award of monetary damages. See id. citing Rhodes v. Stewart, 488 U.S. 1, 4 (1988) ("…we have repeatedly held that an injunction or declaratory judgment … will usually satisfy" the prevailing party inquiry).

PGE prevailed on several state law claims at the motion for judgment on the pleadings stage where it achieved injunctive and declaratory relief on those claims.[7] Grant Township was enjoined from enforcing several of the meatiest provisions of its Ordinance. Later, PGE prevailed on several of its federal constitutional claims at the summary judgment stage. In contrast, Grant Township did not prevail on its counterclaim against PGE. There can be no doubt that PGE is the prevailing party here.

*No presumption against award of fees*

Next, Grant Township argues that, even if PGE is technically a prevailing party, any award of fees would be unreasonable. According to Grant Township, a presumption arises under

---

plain language of the statute and the Supreme Court's recognition of a corporation's ability to enforce its constitutional rights means that § 1988 applies here.

[7] Attorney's fees may be recovered under § 1988 on pendent state law claims so long as they arose from a common nucleus of operative fact with federal claims. See Rogers Group, Inc. v. City of Fayetteville, Arkansas, 683 F.3d 903, 913 (8th Cir. 2012). See also Jama v. Esmor Corr. Services, Inc., 577 F.3d 167, 177, n.9&10 (3d Cir. 2009) ("[T]he language of 1988(b) seems to be sufficiently broad to endorse the inclusion of state claims in the consideration of overall success."). Most of the pendant state law claims raised by PGE shared a common nucleus of operative facts with the federal claims as most of the claims were a direct challenge to the Ordinance.

Farrar v. Hobby, 506 U.S. 103 (1992), and its progeny when "nominal damages" are awarded that precludes any award of fees. Not only is this a misreading of Farrar, but more to the point, this argument is based on the false premise that "nominal damages" were awarded by the Court here. **They were not**.[8] This case is thus unlike the cases where nominal damages were awarded by a jury. Here, it was the settlement language between the parties, which resulted in PGE accepting $1.00 in return for other terms in the settlement agreement, not any award by this Court or a jury.[9]

*Special Circumstances*

Grant Township claims that any award of fees would be unjust. The prevailing party should recover an attorney's fee "unless special circumstances would render such an award unjust." Lefemine, 568 U.S. at 4-5.

Grant Township's arguments in this regard lack merit: The limited financial means of Grant Township do not constitute special circumstances nor is any fee award automatically contrary to public policy here. Grant Township appeals to the sympathy of the Court regarding

---

[8] This Court is not bound by the term "nominal damages" used in the Joint Stipulation Order as descriptive of the settlement amount.

[9] Therefore, the cases cited by Grant Township in support of their presumption argument are inapposite here. See Jama, 577 F.3d at 169 (remanded for a determination of whether a RFRA claim on which **jury awarded nominal damages** and pendant state negligence claims on which jury awarded $100,000.00 involved common core of facts or were based on related legal theories); Velius v. Township of Hamilton, 466 Fed.App'x 133, 140-41 (3d Cir. 2012) (in a case in which **jury awarded only nominal damages** on a Fourth Amendment claim, Third Circuit held "we read Farrar to grant district courts substantial discretion to decide whether no fee or some fee would be reasonable, as long as they acknowledge that a nominal damages award is presumptively a technical victory that does not merit an award of attorney's fees."); Carroll v. Clifford Township, 625 Fed.App'x 43 (3d Cir. 2015) (upholding a district court's denial of attorney's fees in case in which **jury awarded the plaintiff nominal damages alone** on a freedom of association claim).

5

the dire financial circumstances that would be brought about by the award of any amount of attorney's fees; nonetheless, "the losing party's financial ability to pay is not a 'special circumstance'" under § 1988. Inmates of Allegheny County v. Pierce, 716 F.2d 177, 180 (3d Cir. 1983). Moreover, Grant Township should have to bear some of the responsibility here as it was on notice that the Ordinance was constitutionally suspect and likely preempted before it was passed. Even after the Ordinance was adjudged preempted by state law, Grant Township sought to make an end run around that judicial determination by amending its form of government and adopting the pre-empted and constitutionally deficient provisions in the form of a Home Rule Charter.

Grant Township also argues that PGE's litigation strategy prolonged the proceedings. As this Court has already determined, complex and protracted litigation such as this "creates enormous expense to parties and taxes limited judicial resources." ECF No. 290, page 20. That said, it is not PGE's litigation strategy that has prolonged this case, but Grant Township's. In awarding sanctions to PGE under 28 U.S.C. § 1927, this Court found "[t]he continued pursuit of frivolous claims and defenses, despite Linzeys' first-hand knowledge of their insufficiency and the refusal to retract each upon reasonable requests, substantially and inappropriately prolonged this litigation, and required the Court and PGE to expend significant time and resources eliminating these baseless claims." Id. at page 24.

*Reasonableness of request for fees*

Finally, Grant Township argues that the specific amount of $100,000.00 in attorney's fees requested by PGE is unreasonable. PGE argues to the contrary.

The party seeking fees bears the burden of proving "that its requested hourly rates and the hours it claims are reasonable." Arneault v. O'Toole, 2016 WL 7029620, at * 3 (W.D. Pa. 2016) quoting Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir.2005). To satisfy this burden, the party seeking fees is first required to submit evidence supporting the hours worked and the rates claimed. Id. If it seeks to challenge the fees sought, "the opposing party must then object 'with sufficient specificity' to the request." Id.

When awarding attorney's fees and costs under § 1988, courts within the Third Circuit use the "lodestar" method. See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir.2001). The first step in using the lodestar method is to calculate "the product of the hours reasonably expended and the applicable hourly rate for the legal services." Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir.1995) citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours[10], but once the lodestar is determined, it is presumed to be the reasonable fee, even though the court has discretion to adjust the fee for a variety of reasons. Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001).

PGE has supplied information sufficient to recover all the fees billed for this litigation but only seeks a fraction of those fees in a good-faith effort to reduce the financial hardship on the Township. PGE has submitted Affidavits, detailed invoices, and summaries of each Babst Calland attorney's work. The time entries for each billing attorney for each day of billed work

---

[10] See Arneault, 2016 WL 7029620, at *7 ("The Supreme Court expressly recognized in Fox [v. Vice, 563 U.S. 826 (2011)] that, while a fee applicant must submit appropriate documentation to meet his burden of establishing entitlement to an award, 'trial courts need not, and indeed should not, become green-eyeshade accountants.' 563 U.S. at 838. Rather, 'the essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.' Id. to that end, 'trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allowing an attorney's time.'").

7

show how much time was spent and why that time was spent. ECF No. 322; ECF No. 323; ECF No. 324.

The records show that attorneys billed PGE for 1738.70 hours. This number comes as no surprise to this Court. This case has a protracted and convoluted procedural history including assignment to three judges, a proposed assignment to a Special Master, an early motion for preliminary injunction with associated discovery disputes, and two motions for intervention. Each of the many filings was inordinately lengthy and some were byzantine. The calculation of this number of hours is reasonable.

In fact, this Court finds that the number of hours billed is reasonable both for what is included, but even more so for what is not included. The most striking example is the work of Lisa Manus, Vice President and General Counsel for PGE, who spent over one thousand hours drafting filings; yet, none of her time is included in the request for fees. ECF No. 322, Manus Affidavit at ¶ 16. The billing records do not include any time spent primarily attributable to supporting or opposing the two motions for intervention, both of which were significant. Finally, not included is time spent by any attorney who billed fewer than ten hours and nothing is included for legal services in which Babst Calland waived or reduced its fees.

Grant Township also challenges two entries as "potentially improper *ex parte* communications" with the Court:

- "review option of behind the scenes discussion with Judge Schwab" on February 26, 2015; and

- "telephone call to Judge Baxter's clerk to provide information re: DEP's[11] position" on July 31, 2015.

---

[11] The DEP is not a party to this case.

ECF No. 322-3, page 67 and ECF No. 322-5, page 28 (February 26th entry); ECF No. 322-3, page 90 and ECF No. 322-5, page 7 (July 31st entry).

It is necessary for the Court to address this charge against it. Neither of these challenged entries raises an issue of improper *ex parte* communication. The first entry does not indicate that any attorney called Judge Schwab, only that the option of doing so was reviewed. Even if the entry means an attorney contacted Judge Schwab, such a communication would not have been improper as Judge Schwab was never the presiding judge on this matter. The second challenged entry is also not improper as the Chambers Policies and Practices of the undersigned allow attorneys to discuss procedural matters with law clerks, which was the issue here.

PGE was invoiced for 1738.70 hours at an average hourly rate of $355.00.[12] PGE's suggestion that fees be awarded in the amount of $100,000.00 is infinitely reasonable. By doing so, PGE is basically agreeing to an average hourly rate of approximately $57.51.

**Costs**

PGE's fee petition includes a request for costs of $2,979.18. Grant Township has expressed no objections to the request. These costs are not unreasonable and will therefore be awarded.

**Grant Township's Request for Hearing**

Grant Township requested a hearing on the motion for attorney's fees, which will be denied as moot. This Court generally does not find oral argument useful in the resolution of

---

[12] Six attorneys from the firm of Babst Calland billed PGE for work here. Each attorney billed at a different hourly rate (that rose throughout the long pendency of this matter) and for a different number of hours. To arrive at the average hourly rate of $355.00, this Court divided the total fee invoiced by the total number of hours invoiced (from the chart found at ECF No. 321, page 35).

9

motions where briefing has already occurred. In unusual situations where argument would be helpful to the Court's resolution of complex matters, oral argument may be permitted. This Court believes that oral argument here would not significantly assist its understanding or resolution of PGE's request for fees and costs. Nothing about the request presented issues of unusual complexity, and argument in this matter would have increased litigation costs without providing any appreciable assistance to the Court.

In addition, the Court found no basis for an evidentiary hearing. Grant Township's only justification for requesting an evidentiary hearing is that, to the extent that Court finds that there are any issues of disputed fact, … the proper procedure is for the Court to hold an evidentiary hearing." ECF No. 332, at 1-2. Notably, Grant Township did not identify any specific issues of disputed fact that would require resolution through evidentiary hearing, and this Court found none.

**Conclusion**

PGE is awarded attorney's fees in the amount of $100,000.00 and costs of $2,979.18. An appropriate order follows.